# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **IMPERIUM IP HOLDINGS (CAYMAN), LTD.,** | |
| **Plaintiff,** | |
| v. | Case No. 4:14-cv-00371 (RC)(ALM) |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA),** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S
## MOTION FOR TRACK B CASE MANAGEMENT ASSIGNMENT

September 3, 2014

Alan M. Fisch
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500
Email: Alan.Fisch@fischllp.com

*Attorney for Plaintiff Imperium IP Holdings (Cayman), Ltd.*

This is the second case Imperium has brought to enforce its patent rights.  Imperium sued Apple, LG, Kyocera, Motorola Mobility, Nokia, Research in Motion, and Sony in the first case (Imperium I) over their infringing sales of consumer goods such as mobile phones, cameras, computers, and tablets. [1]  Imperium is suing Samsung in this case (Imperium II) for its infringing sales of the same types of consumer goods.  Both Imperium I and II involve the same patent portfolio, with one patent, U.S. Patent 6,271,884, asserted in both cases. [2]  All defendants in Imperium I settled before trial, but only after the Court issued its claims construction decision and ruled on certain key discovery issues.

Imperium II fits the mold for—and would greatly benefit from—a Track B scheduling plan.[3]  The Court has considerable knowledge of the allegations and types of issues that Imperium II will present as a result of Imperium I.  The Court is already acquainted with the plaintiff, infringement theories, patented technology, and accused products.  The Court's resolution of the discovery disputes in Imperium I also provides a useful window into the discovery disputes that may befall Imperium II.  Specifically, in Imperium I, the defendants refused to disclose infringement and damages information regarding a wide swath of infringing products until after Imperium obtained incriminating information on such products from a third-party and obtained relief from the Court.[4]  Earlier disclosures here under Track B would help to avoid a repeat of this situation.  Finally, Imperium II involves only one defendant, whereas

---

[1] *See, Imperium (IP) Holdings, Inc. v. Apple Inc., et al.*, Case No. 4:11-cv-00163 (RC)(ALM).

[2] This Court held a claim construction hearing in the Imperium I case, and issued an order construing disputed terms in all five patents, including the '884 patent.  *See* Report and Recommendation of United States Magistrate Judge, Dkt. No. 209 in Imperium I; Memorandum Adopting Report and Recommendation of United States Magistrate Judge on Claim Construction, Dkt. No. 401 in Imperium I.

[3] *See* General Order 14-3.

[4] *See*, Order Granting Plaintiff IIPH's Motion for Leave to Amend Its Patent Rule 3-1 Disclosures, Dkt. No. 251 in Imperium I.

Imperium I involved seven, with the result being a more straightforward, streamlined litigation in Imperium II. Though Samsung offers a substantial number of infringing products, Imperium I involved far more products and reached pretrial resolution under the traditional Track A case management plan.

A Track B schedule will not prejudice Samsung, which has had ample time to prepare its defenses. Imperium's complaint includes specific, detailed allegations providing Samsung with early notice of Imperium's claims and theories. For each of the patents-in-suit, the complaint describes in detail the claimed invention, identifies Samsung products that infringe the patent, and explains how the accused products infringe the patent.[5] And since receiving the complaint, Samsung has requested (and received Imperium's consent to) several extensions of time to respond, with Samsung's answer now due September 22, 2014, 105 days after Imperium filed the complaint. Moreover, Samsung knew of the patents-in-suit before Imperium filed the complaint in Imperium II. Samsung knew of the '884 patent and Imperium's infringement positions regarding that patent because Samsung provided the image sensors to several of the defendants in Imperium I and participated in that case as a third-party.[6] Samsung knew of the '290 Patent by April 2008, when Samsung identified the '290 Patent to the Patent Office in a patent application filing.[7] And Samsung knew of the '029 Patent by March 2013, when the Patent Office identified that patent in an Office Action during prosecution of another Samsung patent application.[8]

---

[5] *See, e.g.*, Dkt. No. 1, Complaint at ¶ 20-26, 31-38, 43-49.

[6] *See id.* at ¶ 23.

[7] *Id.* at ¶ 35.

[8] *Id.* at ¶ 46.

- 3 -

Accordingly, Imperium respectfully requests that the Court enter the Track B Case Management Order in this case.  In accordance with General Order 14-03, Imperium files herewith the model Track B Order bearing the appropriate caption for the case.

Date: September 3, 2014

Respectfully submitted,

*/s/ Alan M. Fisch*
Alan M. Fisch
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500
Email: Alan.Fisch@fischllp.com

*Attorney for Plaintiff Imperium IP Holdings (Cayman), Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Sherman Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

/s/ Alan M. Fisch
Alan M. Fisch

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that the conference required by Local Rule CV-7(h) occurred by telephone on September 2, 2014, between counsel for Plaintiff, Bill Sigler, and counsel for Defendants, Steven Pepe. Defendants' counsel declined Plaintiff's request for Track B assignment and expressed a preference for traditional Track A treatment for this case. Thus, no agreement could be reached and discussions ended in an impasse, leaving an open issue for the Court to decide.

/s/ Alan M. Fisch
Alan M. Fisch