**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A/ SAMSUNG TECHWIN AMERICA),<br><br>Defendants. | Case No. 4:14-cv-00371-RC-ALM<br><br>JURY TRIAL DEMANDED |

**SAMSUNG TECHWIN CO., LTD. AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC'S RESPONSE TO IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S MOTION FOR <u>TRACK B CASE MANAGEMENT ASSIGNMENT</u>**

Defendants Samsung Techwin Co, Ltd. and Samsung Opto-Electronics America, Inc. (d/b/a Samsung Techwin America) (collectively "Samsung Techwin"), by and through their undersigned attorneys, hereby oppose Plaintiff Imperium IP Holdings (Cayman), Ltd.'s ("Imperium") Motion for Track B Management Assignment. D.I. 24 ("Mot.").

Samsung Techwin opposes Imperium's motion for the same reasons set forth in the Response of Defendants Samsung Electronics Co., Ltd ("SEC"), Samsung Electronics America, Inc. ("SEA") Samsung Telecommunications America, LLC ("STA"), and Samsung

Semiconductor, Inc. ("SSI"), which are likewise applicable to Samsung Techwin and warrant denial of the motion.

First, as pointed out in the Response of the SEC, SEA, STA, and SSI Defendants, Imperium's motion is procedurally defective. Imperium filed its motion on September 3, 2014, before any defendant had answered the Complaint or entered an appearance. Samsung Techwin's Answer, along with the Answers of the other defendants, were not due until September 22, 2014. Further, Imperium's "Certificate of Conference" inaccurately suggests that Steven Pepe of Ropes & Gray is counsel for all the defendants in this action. Samsung Techwin is in fact represented by different counsel, which Imperium failed to confer with prior to filing its motion.

As also pointed out in the SEC, SEA, STA, and SSI Defendants' Response, Imperium incorrectly portrays this case as "involv[ing] only one defendant" to suggest that this case should be "a more straightforward, streamlined litigation" than in *Imperium (IP) Holdings, Inc. v. Apple Inc.*, et al., Case No. 4:11-cv-00163 (RC)(ALM) ("the 163 Case"). That case involved only one of the three patents (U.S. Patent No. 6,271,884) Imperium is asserting in this action. Mot. at 1-2. Moreover, there are *six* separate defendants named in this action.

Imperium's "single defendant" portrayal is further undermined by its inaccurate characterization of Samsung Techwin Co. Ltd. as a "subsidiary" of Samsung Electronics Co., Ltd. in its Complaint. But, no such "subsidiary" relationship exists between Samsung Electronics Co. and either Samsung Techwin defendant.[1] Besides not being a subsidiary of any

---

[1] For at least this reason, Samsung Techwin disputes Imperium's allegation in its Complaint that the "defendants" had prior notice of any of the asserted patents.

of the named defendants, Samsung Techwin sells different products than Samsung Electronics Co, and Imperium's allegations of infringement against Samsung Techwin Co. Ltd. are for different products than any of the other defendants. Specifically, Imperium's Complaint identifies "network cameras" manufactured by Samsung Techwin (and not any other defendant) as allegedly infringing the '884 Patent. The other defendants are accused of infringement based on substantially different products altogether, which does not involve Samsung Techwin in any way.[2]

Thus, the fact that this action plainly involves different and unrelated defendants that are accused of infringement based on very different products counsels against a Track B assignment. In fact, because of the different defendants and products involved, Samsung Techwin intends to move based upon 35 U.S.C. § 299 to sever Imperium's claims against it from the present action.

Accordingly, for the reasons set forth in the Response of SEC, SEA, STA, and SSI Defendants and the additional reasons herein, Samsung Techwin respectfully requests that this Court deny Imperium's motion to enter the Track B Management Order.

---

[2] Imperium does not identify any Samsung Techwin products as allegedly infringing the other two patents in this action, U.S. Patent Nos. 6,836,290; and 7,092,029.

Dated: September 22, 2014 Respectfully submitted,

**MCCATHERN, P.L.L.C.**

/s/ H. Arnold Shokouhi
H. Arnold Shokouhi
State Bar No. 24056315
arnolds@mccathernlaw.com
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: 214.741.2662
Facsimile: 214.741.4717

*Of Counsel*
William H. Mandir
wmandir@sughrue.com
John F. Rabena
jrabena@sughrue.com
Peter S. Park
pspark@sughrue.com
Brian K. Shelton
bshelton@sughrue.com
**SUGHRUE MION, P.L.L.C.**
2100 Pennsylvania Ave, NW
Washington, D.C. 20037

*Attorneys for Defendant Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

*/s/ H. Arnold Shokouhi*
H. Arnold Shokouhi

## CERTIFICATE OF CONFERENCE

The undersigned hereby certified that the conference required by Local Rule CV-7(h) was attempted by telephone and email on the 22nd day of September 2014, between counsel for Plaintiff, Alan M. Fisch, and counsel for Defendants, Arnold Shokouhi, and no response was received. Thus, no agreement could be reached and discussions ended in an impasse, leaving an open issue for the Court to decided.

*/s/ H. Arnold Shokouhi*
H. Arnold Shokouhi