IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br> **Plaintiff,** <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA), <br><br> **Defendants.** | Case No. 4:14-cv-00371 (RC)(ALM) <br><br> JURY TRIAL DEMANDED |

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S REPLY IN SUPPORT OF ITS
MOTION FOR TRACK B CASE MANAGEMENT ASSIGNMENT**

October 2, 2014

Alan M. Fisch
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500
Email: Alan.Fisch@fischllp.com

*Attorney for Plaintiff Imperium IP Holdings (Cayman), Ltd.*

The annals of litigation are replete with tales of reflexive litigation decisions — instances in which one party takes a position opposite its adversary's, solely out of reflex and without regard to potential benefit.  This appears to have occurred here.  Despite Track B scheduling providing tangible benefits to both Imperium and Samsung, Samsung opposes.  Indeed, Samsung's opposition does not answer the practical question of how Track B prejudices Samsung.[1]  This is unsurprising, as the facts here teach that Track B would promote an efficient completion of the pretrial process for Imperium, Samsung, and hopefully the Court.

Samsung does argue that the alleged presence of six independent defendants warrants Track A treatment.[2]  This makes little practical sense.  The benefits of Track B's early disclosures are heightened, not diminished, by the presence of a larger number of independent defendants.  If the Samsung entities are truly independent, then Track B scheduling should be even more advantageous to the defendants.  This is because early disclosures will provide Imperium an earlier opportunity to determine if any of the independent defendants should be

---

[1] For Samsung, the accelerated tasks under Track B would consist only of serving initial disclosures, invalidity contentions, and summary sales information.  *See* General Order 14-3.

[2] Up until the moment that the response briefs were filed on September 22, the defendants presented themselves as a single unit, represented by the same counsel.  Shortly after Imperium filed the complaint, Jong Choi contacted Imperium, stating that he was "counsel for Samsung" and wished to confer about "Samsung's response."  *See* Declaration of Alan M. Fisch ("Fisch Decl."), Ex. 1.  Imperium then worked with Mr. Choi to complete service and agreed to his request to extend the time for Samsung to respond to the complaint.  *See id.*; Fisch Decl., Exs. 2-3.  On August 20, Imperium told Mr. Choi of its intention to seek Track B scheduling, and requested Samsung's position.  *See* Fisch Decl., Ex. 3.  Mr. Choi did not respond; so, on August 25, Imperium followed up with Mr. Choi via email.  *See id.*.  On September 2, Steven Pepe of Ropes & Gray told Imperium that Samsung declined to proceed under Track B.  Neither Mr. Choi nor Mr. Pepe informed Imperium that the defendants would respond separately and have different counsel.  Samsung's actions in other litigation are consistent with Samsung's pre-response conduct, and inconsistent with its present position.  In a recent Northern District of California case, the same six Samsung entities were named as defendants.  In that case, however, these entities were represented by the same counsel throughout the litigation, did not file separate pleadings, and never moved to sever.  *See Advanced Micro Devices, Inc. v. Samsung Electronics Co., Ltd., et al*., Case No. 3:08-cv-00986 (ND Cal. 2008).  Samsung's unitary defense in California accords with the fact that the defendants are part of the same corporate family.  For example, Samsung Techwin's website informs the public that it is part of "the Samsung Group."  And Samsung Electronics' recent financial statements to investors list Samsung Techwin as an "affiliate," with Samsung Electronics having ownership of voting rights in Samsung Techwin.  *See* Fisch Decl., Exs. 4-6.

- 2 -

dismissed from the case, either due to a good faith misunderstanding of infringement or an absence of meaningful damages.

In light of the efficiencies provided under Track B to all parties and the Court's experience with Imperium I, Imperium respectfully requests that this Court enter a Track B Case Schedule.

Date: October 2, 2014

Respectfully submitted,

*/s/ Alan M. Fisch*
Alan M. Fisch
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500
Email: Alan.Fisch@fischllp.com

*Attorney for Plaintiff Imperium IP Holdings (Cayman), Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Sherman Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

*/s/ Alan M. Fisch*
Alan M. Fisch