# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § § | |
| V. | § § | CASE NO. 4:14-CV-371 Judge Clark/Judge Mazzant |
| SAMSUNG ELECTRONICS CO, LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA) | § § § § § § § § | |

## ORDER DENYING IMPERIUM IP HOLDINGS (CAYMAN), LTD'S
## MOTION FOR TRACK B CASE MANAGEMENT ASSIGNMENT

Pending before the Court is Imperium IP Holdings (Cayman), Ltd.'s Motion for Track B Case Management Assignment (Dkt. #24).   On September 22, 2014, Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), and Samsung Semiconductor, Inc. ("SSI") filed their response in opposition (Dkt. #32).   Also, on September 22, 2014, Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. (d/b/a Samsung Techwin America) filed their response in opposition (Dkt. #37).   On October 2, 2014, Imperium filed its reply (Dkt. #42).

General Order 14-3, issued on February 25, 2014, provides an alternative case management scheme referred to as "Track B," which "is meant to complement the default procedures of Track A, by providing a choice."  (G.O. 14-3 at 1).   In appropriate cases, Track B may be utilized either by agreement of the parties, or by the issuance of an order of the Court. *Id*. at 2.

In the present case, Imperium asks the Court to order the parties to proceed under Track B, asserting that the Court has considerable knowledge of the allegations and types of issues that this case will present as a result of the prior litigation involving Imperium that occurred in this Court.  Imperium contends that Track B will require earlier disclosures of infringement and damages information regarding a "wide swath of infringing products," which Imperium asserts to help to streamline this litigation.  Further, Imperium asserts that this case involves only one defendant, and one patent.

All six defendants in this litigation are opposed to proceeding under Track B.  Defendants contend that this case involves six different, geographically dispersed defendants, some of which are represented by different counsel.  Defendants argue that this case involves multiple patents that have not been litigated by any party, with only one patent overlapping in the prior case in this Court.  Defendants assert that Track A is effective in achieving the objective of providing predictability and structure to litigation, and that the use of Track B is meant to complement these procedures in the event that the parties agree to use this procedure.  However, Defendants contend that in this case, Track B would not promote judicial economy.

Imperium has not demonstrated that Track B will provide any substantial benefits to the parties in this case, and the Samsung defendants clearly believe that there are no cost savings or efficiency gain to be had from the Track B procedure.  The Court agrees that Track A has been successful for the courts in this district in achieving predictable and efficient litigation.  Accordingly, the Court declines to impose the Track B procedures in this case and Imperium IP Holdings (Cayman), Ltd.'s Motion for Track B Case Management Assignment (Dkt. #24) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 8th day of October, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE