IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA),**<br><br>**Defendants.** | Case No. 4:14-cv-00371 (RC)(ALM)<br><br>**JURY TRIAL DEMANDED** |

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S ANSWER TO DEFENDANTS
SEC, SEA, STA AND SSI'S COUNTERCLAIMS**

Plaintiff Imperium IP Holdings (Cayman), Ltd. ("Imperium") hereby responds to each paragraph of Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), and Samsung Semiconductor, Inc.'s ("SSI") (collectively, "Samsung Electronics") counterclaims as follows:

**SAMSUNG ELECTRONICS' COUNTERCLAIMS**

To the extent any of the headings contained in Samsung Electronics' Counterclaims are construed to be allegations, Imperium denies them.

## PARTIES

1. Counter-plaintiff Samsung Electronics Co., Ltd. is a Korean corporation having its principal place of business at 416 Maetan-3 Dong, Yeongtong-Gu, Suwon-City, Gyeonggi-Do, Korea 443-742, South Korea.

**Answer**: Admitted.

2. Counter-plaintiff Samsung Electronics America, Inc. is a New York corporation having its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660.

**Answer**: Admitted.

3. Counter-plaintiff Samsung Telecommunications America, LLC is a Delaware limited liability company having its place of business at 1301 E. Lookout Drive, Richardson, TX 75082.

**Answer**: Imperium admits that Samsung Telecommunications America, LLC is a Delaware company having its place of business at 1301 E. Lookout Drive, Richardson, TX 75082. Imperium lacks sufficient information to admit or deny the remaining allegations of paragraph 3.

4. Counter-plaintiff Samsung Semiconductor, Inc. is a California corporation having its principal place of business at 365 North First Street, San Jose, California 95134.

**Answer**: Admitted.

5. On information and belief, Counter-defendant Imperium IP Holdings (Cayman), Ltd. is a company incorporated in the Cayman Islands and has a place of business at 400 Madison Avenue, Second Floor, New York, New York 10022.

**Answer**: Admitted, except as to Imperium's zip code. Imperium's correct zip code is 10017-1995.

## JURISDICTION AND VENUE

6. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of United States, 35 U.S.C. §§ 100 *et seq*.

**Answer**: Denied.

7. This Court has subject matter jurisdiction over Samsung Electronics' Counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201.

  **Answer**:  Admitted for purposes of this action.

  8. This Court has personal jurisdiction over Counter-defendant Imperium because Imperium has submitted to the jurisdiction of this Court. This Court further has jurisdiction over Counter-defendant because Imperium does business in this judicial district, and/or because Imperium has purposefully availed itself of the privileges and benefits or the laws of the State of Texas.

  **Answer**:  Imperium admits that, for purposes of this action, this Court has personal jurisdiction over it. Imperium denies any remaining allegations in paragraph 8.

  9. Venue is proper in this Court only to the extent that it is proper for Imperium's claims against Samsung Electronics. Samsung Electronics, however, believes that, for the convenience of the parties and witnesses, and in the interest of justice, transfer of this case (including Imperium's claims and Samsung Electronics' counterclaims) to another district may be appropriate pursuant to 28 U.S.C. §§ 1404(a).

  **Answer**:  Imperium admits that venue is proper in this Court. Imperium denies any remaining allegations in paragraph 9.

  10. On information and belief, the United States Patent and Trademark Office ("PTO") issued the '884 patent on August 7, 2001. On information and belief, the PTO issued the '290 patent on December 28, 2004. On information and belief, the PTO issued the '029 patent on August 15, 2006. Imperium has asserted that Samsung Electronics infringes at least one claim of the '884, '290 and '029 patents. Samsung Electronics asserts that the '884, '290 and '029 patents are not infringed, and further asserts that the patents are invalid. Pursuant to 28 U.S.C. § 2201, an actual and justiciable case or controversy has arisen between Samsung Electronics and Imperium.

  **Answer**:  Imperium admits that the PTO issued the '884 patent on August 7, 2001, the '290 patent on December 28, 2004, and the '029 patent on August 15, 2006. Imperium also admits that it has asserted that Samsung Electronics infringes at least one claim of the '884, '290 and '029 patents. Imperium admits that Samsung Electronics asserts that the '884, '290 and '029 patents are not infringed, and further asserts that the patents are invalid, but denies that Samsung Electronics has any basis for either assertion. Imperium admits that an actual and justiciable case or controversy has arisen between Samsung Electronics and Imperium.

## FIRST COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,271,884

11. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-10 of these Counterclaims, as if fully set forth herein.

**Answer**: Imperium restates each of its responses to Paragraphs 1-10 above.

12. Samsung Electronics is not infringing, and has not infringed, any valid, enforceable claim of the '884 patent, either directly, indirectly, literally or under the doctrine of equivalents.

**Answer**: Denied.

13. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that its accused products do not infringe any valid, enforceable claims of the '884 patent.

**Answer**: Denied.

## SECOND COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,836,290

14. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-13 of these Counterclaims, as if fully set forth herein.

**Answer**: Imperium restates each of its responses to Paragraphs 1-13 above.

15. Samsung Electronics is not infringing, and has not infringed, any valid, enforceable claim of the '290 patent, either directly, indirectly, literally or under the doctrine of equivalents.

**Answer**: Denied.

16. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that its accused products do not infringe any valid, enforceable claims of the '290 patent.

**Answer**: Denied.

## THIRD COUNTERCLAIM
### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,092,029

17. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-16 of these Counterclaims, as if fully set forth herein.

**Answer**: Imperium restates each of its responses to Paragraphs 1-16 above.

18. Samsung Electronics is not infringing, and has not infringed, any valid, enforceable claim of the '029 patent, either directly, indirectly, literally or under the doctrine of equivalents.

**Answer**: Denied.

19. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that its accused products do not infringe any valid, enforceable claims of the '029 patent.

**Answer**: Denied.

## FOURTH COUNTERCLAIM
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,271,884

20. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-19 of these Counterclaims, as if fully set forth herein.

**Answer**: Imperium restates each of its responses to Paragraphs 1-19 above.

21. Each of the claims of the '884 patent is invalid for failure to comply with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer**: Denied.

22. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '884 patent is invalid.

**Answer**: Denied.

## FIFTH COUNTERCLAIM
### Declaratory Judgment of Invalidity of U.S. Patent No. 6,836,290

23. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-22 of these Counterclaims, as if fully set forth herein.

**Answer**: Imperium restates each of its responses to Paragraphs 1-22 above.

24. Each of the claims of the '290 patent is invalid for failure to comply with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer**: Denied.

25. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '290 patent is invalid.

**Answer**:	Denied.

## SIXTH COUNTERCLAIM
### Declaratory Judgment of Invalidity of U.S. Patent No. 7,092,029

26. Samsung Electronics repeats and re-alleges the allegations contained in Paragraphs 1-66 of its Answer, and in Paragraphs 1-25 of these Counterclaims, as if fully set forth herein.

**Answer**:	Imperium restates each of its responses to Paragraphs 1-25 above.

27. Each of the claims of the '029 patent is invalid for failure to comply with the conditions for patentability of, *inter alia*, 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Answer**:	Denied.

28. Samsung Electronics is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '029 patent is invalid.

**Answer**:	Denied.

## PRAYER FOR RELIEF

Imperium denies the allegations of paragraphs A-K under the heading "Prayer for Relief" in Samsung Electronics' Counterclaims and denies that Samsung Electronics is entitled to any judgments, costs, or other relief.

## JURY DEMAND

Imperium admits that Samsung Electronics requests a trial by jury, but denies any remaining allegations under the heading "Jury Demand" in Samsung Electronics' Counterclaims.

Date: October 17, 2014

Respectfully submitted,

*/s/ Alan M. Fisch*
Alan M. Fisch
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500
Email: Alan.Fisch@fischllp.com

*Attorney for Plaintiff Imperium IP Holdings (Cayman), Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Sherman Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

*/s/ Alan M. Fisch*
Alan M. Fisch