**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A/ SAMSUNG TECHWIN AMERICA),**<br><br>**Defendants.** | **Case No. 4:14-cv-00371-RC-ALM**<br><br>**JURY TRIAL DEMANDED** |

**MOTION OF DEFENDANTS SAMSUNG TECHWIN CO., LTD. AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. TO DISMISS OR ALTERNATIVELY TO SEVER THE PROCEEDINGS**

Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc., hereby move the Court to dismiss, or alternatively to sever, the claims against them on the grounds that they are impermissibly joined in this action in violation of 35 U.S.C. § 299.

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................................... 2

III. THE CLAIMS AGAINST SAMSUNG TECHWIN SHOULD BE SEVERED ................. 4

   A.   The America Invents Act Imposes A Heightened Standard For Joinder In Patent Infringement Actions ..................................................................................................... 4

   B.   Any Claims Against Samsung Techwin Cannot Be Joined With Claims Against Other Defendants ..................................................................................................................... 5

      1.   Imperium Alleges No Valid Basis For Samsung Techwin To Be Jointly Or Severally Liable With Any Other Defendant .......................................................................... 5

      2.   There Is No Common "Transaction or Occurrence" That Relates Samsung Techwin's Products To Those Of The Other Defendants ......................................................... 7

      3.   The Samsung Techwin Products Are Not Identical To Other Accused Products ........ 8

      4.   The Action Will Necessarily Involve Facts Not Common Among All Defendants .... 9

      5.   Joining Samsung Techwin And The Other Defendants Would Be Highly Prejudicial And Confusing To A Jury ..................................................................................... 10

IV.  CONCLUSION ............................................................................................................... 11

**TABLE OF AUTHORITIES**

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
   600 F.3d 516 (5th Cir. 2010) .................................................................................................. 10

*Digitech Image Techs., LLC v. Agfaphoto Holding Gmbh*,
   No. 8:12-cv-1153, 2012 WL 4513805 (C.D. Cal. Oct. 1, 2012) ............................................... 9

*Grizzle v. Texas Commerce Bank, N.A.*,
   38 S.W.3d 265 (Tex. App. 2001) .............................................................................................. 6

*Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*,
   No. 1:10-CV-617, 2012 WL 4506058 (M.D. Penn. April 26, 2012) ........................................ 6

*In re EMC Corp.*,
   67 F.3d 1351 (Fed. Cir. 2012) ......................................................................................... 4, 8, 10

*MGT Gaming, Inc. v. WMS Gaming, Inc.*,
   978 F.Supp.2d 647 (S.D. Miss. 2013) ....................................................................................... 4

*Net Nav. Sys., LLC v. Cisco Sys., Inc.*,
   No. 4:11-cv-660, 2012 WL 7827543 (E.D. Tex. Aug. 22, 2012) .......................................... 4, 7

*Norman IP Holdings, LLC v. Lexmark Inter., Inc.*,
   Nos. 6:12cv508, 6:11-cv-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) ......................... 9

*Rimes v. Club Corp. of Am.*,
   542 S.W.2d 909 (Tex. Civ. App. 1976) ..................................................................................... 6

*WiAV Networks, LLC v. 3 Com Corp.*,
   No. C 10-03448 WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ..................................... 10

**Statutes**

35 U.S.C. § 299 ............................................................................................................... passim

**Rules**

Fed.R.Civ.P. 20 ....................................................................................................................... 3

Fed.R.Civ.P. 21 ....................................................................................................................... 4

# I.
# INTRODUCTION

The Complaint filed by Plaintiff Imperium IP Holdings (Cayman), Ltd. ("Imperium") names distinct and unrelated parties in a single action and collectively accuses the "Defendants" of patent infringement based on different and unrelated products. This misjoinder of parties is not permissible under 35 U.S.C. § 299. Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. (collectively "Samsung Techwin")[1] therefore move this Court to dismiss, or alternatively to sever, the claims against them from the present action.

In its Complaint, Imperium names six separate entities as co-defendants. Without any distinction, Imperium then proceeds to accuse all "Defendants" of common acts of infringement. However, the only basis Imperium provides to associate Samsung Techwin with other defendants is demonstrably false. Imperium avers in its Complaint that Samsung Techwin Co., Ltd. is a "subsidiary" of co-defendant Samsung Electronics Co. Ltd. But Samsung Techwin's publicly disclosed financial information shows this is not the case and that no such "subsidiary" relationship exists.

Further, Imperium identifies discrete and unrelated classes of products as a common set of "Accused Devices" it attributes to all "Defendants." Samsung Techwin, however, manufactures and sells only the "network cameras" identified by Imperium, which are alleged to infringe just one of the three patents-in-suit. Samsung Techwin is not involved with any of the other accused products attributed to the collective "Defendants," such as the "cell phones," "tablet computers," "laptop computers," and "digital cameras." Other than the allegation that all of the "Accused Devices" operate in a purportedly infringing manner, which is expressly defined

---

[1] Samsung Opto-Electronics America, Inc. is a wholly-owned subsidiary of Samsung Techwin Co., Ltd.

1

by Section 299 as "insufficient for joinder," Imperium's Complaint fails to allege any relationship between the Samsung Techwin products and those of the other defendants that would permit joining them in a single action.

Given the unrelated nature of the parties and products in this action, Imperium has improperly joined Samsung Techwin in violation of the Smith-Leahy America Invents Act (AIA), 35 U.S.C. § 299. Accordingly, Samsung Techwin requests that the claims against Samsung Techwin be dismissed or alternatively severed from this action.

## II.
## FACTUAL BACKGROUND

Imperium filed its Complaint on June 9, 2014 naming Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., Samsung Techwin Co., Ltd., and Samsung Opto-Electronics America, Inc. as defendants. (D.I. 1 at ¶¶ 2-7.) Imperium alleges in its Complaint that the "Defendants" infringe U.S. Patent Nos. 6,271,884 ("the '884 Patent"), 6,836,290 ("the '290 Patent"), and 7,092,029 ("the '029 Patent"). (D.I. 1 at ¶¶ 21, 32, and 44.)

For the '884 Patent, Imperium's Complaint identifies the following products as '884 Accused Devices:

> *cell phones* such as the Galaxy Ace (GT-S5830), the Nexus S (GT-i9020T), the Alias (SCH-U740), the Galaxy Portal/Spica/Lite (GT-i5700), the Intensity II (SCH-U460), the Galaxy S2 and S3, and the Pixon 12 (M8910); *network cameras* such as SNF-7010 network camera, the SNB-5004 and SND-5084 network cameras, the SNB-6003 and SNB-6004 network cameras, and the SND-6084 and SND6084R network cameras; *tablet computers* such as the Galaxy Tab 7.0 and Tab 7.7 tablets, the Galaxy Tab 10.1 (GT-P7510) and Galaxy Tab 2 10.1 (GT-P51XX); *laptop computers* such as the Samsung ATIV Book 9, Book 9 Lite, and Book 9 Plus laptops, and the Samsung Series 3, 5, 6, 7, and 9 laptops, and any such reasonably similar products.

2

(D.I. 1 at ¶ 21 (emphasis original).) Samsung Techwin manufactures and sells only the "network cameras" identified in Imperium's complaint that are alleged to infringe the '884 Patent. (Exhibit A, Declaration of Mr. Sangwon Lee ("Ex. A" at ¶ 1.) Each of these "network cameras" is a camera designed for use in security and surveillance applications. (Ex. A at ¶ 1.)

Samsung Techwin does not manufacture or sell any other products Imperium identified as allegedly infringing the '884 Patent, including the "cell phones," "tablet computers," or "laptop computers;" nor does Samsung Techwin otherwise have any involvement with these products. (Ex. A at ¶ 2.) Samsung Techwin also does not manufacture, sell, or have any involvement with any of the products Imperium identifies as allegedly infringing the '290 Patent or the '029 Patent, including the "cell phones," "tablet computers," or "digital cameras". (Ex. A at ¶ 2.)

Samsung Techwin maintains a corporate website at [www.samsungtechwin.com](www.samsungtechwin.com). (Ex. A at ¶ 3.) This website includes a section entitled "Investor Relations" where financial information about Samsung Techwin is available to the public, including Samsung Techwin's audit reports, which can be accessed at the URL [www.samsungtechwin.com/investment/audit_list.asp](www.samsungtechwin.com/investment/audit_list.asp). (Ex. A at ¶ 3.) Samsung Techwin's 2013 Audit Report includes information about the ownership of Samsung Techwin Co. Ltd. (Ex. A at ¶ 3; Exhibit B, STW 2013 Audit Report ("Ex. B") at ¶ 9). This audit report shows that no entity holds more than 50% of the stock of Samsung Techwin Co. Ltd.. Moreover, the report shows that Samsung Electronics Co., Ltd. owns only approximately 25% of the Samsung Techwin Co. Ltd. stock. (Ex. A at ¶ 3; Ex. B at ¶ 9).

## III.
## THE CLAIMS AGAINST SAMSUNG TECHWIN SHOULD BE SEVERED

### A. The America Invents Act Imposes A Heightened Standard For Joinder In Patent Infringement Actions

Rule 20 of the Federal Rules of Civil Procedure normally governs joinder in district court actions. However, in actions involving patents, joinder is governed by the Leahy-Smith America Invents Act (AIA), 35 U.S.C. § 299.[2] In pertinent part, section 299 states that accused infringers can be joined in the same action *only* if:

> any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

35 U.S.C. § 299(a)(1). A further requirement is that "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a)(2). Further, section 299 expressly prohibits joining multiple defendants "based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).

The AIA thus sets a higher standard for joinder than required by Rule 20, and in the absence of joint or several liability, prohibits joinder "unless the claimed infringement by each defendant arises out of the *same transactions* relating to infringement of the patent-in-suit by the *same accused product*." *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F.Supp.2d 647, 657 (S.D. Miss. 2013) (emphasis added).

If parties are misjoined in violation of the AIA, then Rule 21 of the Federal Rules of Civil Procedure provides the remedy of severance. *MGT Gaming*, 978 F.Supp.2d at 657; *Net Nav. Sys., LLC v. Cisco Sys., Inc.*, No. 4:11-cv-660, 2012 WL 7827543, at *2 (E.D. Tex. Aug. 22,

---

[2] In actions involving patents, motions to sever are governed by Federal Circuit law. *In re EMC Corp.*, 67 F.3d 1351, 1354 (Fed. Cir. 2012).

4

2012); Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claims against a party.").

### B. Any Claims Against Samsung Techwin Cannot Be Joined With Claims Against Other Defendants

Here, Imperium has made no allegation to support any joint or several liability between Samsung Techwin and any other defendant. To the extent Imperium has alleged any relationship between Samsung Techwin and the other defendants, that allegation is undeniably false. Similarly, there is no allegation, nor could there be, that Samsung Techwin is involved with any common transactions or occurrences giving rise to an allegation of infringement. Rather, Samsung Techwin manufactures and sells a completely different line of products than the other defendants, and Samsung Techwin has no involvement with the other Defendants' products that Imperium accuses of infringement.

As such, 35 U.S.C. § 299 precludes Samsung Techwin from being joined in this action with the other Defendants, and the claims against Samsung Techwin should thus be dismissed, or severed into a separate action.

#### 1. Imperium Alleges No Valid Basis For Samsung Techwin To Be Jointly Or Severally Liable With Any Other Defendant

Imperium's Complaint does not allege that Samsung Techwin is jointly or severally liable for any of the alleged infringement of any other Defendants in this action, or that any of the other Defendants are jointly or severally liable for any actions of Samsung Techwin. Thus, the Complaint facially fails to set forth a factual basis for any joint or several liability that would support joinder under 35 U.S.C. § 299.

To the extent that Imperium has alleged any relationship between Samsung Techwin and other Defendants, that allegation is demonstrably false. Imperium simply alleges, "on

5

information and belief," that Samsung Techwin Co., Ltd. (STC) is a "subsidiary" of co-defendant Samsung Electronics Co., Ltd ("SEC"), and that Samsung Opto-Electronics America Inc., ("SOA") is a subsidiary of both SEC and STC. (D.I. 1 at ¶¶ 3 and 5.) But publicly available information about the ownership of Samsung Techwin, including the annual financial statements posted on its website, shows otherwise and raises the question as to what Imperium's "information and belief" was based on. As the public financial statements show, neither SEC nor any other entity holds a controlling interest in Samsung Techwin.[3] (Ex. A at ¶ 3; Ex. B at ¶ 9.)

Thus, Samsung Techwin cannot be characterized as a "subsidiary" of SEC in any accepted sense of the word.[4] *See Rimes v. Club Corp. of Am.*, 542 S.W.2d 909, 912 (Tex. Civ. App. 1976) (defining subsidiary corporation as "one which is controlled by another corporation by reason of the latter's ownership of at least a majority of the shares of the capital stock."); *Grizzle v. Texas Commerce Bank, N.A.*, 38 S.W.3d 265, 284 (Tex. App. 2001) (following *Rimes* definition of subsidiary corporation), *rev'd in part on other grounds*, 96 S.W.3d 240 (Tex. 2002); *see also Hartford Cas. Ins. Co. v. ACC Meat Co., LLC*, No. 1:10-CV-617, 2012 WL 4506058, at *4 (M.D. Penn. April 26, 2012) (following Black's Law dictionary definition of "subsidiary" as an entity "in which a parent corporation has a controlling share.") Although SEC does hold approximately 25% of STC's stock, this does not establish any joint or several liability between Samsung Techwin and SEC or any other defendant.

---

[3] This is true for STC, which has no parent corporation or other entity holding a majority of its stock, as well as for SOA, which is described as a wholly-owned subsidiary of STC. (Ex. B at ¶ 9.)

[4] In their answer, co-Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Semiconductor, Inc. also deny the allegation that Samsung Techwin is a "subsidiary" of Samsung Electronics. (D.I. 29 at ¶¶ 3 and 5.)

### 2. There Is No Common "Transaction or Occurrence" That Relates Samsung Techwin's Products To Those Of The Other Defendants

In its Complaint, Imperium does not present any individualized allegations of infringement to any specific party. Nor does Imperium identify any specific products with any particular defendant in support of an alleged infringing act. Rather, Imperium vaguely presents a list of disparate types products, such as cell phones, laptops, tablet computers, digital cameras, and network cameras, as "Accused Devices" that are generically attributed to all "Defendants." (D.I. 1 at ¶ 21, 32, and 44.)

But Samsung Techwin does not make or sell any of the cell phones, laptop computers, tablet computers, or digital cameras that Imperium has accused of infringement, nor does Samsung Techwin have any involvement in these products at all. (Ex. A at ¶ 2.) The only products that Samsung Techwin does manufacture and sell that are accused of infringement are the "network cameras" (*i.e.*, cameras used for surveillance or security applications) that are accused to infringe the '884 Patent.[5] (Ex. A at ¶¶ 1 and 2.)

Beyond the allegation that Samsung Techwin is a "subsidiary" of co-defendant SEC, which has been shown to be false, Imperium has made no allegation of any common transaction or occurrence that associates Samsung Techwin with the products of any other defendant. Imperium has not pled any allegation that Samsung Techwin has in any way acted in concert with any other Defendant with respect to their accused products, or that any other Defendant has acted in concert with Samsung Techwin with respect to Samsung Techwin's products. In the absence of any such allegations to connect all Defendants to each cause of action, joinder is improper. *See Net Nav. Sys.*, 2012 WL 7827543, at *3 ("In order to show proper joinder,

---

[5] No Samsung Techwin product is accused of infringing the other two patents-in-suit, the '029 Patent and the '290 Patent, nor has Imperium made any allegation that Samsung Techwin is involved with the products accused of infringing those patents.

Plaintiff must also show that there are shared, overlapping facts that give rise to each cause of action, or an 'aggregate of operative facts.'") (*quoting In re EMC*, 677 F.3d at 1359.)

### 3. The Samsung Techwin Products Are Not Identical To Other Accused Products

Even prior to the enactment of 35 U.S.C. § 299, the fact that different products are accused of infringement for having similar characteristics or operating in a similar fashion was an insufficient basis for joinder. *See In re EMC*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that the claims of infringement arise from the 'same transaction.' Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, ***even if they are otherwise coincidentally identical***.") (emphasis added). Here, Imperium has merely alleged that the accused products commonly operate in an infringing manner:

> the '884 Accused Devices include a system or method that sets an integration time to an integral multiple of the period of the periodic intensity of the lighting. The '884 Accused Devices include a system or method that determines an amount to vary an overall system gain. The '884 Accused Devices include a system or method that adjusts the overall system gain by adjusting the integration time while maintaining the integration time at an integral multiple of the period of the periodic intensity.

(D.I. 1 at ¶ 22.)

Imperium's bare allegations of common features in the "Accused Devices" are inadequate to support joinder. The Samsung Techwin products accused of infringement are network cameras, which unquestionably differ in structure and function from the cell phones, laptops, and tablet computers that are commonly accused of infringement. Indeed, Imperium makes no allegation that any specific components are common among the "Accused Devices."

For purposes of the joinder analysis they are not the "same" product. The fact that they may share an allegedly infringing functionality cannot support joinder.[6] *See Norman IP Holdings, LLC v. Lexmark Inter., Inc.*, Nos. 6:12cv508, 6:11-cv-495, 2012 WL 3307942, *3 (E.D. Tex. Aug. 10, 2012) (broad allegations regarding common processor designs deemed insufficient for joinder under both Rule 20 and section 299); *Digitech Image Techs., LLC v. Agfaphoto Holding Gmbh*, No. 8:12-cv-1153, 2012 WL 4513805, at *3 (C.D. Cal. Oct. 1, 2012) (finding allegations of similarities between accused digital cameras of different manufacturers to be insufficient for joinder under section 299 because the products were not identical).

    4.    The Action Will Necessarily Involve Facts Not Common Among All Defendants

Although 35 U.S.C. § 299(a)(2) requires "questions of fact common to all defendants" in order to support joinder, here commonality among Samsung Techwin and the other defendants would be lacking as to many of the important facts likely to arise in the case. For instance, entirely different classes of products are at issue, as discussed above, which will lead to different questions of fact for purposes of the infringement inquiry. Similarly, the different nature of the products will lead to different facts for purposes of analyzing any potential claim for damages, such as different product costs, distribution channels, profit margins, and functionality. Further, Samsung Techwin's products are only accused of infringing one of the three patents-in-suit, thus there will be facts not common among all defendants when invalidity is considered, including any individualized defenses that may be raised among the defendants.

---

[6] Similarly, Imperium's allegation that the Accused Devices each contain a generic "image sensor with a circuit" that performs the allegedly infringing functionality (D.I. 1 at ¶ 26) is inadequate to support joinder.

9

### 5. Joining Samsung Techwin And The Other Defendants Would Be Highly Prejudicial And Confusing To A Jury

Apart from joinder in this case being statutorily impermissible, allowing the case to proceed to a common jury trial in the same action would result in prejudice and jury confusion. "[D]istrict courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re EMC*, 677 F.3d at 1360 (*quoting Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).)

Unless dismissed or severed, a single jury would have to decide infringement of multiple classes of different products, including network cameras developed by Samsung Techwin as well as the laptop computers, cell phones, and tablet computers of co-defendants. These products will doubtlessly operate and function differently in many respects, and different witnesses of the Defendants will necessarily be required to testify about their development and operation. Furthermore, Samsung Techwin's products are only accused of infringing one of the three patents-in-suit, presenting yet another opportunity for the jury to confuse the issues in the case.

Moreover, if dismissal or severance is not granted, Samsung Techwin "will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury" *In re EMC*, 677 F.3d at 1355; *see also WiAV Networks, LLC v. 3 Com Corp.*, No. C 10-03448 WHA, 2010 WL 3895047, at *2 (N.D. Cal. Oct. 1, 2010) ("the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction.") Thus, the risk of jury confusion and prejudice to Samsung Techwin resulting having different products of different parties in the same action further counsels in favor of severance.

10

## IV.
## CONCLUSION

Samsung Techwin has been impermissibly joined in this action in violation of 35 U.S.C. § 299. Samsung Techwin therefore respectfully requests that this Court dismiss or alternatively sever Imperium's claims against Samsung Techwin to a separate action.

Dated: October 17, 2014  Respectfully submitted,

**M<small>C</small>C<small>ATHERN</small>, P.L.L.C.**

/s/ H. Arnold Shokouhi
H. Arnold Shokouhi
State Bar No. 24056315
arnolds@mccathernlaw.com

Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: 214.741.2662
Facsimile: 214.741.4717

*Of Counsel*

**S<small>UGHRUE</small> M<small>ION</small>, P.L.L.C.**

William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Peter S. Park (*pro hac vice*)
pspark@sughrue.com
Brian K. Shelton (*pro hac vice*)
bshelton@sughrue.com

2100 Pennsylvania Ave, NW
Washington, D.C. 20037

*Attorneys for Defendant Samsung Techwin Co., Ltd.
and Samsung Opto-Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

/s/ H. Arnold Shokouhi
H. Arnold Shokouhi

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certified that the conference required by Local Rule CV-7(h) occurred by telephone on the 15th day of October 2014, between counsel for Plaintiff, Bill Sigler, and counsel for Defendant Samsung Techwin, William Mandir. Plaintiff's counsel indicated that Plaintiff would oppose Samsung Techwin's motion to dismiss or sever. Thus, no agreement could be reached and discussions ended in an impasse, leaving an open issue for the Court to decided.

Counsel for Samsung Techwin, Brian Shelton, conferred with Jesse Jenner, counsel for defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Semiconductor, Inc. regarding their position as to Samsung Techwin's motion to dismiss or sever. On October 15, 2014, Mr. Jenner indicated by email that Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Semiconductor, Inc. would not oppose the motion.

/s/ H. Arnold Shokouhi
H. Arnold Shokouhi