**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A/ SAMSUNG TECHWIN AMERICA),**<br><br>**Defendants.** | **Case No. 4:14-cv-00371-RC-ALM**<br><br>**JURY TRIAL DEMANDED** |

**REPLY OF DEFENDANTS SAMSUNG TECHWIN CO., LTD. AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. IN SUPPORT OF THEIR MOTION TO DISMISS OR <u>ALTERNATIVELY TO SEVER THE PROCEEDINGS</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................. 1

II. DISMISSAL IS AN APPROPRIATE REMEDY WHERE PARTIES ARE MISJOINED UNDER SECTION 299 ................................................................................... 1

III. THE PARTIES ARE MISJOINED IN VIOLATION OF SECTION 299 ...................... 2
    A.   Imperium's Reliance on *EMC* is Unavailing ................................................................ 2
    B.   Common Functionality of Different Accused Products Cannot Support Joinder ................... 3
    C.   The Time Period of the Alleged Infringement is Irrelevant ........................................ 5
    D.   There is No Relationship Among Samsung Techwin and Other Defendants That Could Support Joinder ............................................................................................................ 6
    E.   Imperium's Allegation of Commonly Sourced Components Lacks Merit .............................. 6
    F.   Imperium's Speculation Regarding Licensing and Technology Agreements is Irrelevant ..... 7

IV. CONCLUSION ................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

*Digitech Image Techs., LLC v. Agfaphoto Holding Gmbh*,
  No. 8:12-cv-1153, 2012 WL 4513805 (C.D. Cal. Oct. 1, 2012) ........................................... 1, 5

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) .................................................................................... 2, 5, 6

*Lektron, Inc. v. GE Lighting, Inc.*,
  No. 11–CV–413, 2012 WL 1085486 (N.D. Okla. Mar. 30, 2012) ............................................ 2

*MGT Gaming, Inc. v. WMS Gaming, Inc.*,
  978 F.Supp.2d 647 (S.D. Miss. 2013) ................................................................................. 3, 6

*Norman IP Holdings, LLC v. Lexmark Inter., Inc.*,
  Nos. 6:12cv508, 6:11-cv-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012) ....................... 3, 4

*Williamson v. Citrix Online LLC*,
  No. CV 11-2409, 2012 WL 2523827 (C.D. Cal. June 29, 2012) ............................................... 2

**Statutes**

35 U.S.C. § 299 ............................................................................................................... passim

I.  INTRODUCTION

Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. (collectively "Samsung Techwin") submit this Reply in support of their Motion to dismiss, or alternatively sever, the claims against them from the present action. (D.I. 47.) In that Motion, Samsung Techwin demonstrated that its joinder with the other defendants in this action was in violation of the America Invents Act (AIA), 35 U.S.C. § 299. This is because Samsung Techwin and the other defendants are in not the same parties, their respective accused products are different, and there is no common transaction among Samsung Techwin and the other defendants that could support joinder.

In its opposition, Plaintiff Imperium IP Holdings (Cayman), Ltd. ("Imperium") fails to demonstrate any justification for denying the Motion. Imperium instead attempts to show a "relationship" between the defendants and their concededly differing products based largely on speculation and irrelevant facts.[1] On this record, Samsung Techwin cannot be joined in the same action with the other defendants, and Samsung Techwin's requested relief of being dismissed or alternatively severed should be granted.

II.  **DISMISSAL IS AN APPROPRIATE REMEDY WHERE PARTIES ARE MISJOINED UNDER SECTION 299**

Imperium's suggestion that dismissal is not an appropriate remedy where parties are impermissibly joined under Section 299, is simply incorrect. Courts have indeed dismissed misjoined parties pursuant to Section 299. *See Digitech Image Techs., LLC v. Agfaphoto Holding Gmbh*, No. 8:12-cv-1153, 2012 WL 4513805, at *3 (C.D. Cal. Oct. 1, 2012) ("Thus, Leica's Motion to Dismiss or Sever for Misjoinder is GRANTED, and Leica is hereby

---

[1] Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Samsung Semiconductor, LLC have filed a response in support of Samsung Techwin's motion. (D.I. 48.)

1

SEVERED and DISMISSED from this case."); *see also Lektron, Inc. v. GE Lighting, Inc.*, No. 11–CV–413, 2012 WL 1085486, at *4 (N.D. Okla. Mar. 30, 2012) (granting motion to dismiss for misjoinder prior to enactment of Section 299); *Williamson v. Citrix Online LLC*, No. CV 11-2409, 2012 WL 2523827, at *2 (C.D. Cal. June 29, 2012) ("An improperly joined defendant may be dismissed from an action under Fed.R.Civ.P. 21.").

### III. THE PARTIES ARE MISJOINED IN VIOLATION OF SECTION 299

#### A. Imperium's Reliance on *EMC* is Unavailing

Imperium's opposition relies almost exclusively on the Federal Circuit's decision in *In re EMC*, which it portrays as setting forth "the relevant factors for determining whether joinder is appropriate." (D.I. 49 at 3.) As Imperium itself acknowledges, however, *In re EMC* was decided prior to the enactment of the AIA. *In re EMC Corp.*, 677 F.3d 1351, 1355-56 (Fed. Cir. 2012). The *EMC* decision was thus focused on whether a motion to sever should be granted with guidance from Rule 20 of the Federal Rules of Civil Procedure, and not the statutory requirements of Section 299. *Id.* at 1356. Although some courts have considered the *EMC* decision in deciding questions of joinder under Section 299, it is found relevant primarily with regard to interpreting what constitutes "common transactions or occurrences" under the AIA. *See Norman IP Holdings, LLC v. Lexmark Inter., Inc.*, Nos. 6:12cv508, 6:11-cv-495, 2012 WL 3307942, at *7, fn. 1 (E.D. Tex. Aug. 10, 2012).

As courts have noted, the AIA sets a **higher standard** for joinder than required by Rule 20, and in the absence of joint or several liability, prohibits joinder "unless the claimed infringement by each defendant arises out of the **same transactions** relating to infringement of the patent-in-suit by the **same accused product**." *See MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F.Supp.2d 647, 657 (S.D. Miss. 2013) (emphasis added). In pertinent part, section 299 states that accused infringers can be joined in the same action ***only*** if:

2

>  any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process.

35 U.S.C. § 299(a)(1). A further requirement is that "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a)(2). Further, section 299 expressly prohibits joining multiple defendants "based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299(b).[2]

As Samsung Techwin demonstrated in its opening brief, Imperium has made no allegation of "joint or several" liability of Samsung Techwin for any actions of the other defendants that could support joinder under Section 299. (D.I. 47 at 5.) As also demonstrated, the action involves questions of fact that will necessarily not be common to all defendants, which is contrary to Section 299's requirement of common facts among all defendants. (D.I. 47 at 9.)

Imperium's attempt to rely on the *EMC* decision to satisfy the alternative "same transaction, occurrence, or series of transactions" requirement of Section 299 fails. As shown below, Imperium's argument is based on rampant speculation and irrelevant facts that are plainly inadequate to maintain Samsung Techwin in this action.

### B. Common Functionality of Different Accused Products Cannot Support Joinder

The accused products of Samsung Techwin are indisputably different from the accused products of the other defendants. The only Samsung Techwin products accused of infringement are network security cameras. The accused products of the other defendants are either cell phones, tablets, or laptop computers, and Samsung Techwin has no involvement in these

---

[2] Conversely, Rule 20 allows joining of defendants where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).

products of the other defendants. Imperium's complaint does not identify any common component in all of the accused products that could support joinder.[3] Imperium merely points generically to unidentified "image sensors" that all the accused products must have. (D.I. 49 at 4-5.) However, any device that incorporates a digital camera will have some form of an "image sensor." But this does not make the products the "same" for purposes of section 299. *See Norman IP Holdings*, 2012 WL 3307942, at *3 (broad allegations regarding common processor designs deemed insufficient for joinder under both Rule 20 and section 299); *Digitech Image Techs.*, 2012 WL 4513805, at *3 (finding allegations of similarities between accused digital cameras of different manufacturers to be insufficient for joinder under section 299 because the products were not identical).[4]

At its essence, Imperium's argument that the products of Samsung Techwin and those of the other defendants should be considered the "same" for purposes of Section 299 relies on allegedly common "functionality." Specifically, Imperium alleges that: "[t]o avoid flicker, the image sensors each set the integration time to an integral multiple of the periodic intensity of the lighting (e.g., 1/100s), as claimed in the '884 Patent." (D.I. 49 at 4.) Imperium then concludes that it is in fact relying on common functionality as the basis for joinder: "[b]ecause this accused functionality is the same across all of the accused products, this factor favors joinder." (D.I. at 5.)

---

[3] As discussed below in Section III.E, Imperium's speculation that the image sensors used in the Samsung Techwin products are sourced from a co-defendant is unfounded.

[4] Imperium's attempt to distinguish *Norman* and *Digitech* (D.I. 49 at 4, fn. 12) is unavailing. Imperium's allegations rely on nothing more than generic, unidentified "image sensors" and functionality alleged to be common among all accused products, which is precisely the type of allegations found to be insufficient for joinder under Section 299 in the *Norman* and *Digitech* decisions.

But even before the enactment of Section 299, the Federal Circuit in *EMC* made it clear that common functionality alone could not support joinder. *See In re EMC*, 677 F.3d at 1359 ("The sameness of the accused products is not enough to establish that the claims of infringement arise from the 'same transaction.' Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, ***even if they are otherwise coincidentally identical***.") (emphasis added). Under Section 299 as well as the prior *EMC* ruling, Imperium cannot join different products from different defendants in the same action on the basis of allegedly common functionality. *See MGT Gaming*, 978 F.Supp.2d at 657 (S.D. Miss. 2013) (Section 299 prohibits joinder "unless the claimed infringement by each defendant arises out of the ***same transactions*** relating to infringement of the patent-in-suit by the ***same accused product***.") (emphasis added); *In re EMC*, 677 F.3d at 1359.

### C. The Time Period of the Alleged Infringement is Irrelevant

Imperium contends that "Samsung Techwin does not dispute that its acts of infringement occurred during the same time period as the other Defendants." (D.I. 38 at 5.) This allegation is both false and irrelevant. First, Samsung Techwin denied that it has committed any acts of infringement. (See Answer and Counter-claims of Samsung Techwin, D.I. 34.) Further, the fact that Samsung Techwin may have introduced one of the accused network cameras in 2013 and a different product manufactured from a different and unrelated defendant (the Samsung Electronics Galaxy S3 cell phone) was introduced in 2012 has no relevance as to whether the parties may be joined under Section 299. As explained in its Motion, Samsung Techwin does not make or sell any of the cell phones, laptop computers, tablet computers, or digital cameras that Imperium has accused of infringement. In fact, Samsung Techwin has no involvement in these products at all. (D.I. 47 at 7.)

### D. There is No Relationship Among Samsung Techwin and Other Defendants That Could Support Joinder

The evidence of the "relationship" between Samsung Techwin and the other defendants cited by Imperium is, at best, tenuous and irrelevant to the issue of joinder under Section 299.[5] Imperium notes that Samsung Electronics transferred its security business to Samsung Techwin, but this occurred over four years ago and Imperium has not accused any Samsung Techwin product of infringement that would have been manufactured at the time of the transfer.[6] (D.I. 49 at 5.) Imperium fails to show how this transfer years ago bears any relevance to the question of whether the parties can be properly joined today.[7] Likewise, Imperium points to Samsung Electronics' ownership of approximately 25% of Samsung Techwin's stock as evidence of a "relationship." (D.I. 49 at 6.) But Imperium cites to no authority that suggests a party can be joined as a co-defendant under Section 299 simply because it is a minority shareholder of another party. Indeed such an interpretation of Section 299 would effectively render the statute meaningless, as hundreds of parties could potentially be joined in the same action simply by owning a small amount of the accused infringer's stock.

### E. Imperium's Allegation of Commonly Sourced Components Lacks Merit

Imperium's allegation that "identical image sensors" are used in all the accused products (D.I. 49 at 7) is unfounded. Without any support, Imperium states that it "expects discovery to establish that Samsung Semiconductor image sensors are also used in the accused Samsung Techwin network cameras." (D.I. 49 at 7.) Imperium fails to explain why it could not have

---

[5] As pointed out in Samsung Techwin's opening brief, the allegation in Imperium's Complaint that Samsung Techwin is a "subsidiary" of Samsung Electronics is incorrect. (D.I. 1 at ¶¶ 3 and 5.) Samsung Techwin is not a subsidiary of Samsung Electronics. (D.I. 47 at 5-7.)

[6] Imperium only identifies the Samsung Techwin SNB-6004 network as "being introduced in 2013 (D.I. 49 at 5), but this too was years after the 2010 transfer.

[7] Samsung Techwin had been operating its security solution business, including the manufacture of security cameras, since 1991, well before the acquisition from Samsung Electronics in 2010. (See http://www.samsungsecurity.com/aboutus/abo_businesshistory_2000.asp.)

ascertained whether the image sensors were identical as part of its pre-filing investigation. Imperium also made no attempt to seek discovery on this or any other point in connection with opposing this Motion. In fact, the accused Samsung Techwin network cameras do not implement the Samsung Semiconductor image sensors, and the fact the products are not "the same" renders joinder under Section 299 inappropriate. (See D.I. 47 at 8-9 and D.I. 47-1 (Declaration of Sangwon Lee) at ¶ 2.)

### F. Imperium's Speculation Regarding Licensing and Technology Agreements is Irrelevant

Again relying on speculation, Imperium alleges that it "expects that discovery will produce evidence showing that the defendants have licensing or technology agreements related to the image sensors with each other." (D.I. 49 at 7.) But Imperium's bare conjecture regarding unidentified "agreements" is not a valid basis for joinder. Imperium points to the transfer of Samsung Electronics security business, but that transfer occurred in 2010. The earliest release of a Samsung Techwin product that Imperium has accused of infringement occurred years later in 2013. As explained above, Imperium has not shown that the transfer of the business in 2010 is in any way relevant to the Samsung Techwin accused products at issue now. Moreover, the existence of any "agreements" related to that transfer are likewise irrelevant and do not justify denial of Samsung Techwin's motion.

### IV. CONCLUSION

For the reasons herein and in its Motion, Samsung Techwin respectfully requests that the Court dismiss or alternatively sever Imperium's claims against Samsung Techwin to a separate action.

7

Dated: November 10, 2014          Respectfully submitted,

**MCCATHERN, P.L.L.C.**

/s/ H. Arnold Shokouhi
H. Arnold Shokouhi
State Bar No. 24056315
arnolds@mccathernlaw.com

Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: 214.741.2662
Facsimile: 214.741.4717

*Of Counsel*

**SUGHRUE MION, P.L.L.C.**

William H. Mandir (*pro hac vice*)
wmandir@sughrue.com
John F. Rabena (*pro hac vice*)
jrabena@sughrue.com
Peter S. Park (*pro hac vice*)
pspark@sughrue.com
Brian K. Shelton (*pro hac vice*)
bshelton@sughrue.com
2100 Pennsylvania Ave, NW
Washington, D.C. 20037

*Attorneys for Defendant Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

/s/ H. Arnold Shokouhi<br>H. Arnold Shokouhi