# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |  |
|---|---|---|
|  | § |  |
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., | § | |
|  | § | |
|  | § | Case No.: 4:14-cv-00371-RC-ALM |
| *Plaintiff*, | § | |
| v. | § | |
|  | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATINS AMERICA, | § | |
| LLC, SAMSUNG SEMICONDUCTOR, | § | |
| INC., SAMSUNG TECHWIN CO., LTD., | § | |
| AND SAMSUNG OPTO-ELECTRONICS | § | |
| AMERICA, INC. (D/B/A/ SAMSUNG | § | |
| TECHWIN AMERICA), | § | |
|  |  | |
| *Defendants*. |  | |

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S SUR-REPLY IN OPPOSITION TO DEFENDANTS SAMSUNG TECHWIN CO., LTD. AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS OR ALTERNATIVELY TO SEVER THE PROCEEDINGS (DKT. NO. 47)**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

I.      EMC PROVIDES THE APPLICABLE TEST ................................................................. 2

II.     AN APPLICATION OF THE RELEVANT, UNDISPUTED FACTS
        ESTABLISHES THAT JOINDER IS APPROPRIATE...................................................... 3

III.    IF THE COURT FINDS MISJOINDER, SEVERANCE AND
        CONSOLIDATION WOULD BE THE APPROPRIATE REMEDY .............................. 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*ContentGuard Holdings, Inc. v. Google, Inc.*,
  Nos. 2:14-cv-61-JRG, 2:13-cv-1112-JRG, 2014 U.S. Dist. LEXIS 51676 (E.D. Tex.
  Apr. 15, 2014) .................................................................................................................. 1, 2

*Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*,
  No. 8:12-cv-1153, 2012 U.S. Dist. LEXIS 142034 (C.D. Cal. Oct. 1, 2012)..................... 1, 2, 4

*In re EMC Corp.*,
  677 F.3d 1351 (Fed. Cir. 2012) ........................................................................................ passim

*MGT Gaming, Inc. v. WMS Gaming, Inc.*,
  978 F. Supp. 2d 647 (S.D. Miss. 2013) ................................................................................... 1

*Net Nav. Sys., LLC v. Cisco Sys. Inc.*,
  No. 4:11-cv-660, 2012 U.S. Dist. LEXIS 187288 (E.D. Tex. Aug. 22, 2012) ................... 1, 2, 7

*NFC Tech., LLC v. HTC Am.*,
  No. 2:13-cv-1058-JRG, 2014 U.S. Dist. LEXIS 105230 (E.D. Tex. Aug. 1, 2014).............. 1, 2

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495, 2012 U.S. Dist.
  LEXIS 112757 (E.D. Tex. Aug. 10, 2012) .................................................................. 1, 2, 3, 7

*Star Co LED Techs., LLC v. Sharp Corp.*,
  No. 2:13-cv-416-JRG, 2014 U.S. Dist. LEXIS 66634 (E.D. Tex. May 14, 2014) ................ 1, 2

**Statutes**

35 U.S.C. § 299........................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 20........................................................................................................................ 2

## INTRODUCTION

It remains undisputed that the accused Samsung Techwin and Samsung Electronics products are the same in respects relevant to the '884 patent.  It remains undisputed that the development and sale of many of the accused products overlap between Samsung Techwin and Samsung Electronics.  And it remains undisputed that Samsung Electronics transferred its security business to Samsung Techwin during the relevant damages period, and that Samsung Electronics owns at least 25% of Samsung Techwin.  These undisputed facts teach that joinder of Samsung Techwin and Samsung Electronics is appropriate under the *EMC* test.

Rather than contest these facts, Samsung Techwin argues that *EMC* does not apply in the post-AIA environment.  This court and other courts have continued to apply *EMC* to this day, however.  No fewer than five published opinions of this court since the AIA went into effect rely on the *EMC* test in analyzing severance.[1]  Samsung Techwin relied on two of these cases in its own briefing,[2] as well as two cases from other district courts relying on *EMC* after the implementation of the AIA.[3]  And Samsung Techwin sets forth no basis for the Court to stray from this uniform application of the *EMC* test to requests for severance.  Accordingly, Imperium

---

[1] *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-cv-495, 2012 U.S. Dist. LEXIS 112757, at *11-17 (E.D. Tex. Aug. 10, 2012); *Net Nav. Sys., LLC v. Cisco Sys. Inc.*, No. 4:11-cv-660, 2012 U.S. Dist. LEXIS 187288, at *8-12 (E.D. Tex. Aug. 22, 2012); *NFC Tech., LLC v. HTC Am.*, No. 2:13-cv-1058-JRG, 2014 U.S. Dist. LEXIS 105230, at *7-8 (E.D. Tex. Aug. 1, 2014); *ContentGuard Holdings, Inc. v. Google, Inc.*, Nos. 2:14-cv-61-JRG, 2:13-cv-1112-JRG, 2014 U.S. Dist. LEXIS 51676, at *18-22 (E.D. Tex. Apr. 15, 2014); *Star Co LED Techs., LLC v. Sharp Corp.*, No. 2:13-cv-416-JRG, 2014 U.S. Dist. LEXIS 66634, at *4-8 (E.D. Tex. May 14, 2014).

[2] *See* Dkt. No. 47 at 9; Dkt. No. 50 at 3, 4, citing *Norman*, 2012 U.S. Dist. LEXIS 112757; Dkt. No. 47 at 4, 7, citing *Net Nav.*, 2012 U.S. Dist. LEXIS 187288.

[3] *See* Dkt. No. 47 at 4; Dkt. No. 50 at 3, 6, citing *MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 657-59, 661-62 (S.D. Miss. 2013); Dkt. No. 47 at 9; Dkt. No. 50 at 1, 5, citing *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153, 2012 U.S. Dist. LEXIS 142034, at *10-15 (C.D. Cal. Oct. 1, 2012).

respectfully requests that the Court apply the *EMC* test to the facts here, and deny Samsung

Techwin's motion.

## I.        EMC PROVIDES THE APPLICABLE TEST

Samsung Techwin argues that Imperium's reliance on *EMC* is "unavailing," but then

concedes in its reply brief that "some courts" follow *EMC* in deciding joinder under Section

299.[4]  Left unsaid in Samsung Techwin's reply is that the Eastern District of Texas is one such

court.  Indeed, this court has consistently applied the *EMC* test after the AIA became effective.[5]

In *Norman*, this court explained its rationale: "the *In re EMC* analysis of what constitutes a

common transaction or occurrence for the purpose of Rule 20 is persuasive regarding

interpretation of common transactions or occurrences under AIA."[6]  Other courts have adopted

the same approach.  In *Digitech v. Agfaphoto*, a case Samsung Techwin relied on in its motion

and reply brief, the Central District of California proclaimed that *EMC* "prophesies the reasoning

that the Federal Circuit would likely use in the future to address the new statute [Section 299]."[7]

Accordingly, *EMC* provides the appropriate test for analyzing joinder here.[8]

---

[4] Dkt. No. 50 at 2.

[5] *See, e.g.*, *Net Nav.*, 2012 U.S. Dist. LEXIS 187288, at *8-12; *Norman*, 2012 U.S. Dist. LEXIS 112757, at *11-17; *NFC*, 2014 U.S. Dist. LEXIS 105230, at *7-8; *ContentGuard*, 2014 U.S. Dist. LEXIS 51676, at *18-22; *Star*, 2014 U.S. Dist. LEXIS 66634, at *4-8.

[6] *Norman*, 2012 U.S. Dist. LEXIS 112757, at *11, n.1; *see also Net Nav.*, 2012 U.S. Dist. LEXIS 187288, at *12, n.2 ("Although the Federal Circuit specifically limited their holding in *In re EMC* to cases arising under Rule 20, and not those arising under the AIA, the Court finds the Federal Circuit's reasoning persuasive in analyzing whether the same transaction or occurrence requirement has been satisfied.").

[7] *Digitech*, 2012 U.S. Dist. LEXIS 142034, at *2.

[8] Samsung Techwin also argues that an action that "involves questions of fact that will necessarily not be common to all defendants [] is contrary to Section 299's requirement of common facts among all defendants."  Dkt. No. 50 at 3.  There is no legal basis for this argument, and common sense dictates that if this were the law, no defendants could ever be

## II.     AN APPLICATION OF THE RELEVANT, UNDISPUTED FACTS ESTABLISHES THAT JOINDER IS APPROPRIATE

With *EMC* providing the appropriate framework, the undisputed facts establish that Imperium's joinder of Samsung Techwin and Samsung Electronics is appropriate.

**The accused products are the same in respects relevant to the patent.**  Imperium established in its response brief that the accused products are the same in respects relevant to the '884 patent, as required by *EMC*.  In particular, the accused products' image sensors perform the claimed function in the same way.  As Imperium explained in its complaint and response brief, the accused products include an image sensor that sets the integration time to an integral multiple of the period of the periodic intensity of the lighting, as claimed in the '884 patent.[9]  Samsung Techwin does not dispute that all the accused devices' image sensors function in this same way to avoid flicker.[10]

Samsung Techwin does assert that Imperium's allegations are analogous to those that were severed in *Norman* and *Digitech*, but this assertion is incorrect.  In *Norman*, where the plaintiff sued 25 defendants, the complaint mentioned the allegedly common ARM processor for only 3 of the 25 defendants and never as "a defining characteristic regarding each defendant's alleged infringement."[11]  And in *Digitech*, where the plaintiff sued 45 defendants and accused hundreds of different products, the complaint "generally allege[d] that the infringing digital

---

joined in a single action.  There will always be one or more questions of fact that are not common to all defendants.

[9] Dkt. No. 49 at 4.

[10] Samsung Techwin also does not dispute that its SNB-3000 network camera contains a "flickerless" function that sets the shutter speed to 1/100s to avoid flicker, or that Samsung Electronics' Nexus S cell phone contains a Samsung image sensor that avoids flicker by setting the integration time (which is typically the same as shutter speed) to an integral multiple of 1/100s.

[11] *See Norman*, 2012 U.S. Dist. LEXIS 112757, at *14.

cameras have similarities."[12]  In contrast, the complaint in this case accuses related defendants of infringement and specifies that each of the accused products' image sensors performs the claimed flicker-reduction function by setting the integration time to an integral multiple of the period of the periodic intensity of the lighting.[13]

This *EMC* factor thus favors joinder.

**The alleged acts of infringement occurred during the same time period.**  Samsung Techwin does not dispute that Imperium's allegations of infringement cover the same period of time for the accused Samsung Techwin and Samsung Electronics products.

Samsung argues that this fact is irrelevant, but that argument is belied by the litany of authority applying *EMC* to a joinder analysis under 35 U.S.C. § 299.[14]  Samsung also argues that it has not committed any acts of infringement, but this misses the point.  The relevant *EMC* factor is whether the "alleged" acts of infringement occurred during the same time period.[15]  If a defendant such as Samsung Techwin could negate this factor by simply denying that it committed infringement, the factor would be effectively written out of the test.

This *EMC* factor thus favors joinder.

**Samsung Techwin is related to the other Samsung defendants.**  Samsung Techwin does not deny that it is "part of the Samsung Group," and that Samsung Electronics is "the major stockholder" of Samsung Techwin.  Further, Samsung Techwin admits that Samsung Electronics

---

[12] *See Digitech*, 2012 U.S. Dist. LEXIS 142034, at *11.

[13] Dkt. No. 1 at ¶¶ 22, 26.

[14] Dkt. No. 50 at 5.

[15] *See* Dkt. No. 49 at 3 (*quoting EMC*, 677 F.3d at 1359-60).

owns at least 25% of Samsung Techwin,[16] and that Samsung Electronics transferred its security business to Samsung Techwin in 2010.[17]  It is thus undisputed that there exists a relationship between the defendants.

Samsung Techwin attempts to mitigate these undisputed facts by arguing that the accused products were not sold until 2013.[18]  But Imperium's infringement allegations are not limited to the products listed by model number in the complaint, as the complaint itself identifies.[19]  For example, Samsung Techwin's network camera SNB-5000, an older version of the SNB-5004 listed in the complaint, was sold in 2011 and likely developed during or around the time Samsung Electronics transferred the security business to Samsung Techwin.[20]  Like the infringing SNB-5004, the SNB-5000 also has an anti-flicker mechanism.[21]

This *EMC* factor thus favors joinder.

**The defendants likely have licensing and technology agreements with each other, and overlap of the products' development and manufacture is likely.**  As Imperium detailed in its response brief, because Samsung Electronics transferred its security business to Samsung Techwin during the damages period, there are likely licensing and technology agreements between them and overlap of the products' development and manufacture.[22]  Samsung Techwin

---

[16] *See* Dkt. No. 50 at 6.

[17] *See id.* at 6, 7.

[18] *See id.* at 7.

[19] Dkt. No. 1 at ¶ 21 ("Defendants have infringed . . . by manufacturing, using, selling, offering for sale, and/or importing devices with image sensors, including, but not limited to, the following . . . .").

[20] Ex. O, Samsung Techwin 2011 New Products at 3, 5.

[21] Ex. P, SNB-5000 User Manual at 79.

[22] *See* Dkt. No. 49 at 7-8.

does not deny that it has licensing and technology agreements with the other defendants.[23]  Nor does Samsung Techwin deny that overlap exists in the development and manufacture of the accused Samsung Techwin and Samsung Electronics accused products.[24]

These *EMC* factors thus favor joinder.

**The accused products likely use identically sourced components.**  Imperium set forth in its response brief the publicly-available evidence supporting its belief that many of the accused Samsung Techwin products include the same image sensors as those included in the accused Samsung Electronics products.  This evidence included a statement from Samsung Semiconductor, one of the defendants, that it makes image sensors for network cameras, the very products sold by Samsung Techwin that are accused of infringement.  This evidence also included specifications showing that various Samsung Electronics products accused of infringement include Samsung Semiconductor image sensors.[25]

Samsung Techwin does not dispute that Samsung Semiconductor made this statement, or that these specifications disclose the use of such image sensors.  Instead, Samsung Techwin asserts that "the accused Samsung Techwin network cameras do not implement the Samsung Semiconductor image sensors."[26]  Samsung Techwin provides no support for this assertion, however, citing only to attorney argument in its opening brief and a declaration that does not mention image sensors.[27]  And even if the assertion is accurate, Samsung Techwin notably stops

---

[23] *See* Dkt. No. 50 at 7.

[24] *See id.*

[25] *See* Dkt. No. 49 at 6-7.

[26] *See* Dkt. No. 50 at 7.

[27] *See id.*

short of stating that none of its network cameras employing flicker avoidance technology include a Samsung Semiconductor image sensor.

This *EMC* factor thus favors joinder, or, at the very least, carrying Samsung Techwin's motion until it is established through discovery which of the accused products include the same image sensors.  Samsung Techwin is in possession of that information, but has declined to disclose it through this briefing process.[28]

### III.    IF THE COURT FINDS MISJOINDER, SEVERANCE AND CONSOLIDATION WOULD BE THE APPROPRIATE REMEDY

Severance is the typical remedy for misjoinder in the Eastern District of Texas.[29]  To be sure, Samsung Techwin has not cited a single Eastern District of Texas case or any controlling precedent requiring dismissal in the event of misjoinder.  And Samsung Techwin conceded that severance is the appropriate remedy for misjoinder in its motion, stating:  "If parties are misjoined in violation of the AIA, then Rule 21 of the Federal Rules of Civil Procedure provides the remedy of severance."[30]  Thus, if the Court finds that the defendants were misjoined, Imperium respectfully requests that its allegations against Samsung Techwin be severed rather than dismissed.

Samsung Techwin has also not disputed that consolidation would be appropriate in the event that the Court severs Samsung Techwin.  Imperium requested such consolidation in its

---

[28] Samsung Techwin's assertion that Imperium could have ascertained the image sensors included in Samsung Techwin's products before filing the complaint is specious.  *See* Dkt. No. 50 at 6-7.  Despite Imperium's best efforts to locate it, such information is not publicly available. Imperium contacted several third-parties about breaking down Samsung Techwin cameras to determine this information, but was informed that a breakdown of a single camera would cost at least $25,000, with no assurance that the image sensor could be identified.

[29] *See, e.g.*, *Net Nav.*, 2012 U.S. Dist. LEXIS 187288, at *14; *Norman*, 2012 U.S. Dist. LEXIS 112757, at *30.

[30] Dkt. No. 47 at 4.

response, and Samsung Techwin did not oppose that request in its reply.  In particular, Samsung Techwin effectively concedes that separate cases involving the same underlying patents would waste judicial resources and require the Court to duplicate many activities.  Accordingly, if the Court severs Samsung Techwin, Imperium respectfully requests that the separate cases be consolidated for all pre-trial purposes, including discovery and claim construction.

## CONCLUSION

Application of the *EMC* factors to the facts here shows that Samsung Techwin is properly joined with the other Samsung defendants.  As such, Imperium respectfully requests that the Court deny Samsung Techwin's motion.

Date: November 20, 2014

Respectfully submitted,

/s/ *Alan M. Fisch*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice* pending)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice* pending)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500

Silvia Jordan (*pro hac vice* pending)
*silvia.jordan@fischllp.com*
FISCH SIGLER LLP
432 Park Avenue South
Fourth Floor
New York, NY 10016
Tel: (212) 235-0440

David M. Saunders (*pro hac vice* pending)
*david.saunders@fischllp.com*
Desmond Jui (*pro hac vice* pending)
*desmond.jui@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
Tel: (650) 362-8200

*Attorneys for Imperium IP Holdings
(Cayman), Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2014, the foregoing document was filed

electronically in compliance with Local Rule CV-5(a) and served via email upon counsel of

record.

By: */s/ Alan M. Fisch*
Alan M. Fisch