## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| **IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**<br><br>    **Plaintiff,**<br><br>  **v.**<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA),**<br><br>    **Defendants.** | **Case No. 4:14-cv-00371 (RC)(ALM)**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' PROPOSED SCHEDULING ORDER

The Court ORDERS that the following schedule and deadlines are in effect in this case:

| Proposed Date | Event |
|---|---|
| December 23, 2014 | Deadline to file any motion to transfer. |
| January 13, 2015 | Rule 16 Management Conference. |
| January 16, 2015 | P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions (and P.R. 3-2 document production) to be served. |
| February 17, 2015 | Deadline to join additional parties. |
| To be discussed at Management Conference | Mediation.<br>If the parties agree that mediation is an option, the Court will appoint a mediator or the parties will mutually agree upon a mediator.  If the parties choose the mediator, they are to inform the Court by letter the name and address of the mediator. |
| March 3, 2015 | Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| March 3, 2015 | P.R. 3-3 Invalidity Contentions (and P.R. 3-4 document production) to be served. |

|  | To extent not already required to be disclosed, exchange Mandatory Disclosures other than information directed solely towards damages.<br><br>**[Plaintiff proposes a different date.]** |
|---|---|
| March 13, 2015 | Parties to exchange proposed terms for construction and identify any claim element governed by 35 U.S.C. § 112, ¶ 6 (P.R. 4-1).<br><br>**[Plaintiff proposes a different date.]** |
| April 2, 2015 | Parties to exchange preliminary proposed claim construction and extrinsic evidence supporting same (P.R. 4-2).<br><br>**[Plaintiff proposes a different date.]** |
| April 14, 2015 | Parties' Final Amended Pleadings.<br>(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit.) |
| May 1, 2015 | Joint Claim Construction and Prehearing Statement to be filed (P.R. 4-3).  Provide an estimate of how many pages are needed to brief the disputed claims.<br><br>**[Plaintiff proposes a different date.]** |
| May 5, 2015 | Respond to Amended Pleadings. |
| June 1, 2015 | Completion date for discovery on claim construction (P.R. 4-4).<br><br>**[Plaintiff proposes a different date.]** |
| June 15, 2015 | Opening claim construction brief (P.R. 4-5(a)).<br><br>**[Plaintiff proposes a different date.]** |
| June 29, 2015 | Responsive claim construction brief (P.R. 4-5(b)).<br><br>**[Plaintiff proposes a different date.]** |
| July 7, 2015 | Reply claim construction brief (P.R. 4-5 (c)).<br><br>**[Plaintiff proposes a different date.]** |
| 4 weeks before claim construction hearing | Submit technology synopsis (both hard copy and disk).<br><br>**[Plaintiff proposes a different date.]** |
| 2 weeks before claim construction hearing | Parties to file joint claim construction and chart (P.R. 4-5(d)).  Parties shall work together to agree on as many claim terms as possible. |
| Third week of August 2015 | Proposed Claim Construction hearing, ____a.m./p.m. at the U.S. Courthouse Annex, 200 N. Travis Street, Sherman, Texas.<br><br>**[Plaintiff proposes a different date.]** |
| 5 weeks after claim construction hearing | Provide Initial Mandatory Disclosures of information directed solely to damages. |

| | Deadline for Initial Mandatory Disclosure of all persons, documents, data compilations and tangible things which are relevant to a claim or defense of any party and which has not previously been disclosed. This deadline is not an extension of earlier deadlines set out in this court's order or the Patent Rules, nor an excuse to delay disclosure of information.  It is a "catchall" deadline for provision of all remaining information which may be relevant to a claim or defense of any party at trial.<br><br>**[Plaintiff proposes a different date.]** |
|---|---|
| 9 weeks after claim construction hearing | Parties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B).<br><br>**[Plaintiff proposes a different date.]** |
| 10 weeks after claim construction hearing | Comply with P.R. 3-7 (Designation of Wilfulness Opinions).<br><br>**[Plaintiff proposes a different date.]** |
| 11 weeks after claim construction hearing | Parties to designate Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B).<br><br>**[Plaintiff proposes a different date.]** |
| 13 weeks after claim construction hearing | File Dispositive motions and any other motions that may require a hearing.  Regardless of how many dispositive motions a party files, each party is limited to a total of sixty pages for such motions.  Each individual motion shall comply with Local Rule CV-7.  Responses to motions shall be due in accordance with Local Rule CV-7(e).<br><br>**[Plaintiff proposes a different date.]** |
| 13 weeks after claim construction hearing | Discovery Deadline.  All discovery must be served in time to be completed by this date.<br><br>**[Plaintiff proposes a different date.]** |
| 3 weeks after the expert's report has been disclosed | Objections to any expert, including Daubert motions, shall be filed. Such objections and motions are limited to ten pages each. |
| December 16, 2015 | Notice of intent to offer certified records. |
| December 16, 2015 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (see Local Rule CV-16(b)) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases). |
| December 23, 2015 | Video Deposition Designation due.  Each party who proposes to offer |

| | a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. |
|---|---|
| December 30, 2015 | Deadline to serve a response with any objections to the video deposition designation.  Requesting cross examination line and page numbers to be included.  Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court.  The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| December 30, 2015 | Motions in limine due.<br><br>File Joint Final Pretrial Order.  See Local Rules Appendix D (obtain form for Exhibit List from District Clerk's Office, or create an Exhibit List form that mirrors the District Clerk's form).  Exchange Exhibits and deliver copies to the court.  At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies. |
| January 6, 2016 | Response to motions in limine due.<br><br>File objections to witnesses, deposition extracts, and exhibits listed in Pretrial Order. (This does not extend the deadline to object to expert witnesses).  If numerous objections are filed, the court may set a hearing prior to docket call.<br><br>File proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law.) |
| January 20, 2016 | Docket Call and Final Pretrial at 9:00am by video.<br>Date parties should be prepared to the try the case.  Provide court with two copies of most updated Exhibit List.  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pretrial Order, but may have some deletions depending on rulings on objections.  At this date, the parties should be prepared to give the Deputy Clerk one hard copy of the exhibits. |
| January 25, 2016 | 9:00 a.m. Jury Selection and Trial in Sherman, Texas. |