**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., §<br>§<br>§ | |
| *Plaintiff*, | Case No.: 4:14-cv-00371-RC-ALM |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., SAMSUNG<br>TELECOMMUNICATINS AMERICA,<br>LLC, SAMSUNG SEMICONDUCTOR,<br>INC., SAMSUNG TECHWIN CO., LTD.,<br>AND SAMSUNG OPTO-ELECTRONICS<br>AMERICA, INC. (D/B/A/ SAMSUNG<br>TECHWIN AMERICA), | |
| *Defendants*. | |

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.'S SUPPLEMENTAL SUR-REPLY IN OPPOSITION TO DEFENDANTS SAMSUNG TECHWIN CO., LTD. AND SAMSUNG OPTO-ELECTRONICS AMERICA, INC.'S MOTION TO DISMISS OR <u>ALTERNATIVELY TO SEVER THE PROCEEDINGS (DKT. NO. 47)</u>**

The possible future acquisition of Samsung Techwin by Hanwha Group does not impact the analysis of Samsung Techwin's request for severance under the applicable *In re EMC* test. The proposed sale has not occurred, and indeed may never occur.  As of today, the employees of Samsung Techwin are attempting to block the sale and refusing to negotiate.  (*See* Ex. Q, *Samsung Techwin Staff Call for Samsung Group to Cancel Its Deal with Hanwha,* Korea IT Times, December 5, 2014.)  And if the sale ever does occur, it will not change the undisputed facts that (1) Samsung Electronics owned at least 25% of Samsung Techwin during the entire past damages period,[1] and (2) that Samsung Electronics transferred its security business to Samsung Techwin during that period.[2]   These facts, among others, establish that joinder of Samsung Techwin and Samsung Electronics is appropriate under the *EMC* test.  As such, Imperium respectfully requests that the Court deny Samsung Techwin's motion.

---

[1] *See* Dkt. No. 47-2 at 9; Dkt. No. 47 at 6, Dkt. No. 49 at 5-6; Dkt. No. 50 at 6.

[2] *See* Dkt. No. 50 at 6, 7.

Date: December 5, 2014

Respectfully submitted,

/s/ *Alan M. Fisch*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice*)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Tel: (202) 362-3500

Silvia Jordan (*pro hac vice*)
*silvia.jordan@fischllp.com*
FISCH SIGLER LLP
432 Park Avenue South
Fourth Floor
New York, NY 10016
Tel: (212) 235-0440

David M. Saunders (*pro hac vice*)
*david.saunders@fischllp.com*
Desmond Jui (*pro hac vice*)
*desmond.jui@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
Tel: (650) 362-8200

*Attorneys for Imperium IP Holdings*
*(Cayman), Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2014, the foregoing document was filed

electronically in compliance with Local Rule CV-5(a) and served via email upon counsel of

record.

By: */s/ Alan M. Fisch*_____
Alan M. Fisch