# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § § | |
| V. | § § | CASE NO. 4:14-CV-371 |
| | § | Judge Mazzant |
| SAMSUNG ELECTRONICS CO, LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC., SAMSUNG TECHWIN CO., LTD., and SAMSUNG OPTO-ELECTRONICS AMERICA, INC. (D/B/A SAMSUNG TECHWIN AMERICA) | § § § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.'s Motion to Dismiss or Alternatively to Sever the Proceedings (Dkt. #47). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted in part and denied in part.

### BACKGROUND

Plaintiff Imperium IP Holdings (Cayman), Ltd. ("Imperium") filed its complaint on June 9, 2014, naming Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., Samsung Techwin Co., Ltd., and Samsung Opto-Electronics America, Inc. as defendants (Dkt. #1). Imperium accuses the defendants of infringing U.S. Patent Numbers 6,271,884 (the "'884 Patent"), 6,836,290 (the "'290 Patent"), and 092,029 (the "'029 Patent").

Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. (collectively "Samsung Techwin") file this motion to dismiss or, alternatively, to sever the

1

proceedings concerning them on the basis that they were improperly joined in this suit under 35 U.S.C. § 299 of the Leahy-Smith America Invents Act ("AIA"). Primarily, Samsung Techwin contends that it does not sell the same accused product or process as the other named defendants and assert that it is not properly joined in this litigation.

Samsung Techwin filed its motion to dismiss or alternatively to sever on October 17, 2014 (Dkt. #47). On November 3, 2014, the other defendants filed a response indicating that they were not opposed to the relief requested in the motion (Dkt. #48). Also on November 3, 2014, Plaintiff filed its response in opposition to the motion (Dkt. #49). On November 10, 2014, Samsung Techwin filed its reply (Dkt. #50), and on November 20, 2014, Plaintiff filed its sur-reply (Dkt. #51).

## ANALYSIS

The AIA provides guidelines for determining whether the joinder of certain parties is appropriate. *See* 35 U.S.C. § 299. The AIA limits the joinder of multiple defendants in patent cases. *Id*. The pertinent portion of the AIA reads as follows:

> With respect to any civil action arising under any Act of Congress relating to patents… parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if…
> (1) Any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) Questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299. If parties are misjoined in violation of the AIA, Federal Rule of Civil Procedure 21 provides the remedy of severance. Fed. R. Civ. P. 21 ("On motion or on its own,

the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

Samsung Techwin asserts that it should be dismissed from this litigation because it was improperly joined. Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground for dismissing an action." Courts in the Eastern District of Texas typically sever improperly joined parties, as opposed to dismissing those cases. Samsung Techwin cites some case law for the proposition that courts have dismissed misjoined parties pursuant to Section 299; however, these cases are inapposite to the present case. For example, in *Digitech Image Techs., LLC v. Agafaphoto Holding Gmbh*, No. 8:12-cv-1153, 2012 WL 4513805, at *3 (C.D. Cal. Oct. 1, 2012), the court granted the motion to dismiss or sever for misjoinder and dismissed the moving party from the litigation after the party was severed. However, the California court dismissed the moving party on the basis that, after severance, venue was improper. *Id*. at *3 n.5. The other two cases cited by the Samsung Techwin Defendants similarly do not apply. Thus, the Court agrees that dismissal of the parties is not an appropriate remedy in this case, and will consider whether Samsung Techwin should be severed.

Samsung Techwin asserts that Imperium has no basis to assert that Samsung Techwin is jointly or severally liable with any other defendants, and the Court agrees. Thus, the Court will now turn to whether "any right to relief is asserted… with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." This Court, as well as other courts in the Eastern District of Texas and elsewhere, has used the Federal Circuit's decision in *In re EMC*, to analyze the "same transaction or occurrence" requirement of Section 299. 677 F.3d 1351, 1357-58 (Fed. Cir. 2012); *see also NFC*

*Tech., LLC v. HTC Am.,* No. 2:13-CV-01058-JRG, 2014 WL 3834959, at *2 (E.D. Tex. Aug. 1, 2014); *Norman IP Holdings, LLC v. Lexmark International*, No. 6:11-CV-495, 2012 WL 3307942 (E.D. Tex. Aug. 10, 2012); *Net Navigation Sys., LLC v. Cisco Sys., Inc*., No. 4:11-cv-660, 2012 WL 7827543, at *2 n.2 (E.D. Tex. Aug. 22, 2012) (noting that the Federal Circuit limited its holding in *In re EMC* to cases arising under Rule 20, the Court nonetheless found the Federal Circuit's reasoning persuasive in analyzing whether the same transaction or occurrence requirement was satisfied).

The Federal Circuit noted that the same transaction or occurrence requires a "logical relationship" between the claims, similar to the transaction-or-occurrence test under Federal Rule of Civil Procedure 13(a) for compulsory counterclaims. *In re EMC,* 677 F.3d at 1357-58. "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id*. at 1358. Any allegedly infringing acts must share an aggregate of operative facts in order to be properly joined. *Id*.

> [J]oinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.

*Id*. at 1359. The Federal Circuit also included the following pertinent factual considerations for courts to consider when determining whether the joinder test is satisfied:

> [W]hether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id*. at 1359-60. The Court enjoys considerable discretion in weighing the relevant factors. *Id*. at 1360.

The accused products at issue in this case are alleged to be cell phones, digital cameras, network cameras, tablet computers, and laptop computers (Dkt. #1 at ¶ 21, 32, and 44). Samsung Techwin asserts that it does not make or sell any of the cell phones, laptop computers, digital cameras, or tablet computers that are accused. Samsung Techwin states that it only manufactures and sells "'network cameras' (i.e. cameras used for surveillance or security applications) that are accused to infringe the '884 Patent" (Dkt. #47 at 7). Imperium asserts in response that the products are the same in respects relevant to the '884 Patent. For example, Imperium contends that each of the devices includes an image sensor that performs the claimed function in the same way. Specifically, the '884 Patent accused devices have a circuit on an image sensor that performs the claimed function (Dkt. #1 at ¶ 26). To avoid flicker, the image sensors each set the integration time to an integral multiple of the period of the periodic intensity of the lighting (e.g., 1/100s), as claimed in the '884 Patent. *Id*. at ¶¶ 22, 26. While this particular functionality of the products with respect to the patent may be the same, "the sameness of the accused products or processes is not sufficient." *In re EMC*, 677 F.3d at 1359. The claims must also "share an aggregate of operative facts," which includes "overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id*. Imperium alleges that the time period of the alleged infringement is the same, that Samsung Techwin is part of the Samsung Group, that Samsung Electronics is "the major stockholder" of Samsung Techwin, that the defendants likely have licensing and technology agreements with each other and overlap of manufacture is likely, and that the accused products likely use identically sourced components. However, these arguments do not establish "an aggregate of operative facts" or "overlapping

facts" giving rise to each cause of action. Imperium contends only that the alleged infringing devices were all manufactured during the six years prior to the Complaint being filed. Further, Imperium asserts only that Samsung Techwin is related to the other defendants, but only because it is "part of the Samsung Group," and Samsung Electronics owns at least 25% of Samsung Techwin. Finally, Imperium merely speculates as to the likelihood of licensing and technology agreements among the defendants and the likelihood of identically sourced components. Because there is no evidence indicating that the claims against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process as required by 35 U.S.C. § 299, the Court finds that Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. should be severed from the present action.

Imperium requests that, in the event the Court determines that severance is an appropriate remedy, the severed cases be consolidated for all pretrial purposes. This Court has considerable discretion to consolidate cases in the interest of ensuring judicial economy or safeguarding principles of fundamental fairness under Federal Rule of Civil Procedure 42. *In re EMC*, 677 F.3d at 1360. The Court agrees that it would be beneficial to conserve the resources of the Court and the parties by consolidating these cases for pre-trial purpose, excluding venue. *See Norman IP Holdings,* 2012 WL 3307942 at *4.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc.'s Motion to Dismiss or Alternatively to Sever the Proceedings (Dkt. #47) is hereby **GRANTED IN PART** and **DENIED IN PART**.

The Court **ORDERS** that the claims pertaining to Defendants Samsung Techwin Co., Ltd. and Samsung Opto-Electronics America, Inc. be **SEVERED** into a separate cause of action. Plaintiff shall pay the filing fee for this case within ten (10) days of this order issuing to avoid having the severed cause of action dismissed with prejudice.

Further, the Court **ORDERS** that the above-severed case be consolidated with the present case, Cause No. 4:14-cv-371, for all pre-trial issues excluding venue. The present case, Cause No. 4:14-cv-371, is the lead case, and all parties are instructed to file any future motions in the lead case.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE