# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG SEMICONDUCTOR, INC. <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 4:14-cv-00371 (ALM) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO IMPERIUM'S MOTION
FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS
TO ADD SAMSUNG'S NEWLY-RELEASED AUGUST 2015 PRODUCTS**

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. (collectively "Samsung") submit this opposition to Imperium's Motion for Leave to Amend Infringement Contentions to Add Samsung's Newly-Released August 2015 Products.

Fact discovery is closed.[1] By the time this motion is fully briefed, expert discovery – which has already been extended once -- will be nearly complete.[2] Imperium, nevertheless, is moving -- for the second time (*see* Dkt. No. 109) -- to add new products to this case. The time to add new products has long passed and this motion should be denied.

## I. RE-OPENING DISCOVERY WILL SIGNIFICANTLY PREJUDICE SAMSUNG

Imperium is seeking to add two new products to this case (the Galaxy S6 Edge+ and the Galaxy Note 5) that were released just before the close of fact discovery in late August 2015 (the "August 2015 products"). Imperium argues that Samsung will not be prejudiced by their addition because these products use the same image sensors and image processors as other accused products and, therefore, infringe for the same reasons. (Imp. Br. at 3.) Imperium is wrong.

The fact that these products use the same image sensors and image processors as other accused products does *not* mean that they work the same way and does *not* obviate the need for additional technical discovery. Indeed, that is precisely why Imperium is seeking additional discovery from Samsung -- to determine the structure, function and operation of these products.

---

[1] Fact discovery closed on September 9, 2015. (Dkt. No. 122.) The Court did, however, grant a limited extension of discovery with respect to certain depositions. (Dkt. No. 127.)

[2] Expert discovery closes on October 6, 2015. (Dkt. No. 122.) Samsung's sur-reply brief will be due on or about October 8, 2015.

(*See* Imp. Br. 4-5.)[3] And, in fact, Imperium's infringement arguments for at least the '029 patent are not confined solely to the image sensor and image processor.

The reality is that Samsung -- well after the close of fact discovery and the exchange of expert reports -- will need to provide discovery that will explain precisely how the August 2015 products utilize and implement the image sensors and image processors. And the fact that Samsung already knows Imperium's infringement theories for other products that use certain sensors and processors does not obviate the need to analyze the technical documents and source code relating to the new products. Only then will the parties know whether there are additional infringement and noninfringement arguments that are applicable to these products.

Providing this additional discovery and analyzing this information at this late stage of the case will prejudice Samsung. Instead of focusing on pretrial planning and related activities, Samsung will be forced to expend significant resources collecting and then analyzing technical and damages-related documents, source code and other information concerning the August 2015 products. Imperium is likely to request additional depositions. If these additional technical depositions are necessary, these depositions will likely take place in South Korea, which will further increase the costs and burdens on the parties. Then, as Imperium concedes, the parties will have to exchange burdensome supplemental expert reports and, by implication, additional expert depositions.

The additional fact and expert discovery required by the inclusion of these new products

---

[3] Imperium states that it would "not seek to restrict whatever limited discovery is needed on these [August 2015] products to the September 9 fact-discovery deadline applicable for other products". (Imp. Br. at 5.) This self-serving "concession" is disingenuous – obviously, Samsung cannot produce documents for these products prior to a date that has already passed. Imperium's suggestion that it is gracious by "allowing" Samsung to produce information after the September 9 discovery deadline does not negate the prejudice to Samsung in having to deal now with new product discovery, which is why there is a fact discovery deadline in the firstplace.

will inject inefficiencies into this litigation. Unlike in many of the cases cited by Imperium,[4] fact discovery is closed and expert discovery will likely be over when the Court rules on this motion. If the August 2015 products are added, the parties will have to engage in a new round of fact and expert discovery, while the parties should be focusing on trial planning. Again, the close of fact and expert discovery would be rendered meaningless if Imperium is permitted to add new products at this late date.

## II. IMPERIUM'S PROPOSED AMENDMENT IS NOT IMPORTANT TO THE CASE

Imperium argues that adding the August 2015 products to its infringement contentions is important to the litigation because "if Imperium is not permitted to amend its contentions, Imperium will be precluded from obtaining relief in this case for these new products." (*Id.* at 3.) Imperium further claims that if these products are not added to this litigation, Imperium would need to bring a second lawsuit which would result "in a substantial waste of judicial and litigant time and resources." (*Id.* at 4.) Imperium, again, is wrong.

The importance of adding products for the purpose of increasing damages needs to be weighed against the prejudice the additional products would cause. *See Motorola, Inc. v. Analog Devices, Inc.,* No. 1:03-CV-131, 2004 WL 5633736 at *2 (E.D. Tex. Apr. 20, 2004) (finding the importance of an amendment to infringement contentions to potentially increase damages outweighed by prejudice of expanding the scope of the case). Here, Imperium is already

---

[4] The cases cited by Imperium are inapposite. In *Motion Games, LLC v. Nintendo Co.,* 2015 U.S. Dist. LEXIS 50511, at *5, *11–12 (E.D. Tex. Apr. 16, 2015), the Court rejected defendants' argument that it would be prejudiced by a new infringement theory after the *Markman* process was completed. That is not Samsung's claim of prejudice here. In *Arbitron, Inc. v. Int'l Demographics, Inc.,* No. 2:06-cv-00434 (TJW), 2009 U.S. Dist. LEXIS 3191, at *7 (E.D. Tex. Jan. 16, 2009), the Court found no prejudice because -- unlike here -- discovery was still ongoing. In *Tivo, Inc. v. Verizon Commns, Inc.,* No. 2:09-CV-257-JRG, 2012 U.S. Dist. LEXIS 78431, at *14 (E.D. Tex. June 6, 2012), the Court found no prejudice because -- unlike here – "a significant portion of discovery" concerning the products had been completed.

accusing over 100 products. The inclusion of two additional products for which sales have only recently begun would yield at most a marginal increase in the damages sought by Imperium at trial, while, as explained above, resulting in substantial prejudice to Samsung and inefficiencies in the litigation.[5]

The Eastern District of Texas has also recognized that the timing of the amendment can outweigh any importance to the case and the possibility of a subsequent lawsuit. *See*; *Ziilabs Inc., Ltd. v. Samsung Electronics Co., Ltd.,* No. 2:14-cv-203-JRG-RSP at 1 (D.I. 298) (July 20, 2015 E.D. Tex.) ("The motion was filed on the last day of discovery, and only two days before expert reports were due. . . . The Court cannot gainsay the importance of the amendment to the Plaintiff, but the prejudice to the Defendant at this stage of the case is more compelling."). Here, fact discovery is closed and expert discovery will be closed by the time this motion is fully briefed. It is simply too late in the day to be adding products to the case.

Finally, the mere fact that Imperium might be required to file a separate action for new products should not heavily weigh in favor of adding new products to this suit. *See Alfred B. Levine v. Samsung Telecommunications Am. LLC,* No.2:09-CV-372 (D.I. 446) at 7 (July 25, 2012 E.D. Tex.) ("As to importance, Plaintiff argues that without the new phones he will not be able to fully recover damages, but Plaintiff has not shown that he could not file a new civil action to separately accuse those new phones of infringement. The factor of importance therefore

---

[5] The cases Imperium cites to support its "importance" argument are factually distinguishable. *See Nidec Corp. v. LG Innotek Co.,* 2009 U.S. Dist. LEXIS 106667 (E.D. Tex. Sep. 2, 2009) (finding the importance factor was met because there were a significant number of products (i.e., 190) being added); *Datatreasury Corp. v. Wells Fargo & Co.,* 2010 U.S. Dist. LEXIS 144906 (E.D. Tex. Jan. 19, 2010) (finding the importance factor weighed in plaintiff's favor because the proposed amendment sought to add entire new theories, new products and new claims); *MacLean-Fogg Co. v. Eaton Corp.,* 2008 U.S. Dist. LEXIS 78301, at *5 (E.D. Tex. Oct. 6, 2008) (allowing plaintiff to add a third product to a two product suit that was deemed "essential to the case," and, accordingly, important).

weighs only slightly in favor of granting leave to amend.").[6] Indeed, as with most disputes, the resolution of this litigation (either by jury verdict or settlement) would likely obviate the need for any further lawsuits.

## III. ANY PURPORTED DILIGENCE IS IRRELEVANT

Imperium asserts that it was diligent in seeking leave from the Court to amend its infringement contentions after the August 2015 products' release. But any supposed diligence here is not the issue. What matters is the late stage of these proceedings -- fact discovery has closed, expert discovery will be completed shortly, and the case is well on its way to trial. Whether Imperium sought this leave to amend ten days or one day after the products' release is thus of no consequence -- at some point, discovery must remain closed so that the case may proceed efficiently to adjudication.

In that regard, the *Tivo* case cited by Imperium is different. (Imp. Br. at 2-3.) In *Tivo*, the parties had already completed substantial discovery on the product plaintiff sought to add to the case at the time the motion was decided. *Tivo, Inc. v. Verizon Communications, Inc.,* 2012 U.S. Dist. LEXIS 78431, at *10–11 (E.D. Tex. Jun. 6, 2012). Here, no discovery on the August 2015 products has occurred, as the August 2015 products were released only a few weeks ago.[7]

---

[6] This is unlike the *Tivo* case cited by Imperium (*see* Imp. Br. at 4, n.5), in which the Court reasoned that the inclusion of the Cisco DVR product -- for which a significant portion of discovery had been completed -- would operate to resolve the entire dispute between the parties. *See Tivo,* 2012 U.S. Dist. LEXIS 78431 at *13. Imperium's reliance on *Motorola, Inc. v. Analog Devices, Inc.,* 2004 U.S. Dist. LEXIS 31297 (E.D. Tex. Apr. 8, 2004) is also misplaced. There, the Court allowed one of plaintiff's amendments because the low level of prejudice to the defendant was outweighed by other factors, including the importance of avoiding piecemeal litigation "concerning numerous products, all of which are manufactured with the same relatively simple process." *Id.* at *8. Here, the prejudice to Samsung is not low, and, as noted above, the August 2015 products do not necessarily function in the same way as other accused products with the same image sensors and processors.

[7] Similarly, the other cases cited by Imperium in support of diligence are also inapposite. In each of the cases -- *Motion Games, Mondis Tech, Datatreasury Corp., MacLean-Fogg Co.,*

## IV. A CONTINUANCE MAY BE NECESSARY

Even though Imperium is requesting the addition of only two products, a continuance of the pretrial and trial dates may be necessary. The process of collecting, reviewing and producing technical documents from Korea (some of which may in Korean), providing depositions (if appropriate), likely in Korea, preparing supplemental opening and rebuttal expert reports, and providing additional expert depositions will take months even under the best circumstances. And these additional activities will be taking place while the parties are supposed to be preparing for trial. There simply is not enough time to prepare effectively for trial while at the same time conducting the additional fact and expert discovery that will be necessary if this motion is granted. Furthermore, in addition to distracting Samsung from preparing for trial, the availability of a continuance would not serve to alleviate the prejudice to Samsung as described above.

## V. CONCLUSION

Adding the Note 5 and S6 Edge+ to the case at this late stage would prejudice Samsung -- prejudice that is not outweighed by other factors in the good-cause analysis. The purpose of the Court's scheduling order and the Local Patent Rules is to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Adding new products at this late stage is in direct contravention to this mandate. Accordingly, Samsung respectfully requests that the Court deny Imperium's motion.

---

*and Nidec Corp.* -- plaintiffs had already taken discovery on the new products that they sought to add to their infringement contentions.


Respectfully submitted,

Dated: September 18, 2015

By: /s/ *Steven Pepe, with permission by John F. Bufe*

Jesse J. Jenner
Christopher Harnett
Steven Pepe
Steven M. Balcof
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
*jesse.jenner@ropesgray.com*
*christopher.harnett@ropesgray.com*
*steven.pepe@ropesgray.com*
*steven.balcof@ropesgray.com*

Samuel L. Brenner
Scott S. Taylor
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
*samuel.brenner@ropesgray.com*
*scott.taylor@ropesgray.com*

Michael E. Jones
SBN: 10929400
John F. Bufe
SBN: 03316930
Allen F. Gardner
SBN: 24043679
Potter Minton, PC
110 N. College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
*mikejones@potterminton.com*
*johnbufe@potterminton.com*
*allengardner@potterminton.com*

*Attorneys for Defendants and Counterclaim Plaintiffs Samsung Electronics Co., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

-7-

-8-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 18, 2015.

<div style="text-align:center">*/s/ John F. Bufe*</div>

.