# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § | |
| | § | CIVIL ACTION No. 4:14-CV-371 |
| v. | § | Judge Mazzant |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA, | § | |
| LLC, AND SAMSUNG SEMICONDUCTOR, | § | |
| INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Opposed Motion to Stay Litigation Pending Determination of Imperium's Breach of the Sony License by the District Court of Delaware (Dkt. #171). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement. On November 16, 2015, Defendant Samsung Electronics filed suit against Plaintiff Imperium regarding a settlement and license agreement with Sony Corporation ("Sony License") in the United States District Court for the District of Delaware (*See* Dkt. #171, Ex. 3).

Defendants filed the present motion to stay on November 30, 2015 (Dkt. #171). Plaintiff filed an opposition on December 7, 2015 (Dkt. #179), and Plaintiff filed a reply on December 9, 2015 (Dkt. #182).

## LEGAL STANDARD

District courts have the inherent power to stay proceedings pending before them, but this power is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re M.J. Beebe*, 56 F.3d 1384, 1995 WL 337666, at *2 (5th Cir. May 15, 1995) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Where "there is even a fair possibility that the stay…will work damage to someone else," the party seeking a stay "must make out a clear case of hardship or inequity in being require to go forward." *Landis*, 299 U.S. at 255; *see Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) ("'[A] stay is not a matter of right, even if irreparable injury might result otherwise.' It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"(citation omitted)).

## ANALYSIS

Defendants argue that, under the Sony License, Plaintiff has formally covenanted not to assert the patents-in-suit against the Samsung products incorporating Sony image sensors, or to use Sony image sensors to satisfy any limitation of any claim of the asserted patents (Dkt. #171 at p. 1). Defendants further argue that the Sony License requires that "all disputes and litigation" regarding the Sony License, "its construction and matters connected with its performance be subject to the exclusive jurisdiction of the state and federal courts located in Delaware." (Dkt. #171 at p. 2). Following filing suit in Delaware, Defendants requested expedited relief in the Delaware action and requested that this Court stay all proceedings until the Sony License is properly addressed in the Delaware courts (Dkt. #171 at p. 2).

Defendants assert that a stay will not unduly prejudice Plaintiff, as enforcement of the Sony License is merely the application of terms to which Plaintiff itself agreed, but that Defendants would be prejudiced by proceeding to trial on products for which it has already licensed (Dkt. #171 at p. 6). Second, Defendants argue that a stay will simplify issues in question and trial, specifically in reference to the number of products that incorporate Sony image sensors (Dkt. #171 at p. 6). Defendants contend a stay pending the Delaware action would make it unnecessary for the parties to litigate, experts to address, and the jury to consider these products (Dkt. #171 at pp. 6-7). Finally, Defendants argue that the late timing of this motion is a problem of Plaintiff's making due to attempts to conceal its reliance on Sony sensors as part of proof of infringement (Dkt. #171 at p. 7).

On December 4, 2015, the Delaware court denied Samsung's motion for expedited proceedings, and determined that the Court is in a better position than the Delaware court to resolve, at the very least, the initial issue of whether Imperium asserted infringement against products covered by the Sony License and whether such assertion was made timely or concealed (Dkt. #179, Ex. 1). The Delaware court also stated that "although going to trial is a costly proposition, such costs can be calculated and reimbursed," avoiding irreparable harm. *Id.* Additionally, the court ruled that "while forum selection clauses should generally be enforced, Samsung … did not bargain for the clause and had no 'settled expectations' regarding such," and "interests identified with enforcing such clauses are outweighed under the circumstances at bar by the interests of judicial efficiency and comity." *Id.* Following this reasoning, the Delaware court stayed the litigation pending further order of the court. *Id.*

Defendants' reply brief, while appearing on its face to be support of its motion to stay, does not in fact continue to argue for a stay, but presents a summarization of the circumstances

that led Defendants to file a motion to stay, advisement of collateral proceedings before the Patent Trials and Appeals Board, and requests a status conference.

The Court finds, considering the Delaware court's issuance of a stay and its order making clear its belief that this Court is the proper court to address, at the very least, initial issues in this case, that a stay will not simplify issues for trial or serve any practical purpose under these circumstances.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Opposed Motion to Stay Litigation Pending Determination of Imperium's Breach of the Sony License by the District Court of Delaware (Dkt. #171) is hereby **DENIED**.

**SIGNED this 19th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE