# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § | |
| | § | CIVIL ACTION No. 4:14-CV-371 |
| v. | § | Judge Mazzant |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA, | § | |
| LLC, AND SAMSUNG SEMICONDUCTOR, | § | |
| INC. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Samsung's Motion to Compel the Deposition Testimony of Alan M. Fisch (Dkt. #129). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). Defendants explain that they uncovered during discovery a series of e-mails demonstrating that in 2011, Plaintiff engaged Mr. Alan Fisch to negotiate the sale of its patent portfolio to third parties including Mr. Stuart Kaler, a patent broker (Dkt. #129 at p. 1). Mr. Fisch is counsel to Plaintiff.

Defendants contend that they sought to depose Mr. Fisch after taking the deposition of Plaintiff's Rule 30(b)(6) witness on August 11, 2015 (Dkt. #129 at p. 2). On August 24, 2015, Defendants contacted Plaintiff requesting that it make Mr. Fisch available for deposition and notified Plaintiff that if it did not make him available, Defendants planned to serve Mr. Fisch with a subpoena (Dkt. #129, Ex. J). The subpoena, served on August 31, 2015, directed Mr.

Fisch to appear on September 8, 2015, to give deposition testimony (Dkt. #129, Ex. K; Dkt. #132, Ex. 11).  September 9, 2015, marked the discovery deadline in this case (Dkt. #70).

Defendants filed the current motion to compel Mr. Fisch's testimony on September 9, 2015 (Dkt. #129).  Plaintiff filed a response on September 28, 2015 (Dkt. #132). Defendants filed a reply on October 8, 2015 (Dkt. #142), and Plaintff filed a surreply on October 19, 2015 (Dkt. #148).

## LEGAL STANDARD

To determine when it is proper to allow opposing counsel to be deposed, the Fifth Circuit applies a three factor test that the party seeking the deposition must meet: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999).

## ANALYSIS

The present motion to compel the deposition of Mr. Fisch was filed on September 9, 2015, the day discovery closed, and therefore Defendants ask the Court to order a limited deposition of Mr. Fisch out of time (Dkt. #129).  Defendants argue that this measure is appropriate because the testimony it seeks is not privileged and has nothing to do with Plaintiff's litigation and trial strategies being that the communications in question took place in 2011 (Dkt. 129 at p. 6).  Further, Defendants contend that the subject matter of the deposition is crucial to Defendants' efforts to defend against Plaintiff's claim and is not available from other sources (Dkt. #129 at p. 3).

Plaintiff contests these assertions, stating that Defendants have other means to obtain the information it allegedly wants from a deposition of Mr. Fisch (Mr. Kaler and contemporaneous

e-mails between Mr. Kaler and Samsung regarding the licensing discussions between Mr. Kaler and Mr. Fisch), that the information it seeks is neither crucial nor relevant to the case, and that the subpoena is untimely, unduly burdensome, and improper (Dkt. #132 at pp. 8-15).

Defendants retort that they offered Plaintiff the option of rescheduling the return date of the subpoena and Mr. Fisch's deposition to a time convenient for him (Dkt. #142 at p. 5). Further, Defendants argue that Plaintiff did not provide any Rule 30(b)(6) testimony until August 11, 2015, and in this testimony, the witness "confirmed that the only source of Imperium's information about the meetings with Mr. Kaler would be Mr. Fisch." (Dkt. #142 at p. 5).

The Court does not find a justification for taking the deposition of Mr. Fisch out of time. Defendants provide no adequate explanation for their subpoena and deposition request that allowed for a mere four business-days of notice for a deposition to be taken the day before the discovery deadline.  Defendants argue that they made an offer to reschedule the return date of the subpoena and the deposition, but doing so would only further extend the lateness of the deposition.

In addition, the Rule 30(b)(6) testimony as quoted by Defendants, does not state that it would be necessary for Defendants to ask Mr. Fisch in order get information relating to Plaintiff's 2011 efforts to sell its patent portfolio.  Rather, the witness testified, in response to a question regarding knowledge of the "exchange of any monetary figures in those discussions," that if *he* needed to know that information, *he* would "probably" talk to Mr. Fisch (Dkt. 129, Ex. I at p. 140).  The witness merely testified how he would seek out this information, not how Defendants must necessarily seek out this information.   While Plaintiff's witness might be inclined to talk to Mr. Fisch, he made no indication that Mr. Kaler would not also be an adequate

source of the exchange of monetary figures in discussions between Mr. Kaler and Mr. Fisch in 2011.

Defendants explain that they unearthed emails between Mr. Kaler and Mr. Fisch during discovery, but do not explain why they relied upon the Rule 30(b)(6) witness for information regarding those communications.  Importantly, if Defendants truly relied upon the Rule 30(b)(6) witness alone for information regarding communications between Mr. Kaler and Mr. Fisch, Defendants provide no adequate explanation for the delay between the August 11 testimony and the August 24 communication requesting to depose Mr. Fisch and threatening the service of a subpoena (Dkt. #129, Ex. J).

Even if the Court agreed with Defendants that this request was made in a manner which justified a deposition out of time, the Court is not convinced that no other means exist to obtain the desired information than to depose Mr. Fisch.  Defendants fail to demonstrate that the potentially relevant information they seek—the exchange of monetary figures—could not be obtained through Mr. Kaler.  Defendants merely seek Mr. Fisch's deposition as he "is the only person who can confirm the truthfulness of Mr. Kaler's testimony" (Dkt. #142 at p. 2).  The relevant legal standard for deposing opposing counsel is whether there are other means to obtain the information.  Here, the potentially relevant information is the content of the conversation between Mr. Kaler and Mr. Fisch, which could be obtained through Mr. Kaler or contemporaneous e-mails.  Defendants state in their motion that "Samsung simply wants the facts from Mr. Fisch relating to his conversations with Mr. Kaler."  (Dkt. #129 at p. 5).

Defendants are not entitled, under *Nguyen*, to Mr. Fisch's personal recollection of the conversations, rather than the content of the conversations themselves.  If parties could simply characterize the "information" sought from opposing counsel as the personal recollection related

to the information, inherently obtainable by no other means that by deposing opposing counsel, this would render the first *Nguyen* factor—"no other means exist to obtain the information than to depose opposing counsel"—meaningless.

## CONCLUSION

It is therefore **ORDERED** that Samsung's Motion to Compel the Deposition Testimony of Alan M. Fisch (Dkt. #129) is hereby **DENIED**.

**SIGNED this 20th day of January, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE