# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG § TELECOMMUNICATIONS AMERICA, § LLC, AND SAMSUNG SEMICONDUCTOR, § INC. § | CIVIL ACTION No. 4:14-CV-371<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Opposed Motion for Leave to File Motion for Summary Judgment Out-of-Time (Dkt. #155). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). In mandatory disclosure on February 12, 2015, Defendants informed Plaintiff that Sony, among other companies, was a supplier of image sensors for Samsung's products (Dkt. #155, Ex. K). On March 9, 2105, Defendants further specified in response to interrogatories which products contained Sony image sensors (Dkt. #155, Ex. L). On April 2, 2015, Plaintiff produced to Defendants Imperium's 2013 Settlement and License Agreement with Sony Corporation ("Sony License Agreement") that concerns the patents-in-suit (Dkt. #155, Ex. B; Dkt. #169, Ex. 3).

September 9, 2015, marked the discovery deadline and the deadline to file dispositive motions (Dkt. #70 at p. 3). That same day, Plaintiff's damages expert, Michele Riley, called

1

attention to Sony sensors in her expert report: "As Exhibit 6A – 7D shows, certain of these sensors were purchased by Samsung from Sony. I understand that Imperium is not accusing those sensors of infringement in this case." (Dkt. #155, Ex. Q). Also that same day, September 9, 2015, Plaintiff's technical expert Dr. Cameron H.G. Wright presented his infringement report (Dkt. #155, Ex. R). This infringement report details, in part, the alleged infringement of Claim 14 of asserted U.S. Patent No. 7,092,029, which includes, among other items, an image sensor (Dkt. #155, Ex. R at p. 191; Dkt. #1, Ex. C at col. 14). In demonstrating "exemplary support" for this limitation of an image sensor, the report points to Defendants' supplemented response to interrogatories identifying image sensors used in Samsung products (Dkt. #155, Ex. R at p. 184; Ex. M). Of particular note is that at least one of Dr. Wright's citations points to a product disclosure that lists, as the image sensors, only Sony image sensors (Dkt. #155, Ex. M at p. 4).

Defendants contend that they "did not know before September 9 that Imperium would rely on Sony sensors to prove infringement, but once it learned that this is what Imperium was doing, Samsung worked diligently to bring this issue promptly before the Court." (Dkt. #155 at p. 12). Nearly eight weeks later, on November 3, 2015, Plaintiff filed the current motion for leave to file summary judgment out-of-time, alleging that accused products containing Sony image sensors are licensed to the patents-in-suit under the Sony License Agreement (Dkt. #155 at p. 2). On November 23, 2015, Plaintiff filed its opposition brief (Dkt. #169). On December 4, 2015, Defendants filed their reply (Dkt. #178) and on December 11, 2015 Plaintiff filed a sur-reply (Dkt. #183).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 6(b) states that if a request is made to extend time after the original time has already expired, the court may "for good cause, extend the time ... if the

2

party failed to act because of excusable neglect." The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir.2003). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S & W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536-38 (5th Cir. 2003).

Defendants must first satisfy the requirements of Rule 6(b), which specifically requires that Defendants show they failed to timely file the motion for summary judgment because of "excusable neglect." Fed. R. Civ. P. 6(b); *Rivero v. Sunbeam Products, Inc.*, No. SA-08-CV591-XR, 2010 WL 1752532 (W.D. Tex. Apr. 29, 2010). "Relevant factors used to determine 'excusable neglect' include: 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' " *Rivero*, 2010 WL 1752532, at *1 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir.2006)).

## ANALYSIS

Defendants argue that they are entitled to an extension to file a motion for summary judgment because of "excusable neglect." Defendants assert that Plaintiff obscured the fact that it is relying upon Sony sensors for purposes of infringement during fact discovery, and therefore in only became apparent on September 9 that Plaintiff was relying upon Sony image sensors to

show infringement (Dkt. #155, at pp. 2, 8). However, much of the information relied upon by Defendants to support its motion for summary judgment was known, or should have been known, by Defendants before September 9. First, as Defendants explain, the accused Samsung-Sony products comprise almost half of the accused products in this lawsuit (Dkt. #155 at p. 3). Second, Defendants were aware that the patents-in-suit include, at least as one limitation, "an image sensor coupled to a memory" (Dkt. #1, Ex. C at col. 14, ln. 3). Third, Defendants had identified accused products that contain, as the only image sensor, a Sony image sensor (Dkt. #155 at p. 8). Fourth, Defendants had access to the Sony License Agreement as of April 2, 2015 (Dkt. #169, Ex. 3). Considering these factors, the Court finds that even if Plaintiff "obscured" the fact that it is relying upon Sony image sensors, Defendants could have been aware of the potential relevance of the Sony License regarding what it describes as almost half of the accused products long before September 9, 2015, such that the timing of the filing was in the reasonable control of Defendant. This tends to suggest that the current filing is not untimely due to "excusable neglect."

Further, even if the Court found that September 9, 2015, was the first day that Defendants could reasonably understand that, in its view, Plaintiff is improperly relying on licensed Sony image sensors to attempt to satisfy limitations of the asserted claims, the Court considers the length and reason for the delay in filing this motion for leave on November 3, 2015. Defendants argue that the fifty-five days from its learning of this issue on September 9, 2015, and the passing of the date for dispositive motions was "due to corresponding and conferring with Imperium, and confirming through the expert deposition that its experts were, in fact, relying on Sony image sensors," is not significant and would result in a full briefing well before trial (Dkt. #155 at pp. 12-13). Following September 9, 2015, but before filing the present motion for leave,

4

Defendants filed a Motion to Strike Products in response to Plaintiff's expert's report (Dkt. #135), a Motion to Exclude Opinions of Plaintiff's expert Dr. Wright (Dkt. #136), a Motion to Exclude Opinions of Plaintiff's expert Michele Riley (Dkt. #137), a request to extend the expert discovery deadline (Dkt. #139), and a Motion to Strike Portions of Dr. Wright's Rebuttal Report (Dkt. #143). Defendants communicated with Plaintiff regarding the Sony License Agreement several times (Dkt. #155, Ex. C, D), and took two depositions that, in part, addressed the Sony License Agreement and infringement (Dkt. #155, Ex. W, X). Yet for nearly eight weeks, Defendants did not make a motion to the Court that it intended to request leave to file a motion out-of-time. The Court recognizes that preparing a motion for summary judgment can be intensive and time-consuming. However, the Court finds it significantly less excusable to delay a request for leave to file, particularly where the request concerns as time-sensitive and impactful an issue as summary judgment.

Considering specifically the length of this delay and the reason for the delay, including that the information relevant to this motion was largely within Defendants' possession prior to September 9, 2015, the Court does not find there to be excusable neglect in Defendants' late filing.

It is therefore **ORDERED** that Defendants' Opposed Motion for Leave to File Motion for Summary Judgment Out-of-Time (Dkt. #155) is hereby **DENIED**. Since leave was not granted, the Clerk is instructed to terminate Defendants' Motion for Partial Summary Judgment that the Accused Samsung-Sony Products are Licensed (Dkt. #157) as an active motion.

The Court recognizes that issues regarding the Sony License Agreement and its significance to the case at hand are greatly disputed between the parties. Defendants, as one specific example, noted in their motion that "exclusive jurisdiction for determination of

Imperium's breach of the Sony License and resulting damages due to Samsung from Imperium lies in state and federal courts in Delaware." (Dkt. #155 at p. 3). Additionally, Plaintiff has limited the number of products and the claims asserted (Dkt. #170, #213). With trial rapidly approaching, the Court requests that the parties each prepare, with consideration given to this order and the actions of the District Court of Delaware, a limited briefing (10 pages of briefing, not including exhibits) describing how issues related to the Sony License Agreement should affect the trial. These briefs shall be filed by noon on Thursday, January 28, 2016.

**SIGNED this 21st day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE