# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § | |
| v. § § | CIVIL ACTION No. 4:14-CV-371<br>Judge Mazzant |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG SEMICONDUCTOR, INC. § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Imperium's Motion to Strike Portions of the Expert Report of M. Ray Perryman, PhD (Dkt. #144). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

### BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). Plaintiff accused various Samsung products, including products containing Sony image sensors (Dkt. #144 at p. 2; Ex. 2 at p. 2-3). Defendants answered the complaint on September 22, 2014, asserting, among several defenses, license and patent exhaustion defenses (Dkt. #29). Plaintiff propounded a set of interrogatories to Defendants on February 3, 2015 (Dkt. #144, Ex. 3). Interrogatory No. 11 asked, among other things, to "[s]tate the complete factual and legal bases upon which You rely to support Your covenant not to sue, express or implied license, patent exhaustion, and/or exhaustion/implied license defenses…" (Dkt. #144, Ex. 3 at pp. 8-9). Defendants responded that discovery was just beginning, ongoing, and that they had not completed investigation of the facts related to this Interrogatory, but they would supplement this response as investigation continued in accordance with Fed. R. Civ. P. 26(e) (Dkt. #144, Ex.

1

4 at p. 23). During discovery, Plaintiff produced a settlement and license agreement with Sony (the "Sony License") on April 2, 2015 (Dkt. #144, Ex. 5). During discovery, Defendants did not supplement Interrogatory No. 11 with reference to the Sony License. Discovery closed on September 9, 2015.

On September 24, 2015, Defendants communicated with Plaintiff that, in response to Defendants' Expert Report of Cameron H.G. Wright on infringement, they believed that Plaintiff "for the first time made clear that it was accusing Samsung products that incorporate and use Sony image sensors," and that they argue that these products are "in fact *already licensed* under Imperium's patents, including the three patents-in-suit" within the meaning of the Sony License (Dkt. #144, Ex. 8 at p. 1) (emphasis in original). Defendants supplemented their answer to Interrogatory No. 11 regarding the Sony License three days later on September 27, 2015 (Dkt. #144 Ex. 9). On September 28, 2015, Defendants served the expert report of its damages expert, M. Ray Perryman in which Dr. Perryman relied on understandings regarding the effect of the Sony License to exclude certain products from his damages analysis (Dkt. #144, Ex. 10 at pp. 88-89).

On October 16, 2015, Plaintiff filed the present motion to strike portions of Dr. Perryman's report related to issues involving the Sony License (Dkt. #144). Defendants filed a response on November 2, 2015 (Dkt. #154). Plaintiff filed a reply on November 13, 2015 (Dkt. #164). Plaintiff filed a second reply on November 18, 2015, in order to correct an inadvertent error (Dkt. #165). Defendants filed a sur-reply on December 3, 2015 (Dkt. #176).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A

district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91.

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony." Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure requirements for other expert witnesses, mandating that the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Federal Rule of Civil Procedure 26(a)(1)(A) concerns compulsory discovery, stating:

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

> **(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
> **(iii)** a computation of each category of damages claimed by the disclosing party-- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
> **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Federal Rule of Civil Procedure 37(c)(1) expounds on the penalties for failing to comply with Rule 26(a), stating: "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

## ANALYSIS

Plaintiff challenges the opinions of Dr. Perryman under Rule 26 for "failing to raise its Sony License defense until discovery had closed and expert reports had been served" (Dkt. #144 at p. 6). Plaintiff asserts that Defendants "did not disclose during discovery that it intended to rely on the Sony license as a basis for its license defense … violat[ing] Samsung's obligations under Rule 26 to disclose to Imperium, without awaiting a discovery request, any information it may use to support its claims and defenses" (Dkt. #144 at p. 6). Upon review of the pleadings and the relevant documents, the Court finds that Defendants met their burdens of production under Rule 26. Rule 26 concerns the production of certain information and materials, or in Plaintiff's words, "any information it may use to support its claims and defenses" (Dkt. #144 at p. 5). In this current dispute, Defendants contest the assertion of the Sony License, but Rule 26 concerns the production of the information itself. Plaintiffs were in possession of the Sony

4

License since the inception of the agreement. Therefore, even if the Court determined that the timing of Defendants' disclosure of its license defense, associated information, and expert reports reliant on assumptions pertaining to the Sony License were not substantially justifiable, the Court finds that such failure was harmless.

## CONCLUSION

It is therefore **ORDERED** that Imperium's Motion to Strike Portions of the Expert Report of M. Ray Perryman, PhD (Dkt. #144) is hereby **DENIED**.

**SIGNED this 28th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE