# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG § TELECOMMUNICATIONS AMERICA, § LLC, AND SAMSUNG SEMICONDUCTOR, § INC. § | CIVIL ACTION No. 4:14-CV-371 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Samsung's Motion to Exclude Opinions of Michele M. Riley Pursuant to Federal Rules of Evidence 402, 403, 702 & 703 (Dkt. #137). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). On September 9, 2015, Plaintiff served Michele M. Riley's Expert Report on Damages (Dkt. #137, Ex. A). On September 18, 2015, Plaintiff served a supplemental report by Ms. Riley (Dkt. #137, Ex. B). On September 30, 2015, Defendants filed the present motion to exclude Ms. Riley's opinions (Dkt. #137). On October 19, 2015, Plaintiff filed a response (Dkt. #146). On October 29, 2015, Defendants filed a reply (Dkt. #149), and on November 9, 2015, Plaintiff filed a sur-reply (Dkt. #160).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district court must make a preliminary determination, when requested, as to whether the

1

requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91.

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony." Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure requirements for other expert witnesses, mandating that the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

## ANALYSIS

Defendants assert that Ms. Riley did not employ a reliable methodology in developing her opinion regarding damages, and specifically, that she does not include apportionment between patented and unpatented features in accordance with the Federal Circuit's ruling in *VirnetX v. Cisco Sys. Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) (Dkt. #149 at p. 1). In *VirnetX*, the Federal Circuit stated:

> [T]he requirement that a patentee identify damages associated with the smallest salable patent-practicing unit is simply a step toward meeting the requirement of apportionment. Where the smallest salable unit is, in fact, a multi-component product containing several non-infringing features with no relation to the patented, the patentee must do more to estimate what portion of the value of that product is attributable to the patented technology.

*Id.* at 1327-28. Defendants further argue that Ms. Riley's "reference range" in determining the royalty rates for each of the asserted patents is unreliable (Dkt. #149 at p. 1).

Plaintiff argues that the dispute is factual in nature and it is the role of the finder-of-fact to resolve such disputes between the parties' experts. Plaintiff insists that cross-examination during trial is the appropriate setting for Defendants to advance their factual contestations (Dkt. #160 at p. 1). Plaintiff argues that, far from ignoring the apportionment requirement, Ms. Riley "calculated the profits attributable to the image sensors and processors in the Samsung accused products and then apportioned those profits to account for the infringing features—as opposed to the unpatented features—of those image sensors and processors" (Dkt. #160 at p. 1; Dkt. #137, Ex. B at p. 49-51). Second, Plaintiff argues that Ms. Riley's reference range is not unreliable due to her use of an agreement between entities ESS and Imperium (Dkt. #160 at p. 2). Plaintiff argues that, particularly since the testimony of Plaintiff's 30(b)(6) witnesses identified ESSTI, an ESS company, and Imperium as "both individual investments from the same fund," "managed by, in essence, mostly the same group of individuals, but … are two separate entities." (Dkt. 149, Ex. B at p. 152-153).

The Court finds that opinion of Ms. Riley "does more" as required under *VirnetX* to estimate the value attributable to the asserted patented technology. The factual disputes between the experts and between the parties are not issues for the Court to determine, particularly those such as the disputed relationship between ESS and Imperium.

3

**CONCLUSION**

It is therefore **ORDERED** that Samsung's Motion to Exclude Opinions of Michele M. Riley Pursuant to Federal Rules of Evidence 402, 403, 702 & 703 (Dkt. #137) is hereby **DENIED**.

SIGNED this 28th day of January, 2016.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE