# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG § TELECOMMUNICATIONS AMERICA, § LLC, AND SAMSUNG SEMICONDUCTOR, § INC. § | CIVIL ACTION No. 4:14-CV-371 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Imperium's Motion for Leave to Amend Infringement Contentions to Add Samsung's Newly Released August 2015 Products (Dkt. #125). After reviewing the motion and the relevant pleadings, the Court finds that the motion is denied.

### BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). On August 31, 2015, Plaintiff filed the current motion to add newly released products (Dkt. #125). Defendants filed a response on September 18, 2015 (Dkt. #130). Plaintiff filed a reply on September 28, 2015 (Dkt. #131).

### LEGAL STANDARD

Under the Local Rules for the Eastern District of Texas, Appendix B Patent Rules, leave to amend infringement contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). 'Good cause,' according to the Federal Circuit, "requires a showing of diligence." *O2 micro Int'l Ltd. v. Monolithic Power Sys.,*

1

*Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;
2. The reason for the delay, including whether it was within the reasonable control of the movant;
3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of civil procedure; and
5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F.Supp.3d 538, 540-41 (E.D. Tex. 2015) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620, 625 (E.D. Tex. 2007)).

## ANALYSIS

Plaintiff argues that it diligently sought to amend its contentions after the release of new products released by Defendants in August 2015, that the products are important to the litigation, no continuance is necessary, and that the addition will not prejudice Defendants (Dkt. #125 at pp. 1-5). Defendants contest these assertions, contending that re-opening discovery will significantly prejudice Samsung, that diligence is not the driving issue, that a continuance may be necessary, and the amendment is not important to the case (Dkt. #130).

The Court acknowledges that Defendant have, and may continue to release products that may be related to the asserted patents or have ties to the current litigation. However, the Court finds that the inclusion of the products may have an impact on damages, but not many of the issues in question, such as the license agreement, the validity of the patents, and infringement of the many accused products. The Court must weigh the timing of amendments against factors such as the need for additional discovery and the timing of trial. In this case, the Court believes that, should there be additional disputes following this trial, the resolution of this matter will likely dramatically limit the scope and number of issues to be decided by a court or jury or to be resolved by settlement.

## CONCLUSION

It is therefore **ORDERED** that Imperium's Motion for Leave to Amend Infringement Contentions to Add Samsung's Newly Released August 2015 Products (Dkt. #125) is hereby **DENIED**.

**SIGNED this 28th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE