IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COURT NO. 4:01CR00089-001 |
| | § | |
| RICHARD JAMES TUCKER, | § | |
| Defendant | § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO AMEND RESTITUTION AND MOTION TO AMEND RESTITUTION PERCENTAGE**

**I. ISSUE PRESENTED**

Although Defendant Richard James Tucker has a continuing obligation to pay restitution to the victims of his crimes to the best of his ability, he has filed motions with the Court seeking to give him "incentive" to work. *See* Dkt. Nos. 125, 126. He asks the Court to bless a new restitution schedule that, if approved, would significantly undercut the Government's enforcement capabilities. By asking to limit the Government's enforcement powers, Tucker essentially asks this Court to void part of its judgment. Tucker's request for relief should be denied.

**II. BACKGROUND**

**A.    Tucker sentenced and ordered to pay restitution.**

When Tucker was sentenced on July 31, 2002, he was ordered to pay more than $15 million in restitution to the victims of his crimes. Tucker was ordered to pay that amount immediately. *See* Judgment, Dkt. No. 84.

**B.     Government's enforcement efforts in late 2015 net some recovery**.

In October 2015, the Government filed garnishment actions under the Federal Debt Collection Procedures Act ("FDCPA") to obtain non-exempt assets from Tucker and his wife's accounts. *See* Dkt. No. 115.   The Government reached an agreement with Tucker and his wife as to the amounts of the funds to be garnished and the Court entered an Order adopting that Agreement. *See* Dkt. Nos. 120, 121.

**C.     Government pursues further discovery from Tucker as further enforcement of judgment.**

On January 20, 2016, the Government filed a Motion with the Court seeking an order to have discovery subpoenas served on various witnesses by the United States Marshal's Service. *See* Dkt. No. 123.   This discovery regards the financial condition of the debtor and is expressly authorized by the Rules and the FDCPA. *See* FED. R. CIV. P. 69(a)(2) (a judgment creditor is allowed to obtain discovery from any person—including the judgment debtor); 28 U.S.C. § 3015(a).   The Court has not yet ruled on that Motion.

**D.     Tucker asks the Court to order the Government to stop enforcing the judgment.**

In an effort to avoid the Government's discovery efforts, Tucker filed a series of Motions with the Court seeking the following relief:

**1.     Limit discovery and stop the Government from enforcing the judgment.**

Tucker asks the Court to order him to pay a finite rate of 30% of his income to the restitution, provided that the Court disallow the Government from proceeding with the discovery authorized by the Rules. *See* Dkt. Nos. 125, 126.   And if the Government were

to conduct any discovery into Tucker's finances, the 30% payment rate would be cut down to 15%. Dkt. No. 126. Although Tucker admits in his motions that he made numerous asset transfers to his daughters and other parties, he now asks the Court to ignore those (possibly fraudulent) transfers. Dkt. No. 125, ¶ 6.

2. **Renege December 2015 agreement on garnishment.**

When the Government garnished Tucker's and his then-wife's bank accounts in October 2015, it did so pursuant to Federal law. *See*, *e.g.*, *United States v. Loftis*, 607 F.3d 173 (5th Cir. 2010). Despite that Tucker and his then-wife both agreed to the resolution of the garnishment (which had the Government take 50% of those accounts), Tucker now seeks to have his future restitution obligations offset so that he can pay his now-ex-wife back the amounts that she he and she agreed to have garnished from her accounts. *See* Dkt. No. 126.

3. **Give him "incentive" to work.**

Tucker claims that he has no incentive to work unless the Court blesses his 30% payment-but-no-other-enforcement proposal. He explains that he has a job offer but that he will not accept the job offer unless the Court accedes to his demands. And if the Court does not give in to his threats, Tucker will only work in a part-time capacity because he would prefer to be under-employed than to have to comply with the terms of the criminal judgment and its corresponding enforcement by the United States Attorney's Office. *See* Dkt. No. 127, p. 5.

## III. TUCKER WAS ORDERED TO PAY RESTITUTION JUDGMENT IMMEDIATELY

**A.   Judgment was ordered to be paid in full immediately.**

When Tucker was sentenced, he was ordered to pay more than $15 million in restitution to the victims of his crimes. Tucker was ordered to pay that amount immediately. *See* Judgment, Dkt. No. 84, at p.6; *see also* 18 U.S.C. § 3572(d)(1) ("[a] person sentenced to pay [restitution] shall make such payment immediately … ."). As of February 3, 2016, the restitution remains unpaid in the amount of $15,169,738.49.

**B.   The 10% payment plan in the judgment is a *de minimis* obligation that does not prevent Government from enforcing judgment in greater amounts.**

Although the Judgment required Tucker to pay only 10% of his earnings to restitution, that amount was a basement and not a ceiling. Nothing in Tucker's judgment prevents the government from collecting restitution immediately in greater amounts than the *de minimis* payment plan (10%) contemplated by the judgment. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam). For example, if Tucker were employed, the United States could garnish up to 25% of his wages through the Federal Debt Collection Procedures Act. *See* 28 U.S.C. § 3205.

## IV. THE GOVERNMENT'S ENFORCEMENT POWERS CANNOT AND SHOULD NOT BE LIMITED

When the Court ordered Tucker to pay restitution, it did so pursuant to Congress's mandate. *See* Dkt. No. 84; *see also* 18 U.S.C. §§ 3663A; 3664 (Mandatory Victim Restitution Act). And when the Justice Department enforces such a judgment, it does so

pursuant to similar Congressional mandate. 18 U.S.C. § 3771(a)(6) (Crime Victims' Rights Act requires aggressive enforcement of the restitution judgment to maximize restitution recovery for crime victims). "Congress directed the Attorney General to aggressively enforce restitution orders with the 'inten[t] that the Department [of Justice] would commit the resources necessary to ensure that the rights of victims are enforced." *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002) (quoting Victim Restitution Act of 1995, Pub. L. No. 104-132, at 23, 1996 U.S.C.C.A.N. 924, 936).

Judgment creditors—such as the United States in this case—are allowed to use civil discovery to aid in the enforcement of judgments. Fed. R. Civ. P. 69(a)(2) allows a judgment creditor to obtain discovery from "any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FED. R. CIV. P. 69(a)(2). In the Fifth Circuit, "[t]he scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir.1995). And the discovery provisions of the Federal Rules of Civil Procedure are to be liberally construed to afford parties the right to obtain information pertinent to the pending controversy, regardless of whether the information is sought in pre-trial or post-judgment discovery. *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir.1967).

"The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 589 (W.D.Tex.2000), citing *LeGrand*, 43 F.3d at 172

and *McWhirter*, 376 F.2d at 106. Just like the broad discovery permitted under the FDCPA regarding the financial condition of the debtor, the text of Rule 69 authorizes a judgment creditor to obtain discovery over "any person" and not just the judgment-debtor. *See* FED.R.CIV.P. 69(a)(2).[1]

Here, the Government's discovery efforts are absolutely appropriate and necessary. In simultaneous pleadings, Tucker first admits that he transferred cash and assets to his family members while later affirming under oath that he made no asset transfers of any kind. *Compare* Dkt. No. 125, p.2 at ¶ 6 *with* Dkt. No. 127, p. 7 at ¶ 8. Tucker seeks to avoid accountability with respect to his future income and his past asset transfers. The Government's discovery efforts into Tucker's financial circumstances should not be hindered.

## PRAYER

For the reasons set forth above, the United States respectfully requests that the Court deny Defendant Richard James Tucker's Motions for restitution-related relief (Dkt. Nos. 125, 126) in their entirety.

---

[1] Third-party discovery may be conducted using any available Federal Rule of Civil Procedure or state law, even when the Court follows state methods and practices for enforcing the judgment. *Fuddruckers, Inc. v. KCOB I, LLC*, 31 F.Supp.2d 1274,1278 (D.Kan. 1998); *Blaw Knox Corp. v. AMR Indus., Inc.*, 130 F.R.D. 400, 402 (E.D.Wis. 1990) (third-party discovery proper under Fed.R.Civ.P. 45 even though condition applicable under state law had not been met).

        Respectfully submitted,

        JOHN M. BALES  
        UNITED STATES ATTORNEY  
        EASTERN DISTRICT OF TEXAS

        */s/ Robert Austin Wells /s/*  
        Robert Austin Wells  
        Assistant U.S. Attorney  
        State Bar No. 24033327  
        110 N. College, Suite 700  
        Tyler, Texas 75702  
        Tel: (903) 590-1400  
        Fax: (903) 590-1437  
        Email: robert.wells3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, I electronically filed this document with the Clerk of the United States District Court for the Eastern District of Texas using the CM/ECF system, which sent notification of the filing to counsel for all parties and that a true and correct copy of the foregoing motion was mailed to the Defendant as follows:

Richard James Tucker  
█████████  
Dallas, Texas ████

        */s/ Robert Austin Wells /s/*  
        Robert Austin Wells  
        Assistant U.S. Attorney