# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § § | |
| | § | CIVIL ACTION No. 4:14-CV-371 |
| v. | § | Judge Mazzant |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG SEMICONDUCTOR, INC. | § § § § § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to Amend Invalidity Contentions (Dkt. #107). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). On March 12, 2015, Defendants served their invalidity contentions (Dkt. #107, Ex. A). On June 12, 2015, Defendants informed Plaintiff that they intended to amend their invalidity contentions to incorporate invalidity contentions submitted in IPR proceedings commenced by Defendants on May 21-22 (Dkt. #107 at p. 2). Plaintiff opposed this amendment and Defendants filed the current motion for leave to amend on July 8, 2015 (Dkt. #107). Plaintiff filed a response on July 27, 2015 (Dkt. #113). Defendants filed a reply on August 6, 2015, and Plaintiff filed a sur-reply on August 17, 2015 (Dkt. #119, #124).

## LEGAL STANDARD

Under the Local Rules for the Eastern District of Texas, Appendix B Patent Rules, leave to amend invalidity contentions "may be made only by order of the court, which shall be entered

1

only upon a showing of good cause." P.R. 3-6(b). 'Good cause,' according to the Federal Circuit, "requires a showing of diligence." *O2 micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;

2. The reason for the delay, including whether it was within the reasonable control of the movant;

3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;

4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of civil procedure; and

5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F.Supp.3d 538, 540-41 (E.D. Tex. 2015) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F.Supp.2d 620, 625 (E.D. Tex. 2007)).

## ANALYSIS

Defendants argue that they have good cause for amending their invalidity contentions as there was no delay and amendment would not impact the timeline of the case, the timing of the proposed amendment was appropriate considering Defendants' efforts to identity and analyze prior art in a crowded technology space, Defendants were diligent in providing and supplementing discovery, a lack of prejudice to Plaintiff, and the overall importance of aligning

2

the invalidity contentions in the IPR and the current proceeding (Dkt. #107 at pp. 3-5). Further, Defendants contend their amendments may be served without leave of court based on the Court's claim construction order (Dkt. #105) under P.R. 3-6(a)(2)(B).

Plaintiff argues that Defendants have not provided proposed amended contentions, forcing Plaintiff to speculate about the particular reverences and combinations that they might be seeking to assert (Dkt. #124 at p. 2). Further, Plaintiff contends that Defendants make no showing as to the reason for its delay or why a reasonably diligent search would not have yielded the new references (Dkt. #113 at p. 7). Plaintiff argues that Defendants' amendment is prejudicial, not just based on the time in regards to trial or discovery, but based on having already submitted claim-construction briefings and the Court having already ruled on claim construction (Dkt. #113 at p. 12).

The Court finds that Defendants have not demonstrated diligence or shown good cause to amend. Defendants do not provide an adequate explanation for why they did not include the proposed references and combinations in the original invalidity contentions. The Court is not particularly interested in the parties' disagreement regarding if or when Defendants began following the Imperium I case. It is more relevant that Defendants have not explained why, with reasonable diligence, they could not have discovered the proposed references prior to the deadline for filing invalidity contentions. Defendants contend that the technology space to which the patents-in-suit belong is complex and crowded (Dkt. 107 at p. 4). The Court, however, is not convinced that the level of complexity justifies a late amendment in this case.

Defendants argue that bringing in additional references asserted in IPR proceedings is important for expeditious and cost-effective resolution of this case (Dkt. 107 at p. 5). However, the Court does not find that the references, as presented to the Court, are so important to the

asserted causes of action such that late amendment is warranted. It is somewhat difficult to completely consider the importance of the proposed amendment as Defendants did not provide the exact proposed amended contentions to the Court.

The Court finds, contrary to Defendants' protestations, that there is prejudice to Plaintiff in allowing Defendants to amend their contentions. Even if the Court had been able to rule on this motion on the very day of its filing, July 8, 2015, this motion comes well after both the June 10, 2015, Claim Construction Hearing and the Court's June 16, 2015, Order on Claim Construction (Dkt. #105). It is clear that amendments to invalidity contentions after parties have disclosed and argued for their claim constructions positions is prejudicial. *See Innovative Display Techs. LLC v. Acer Inc.*, 2014 U.S. Dist. LEXIS 83196, at *6-7 (E.D. Tex. June 19, 2014) ("Although the Court does not base its claim construction on invalidity contentions, the parties' claim construction positions as a practical matter would be influenced by the scope and combination of the specific prior arts disclosed in invalidity contentions.")

Weighing the clear prejudice and Defendants' failure to demonstrate diligence against the potential importance of the amendment, the Court does not find good cause to allow a late amendment to Defendants' invalidity contentions.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Amend Invalidity Contentions (Dkt. #107) is hereby **DENIED**.
**SIGNED this 28th day of March, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE