# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § § | |
| | § | CIVIL ACTION No. 4:14-CV-371 |
| v. | § | Judge Mazzant |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., SAMSUNG | § | |
| TELECOMMUNICATIONS AMERICA, | § | |
| LLC, AND SAMSUNG SEMICONDUCTOR, | § | |
| INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Imperium's Partially Opposed Motion for Leave to Amend Infringement Contentions (Dkt. #109). After reviewing the motion and the relevant pleadings, the Court finds that the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed suit against Defendants on June 9, 2014, asserting patent infringement (Dkt. #1). Disclosure of infringement contentions was set for January 26, 2015 (Dkt. #70 at p. 1). Plaintiff served its infringement contentions on January 26, 2015 (Dkt. #109 at p. 1). Defendants provided an interrogatory response regarding particular image sensors used in Defendants' products on April 24, 2015 (Dkt. #109, Ex. 1 at pp. 13-15). Plaintiff served Defendants proposed amended infringement contentions on May 28, 2015 (Dkt. #109, Ex. 2).

Plaintiff filed the current motion for leave to amend its infringement contentions on July 10, 2015 (Dkt. #109). Defendants filed a response on July 30, 2015 (Dkt. #116). Plaintiff filed a reply on August 10, 2015 (Dkt. #121). Defendants filed a sur-reply on August 14, 2015 (Dkt. #123).

**LEGAL STANDARD**

"The Patent Rules demonstrate high expectations as to [a plaintiff's] preparedness before bringing suit, requiring that [the plaintiff] disclose [its] infringement contentions before discovery has even begun." *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005). "Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement." *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878-RWS-JDL, 2015 WL 1774448, at *1 (E.D. Tex. Apr. 16, 2015) (quoting *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005)).

"Local Patent Rule 3-1 requires a party to provide infringement contentions setting forth 'particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves.'" *Motion Games*, 2015 WL 1774448, at *1 (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)). However, Patent Rule 3-6 allows a party to amend its infringement contentions upon a showing of good cause. P.R. 3-6; *see also Motion Games*, 2015 WL 1774448, at *2 (citing *Davis-Lynch, Inc. v. Weatherford, Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009) (citing FED. R. CIV. P. 16(b); *Garmin, Ltd. v. TomTom, Inc.*, No. 2:06-cv-338, 2007 WL 2903843, at *5 (E.D. Tex. Oct. 3, 2007)).

This standard requires the movant to show that "despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines." *Garmin S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). The court looks at the following factors when determining if a party should be allowed to supplement its infringement contentions: "(1) the

reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Motion Games*, 2015 WL 1774448, at \*2 (citing *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *Garmin*, 2007 WL 2903843, at \*6).

## ANALYSIS

Defendants do not object to including Defendants' Galaxy S6 and S6 Edge products (Dkt. #109, Ex. 3). The Court, therefore, grants Plaintiff leave to amend its infringement contentions to include the Galaxy S6 and S6 Edge products. Defendants do oppose, however, amendment to include Defendants' Galaxy Note product ("Note 1").

*Diligence*

Plaintiff asserts that it was diligent in seeking to amend its infringement contentions. Plaintiff argues that the identity of the image sensor used by the Note 1 was not publicly available at the time it served its initial infringement contentions (Dkt. #109 at pp. 2-3). Defendant demonstrates that information regarding the Note 1 was publicly available (Dkt. #116 at pp. 4-6).

Plaintiff also asserts that it showed diligence by seeking Defendants' consent to amend less than five weeks after receiving discovery on April 24, 2015 (Dkt. #109 at p. 3). Even according to Plaintiff's timeline, though, Plaintiff waited until July 10, 2015, to file the present motion with the Court. The Court notes both that some of this time can be accounted for in seeking approval for amendment from Defendants and preparation of the current motion. However, the Court also considers that by April 24, 2015, at the latest Plaintiff was aware of the image sensors in the Note 1 and could have, almost immediately, contacted Defendants on this

issue and could have sought leave to amend or notified the Court of its desire to amend as soon as the amendment was finished.

Considering both the level of availability of information pertaining to the Note 1 and Plaintiff's small delay in bringing the current motion, the Court finds this factor weighs against granting leave to amend.

*Importance to the Litigation*

Plaintiff contends that inclusion of the Note 1 is important to the litigation because without the ability to amend, Plaintiff would need to file another lawsuit to obtain relief (Dkt. #109 at p. 4). Defendants do not contest Plaintiff's assertions, and while the Note 1 does not appear essential in any way to the litigation and issues decided in this litigation will likely resolve issues related to the Note 1, concerns of judicial economy result in this factor weighing slightly for granting leave to amend.

*Potential for Prejudice*

Plaintiff argues that amendment will not prejudice Defendants as discovery does not close until September 9, 2015, and depositions have not yet been taken (Dkt. #109 at p. 5). Further, Plaintiff asserts that Defendants have known about Plaintiff's proposed amendment since May 28, 2015, and regardless, the proposed amendment is based on the same infringement theories established in Plaintiff's original contentions. The Court finds, however, that Defendants could suffer significant prejudice. While Plaintiff may be able to assert extremely similar infringement theories to those already proposed, Defendants' non-infringement positions may be very different from its previous theories as it is uncertain that the Note 1 functions in the same way as other accused products. This analysis would require, at the very least, increased

4

costs for Defendants related to discovery.  The Court finds that this factor weighs against granting leave to amend.

*Availability for a Continuance*

Plaintiff argues that the proposed amendment would not necessitate a continuance (Dkt. #109 at p. 6).  This may have been true if this dispute had been resolved on the day this motion was filed, but Defendants argue that amendment would require extensions regarding their non-infringement expert report currently due August 26, 2015, and an extension to the discovery deadline of September 9, 2015 (Dkt. #116 at p. 9).  The Court finds that, if leave is granted, there may need for a continuance, at least regarding Defendants' non-infringement expert report.  This factor weighs slightly against granting leave to amend.

## CONCLUSION

Weighing each of the factors, the Court does not find good cause to grant leave to amend with respect to the Note 1.  However, the Court grants leave to amend with respect to Defendants' Galaxy S6 and S6 Edge products.  It is therefore **ORDERED** that Imperium's Partially Opposed Motion for Leave to Amend Infringement Contentions (Dkt. #109) is hereby **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED this 30th day of March, 2016.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE