**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., )<br>)<br>Plaintiff and Counterclaim Defendant, )<br>)<br>v. )<br>)<br>SAMSUNG ELECTRONICS CO., LTD., )<br>SAMSUNG ELECTRONICS AMERICA, INC., )<br>SAMSUNG TELECOMMUNICATIONS )<br>AMERICA, LLC, AND SAMSUNG )<br>SEMICONDUCTOR, INC. )<br>)<br>Defendants and Counterclaim Plaintiffs. )<br>) | Case No. 4:14-cv-00371 (ALM) |

**DEFENDANT SAMSUNG'S MOTION FOR LEAVE TO FILE A
RESPONSE TO IMPERIUM'S "CORRECTED" SUR-REPLY**

Defendant Samsung respectfully moves for leave to file a short, two-page response to Imperium's "corrected" sur-reply to bring the Court's attention to prejudicially incorrect factual statements in Imperium's Sur-Reply (Dkt. No. 302) and its "Corrected" Sur-Reply (Dkt. No. 312). Samsung's proposed response is attached at Exhibit A.

Imperium's Sur-Replies include several factual assertions that are simply not true. Samsung seeks to bring these incorrect assertions to the Court's attention because they are highly relevant to the objective reasonableness of Samsung's patent defenses:

- **Samsung's '884 patent invalidity defense**: in its original Sur-Reply, Imperium asserted that "the '884 claim *recites both 'shutter gain' and 'integration time,*'" indicating that these terms have different meanings." (Imp. Sur-Reply at 2.)[1] That is not true. In fact, the term "shutter gain" does not appear anywhere in the '884 patent, much less in the patent claim. When Samsung confronted Imperium with this misstatement, and sought a meet-and-confer on this motion, Imperium rushed to file a "correction" deleting the word "shutter"[2] leaving it to read that the '884 claim "recites both 'gain' and 'integration time.'" (Imp. Corrected Sur-Reply at 2.) Imperium's correction does not correct the inaccuracy or save its position: the '884 patent claim says "overall system gain," and ***not*** simply "gain" – and certainly not "shutter gain." In its attempt to correct its false statement, Imperium digs a deeper hole for itself. Indeed, Imperium's "correction" does nothing to change Dr. Neikirk's undisputed testimony that "integration time" and "shutter

---

[1] All emphasis added unless otherwise indicated.

[2] When Samsung made numerous requests on April 6 for a meet-and-confer regarding all of the factual inaccuracies described in this motion, Samsung sent an email to Imperium's counsel describing this misstatement. Rather than agreeing to meet and confer, Imperium's counsel rushed to file its "corrected" brief without a meet and confer or leave of court. But Imperium "corrected" only this one of its several misstatements, which (as discussed above) fails to cure even this inaccurate statement about the '884 patent.

1

gain" are the same thing and confirms the reasonableness of Samsung's invalidity defense based on the anticipatory Johnson reference.

- **Samsung's '029 invalidity defense**:  Imperium asserts that "*Samsung's reply argues for the first time* that invalidity arguments based on Shimada alone were reasonable."  (Imp. Sur-Reply at 1; Imp. Corrected Sur-Reply at 1.)  That is also not true.  In fact, Samsung's opening brief states: "[T]he PTAB recently instituted an IPR for all asserted claims *based on Shimada alone*. The PTAB's determination that Samsung has demonstrated *a reasonable likelihood* that these claims are *invalid* supports Samsung's argument that Imperium cannot satisfy the objective prong." (Samsung Br. at 10 (citation omitted).)

- **Samsung's '029 invalidity defense**:  Imperium asserts that "*Samsung's expert conceded* that Shimada is the same as Sugahara." (Imp. Sur-Reply at 1; Imp. Corrected Sur-Reply at 1.)  Not so.  In fact, Mr. Parulski actually testified that Sugahara *does not* "include the disclosure" of Shimada.  2/4/16 AM (Parulski) Tr. at 134:13-21.

- **Samsung's '029 noninfringement defense**:  With respect to the "generating a look-up table" limitation, Imperium asserts that "Mr. Parulski *did not disagree* that a look-up table is 'generated" when the camera is turned on."  (Imp. Sur-Reply at 2; Imp. Corrected Sur-Reply at 2.)  In fact, Mr. Parulski *did* disagree with this theory.  *See, e.g.*, 2/4/16 AM (Parulski) Tr. at 70:8–18 ("[Mr. Parulski] A. So my understanding is that Dr. Wright's theory is that every time you turn the camera on in the United States . . . this meets the generating a look-up table limitation.  *Q. You agree with Dr. Wright?  A. No, I don't.*"); Samsung Reply at 6.

Stripping away, and correcting, Imperium's misstatements of the actual facts further demonstrates that Samsung's defenses at trial were objectively reasonable.  At best for

Imperium, this is a hotly contested case in which Samsung had a very reasonable basis to believe it did not infringe any valid Imperium patent claim.

Finally, insofar as Imperium has been accusing Samsung of litigation misconduct by supposedly not following rules, Samsung notes that according to Local Rules CV-7(a) and CV-10(a)(5), all documents shall be double spaced. Imperium's Response and Sur-Reply, however, unlike many other documents filed by Imperium, are approximately 1.75-spaced -- as is Imperium's "corrected" Sur-Reply. This is not trivial, because it gave Imperium at least 2 additional pages beyond the 19 permitted in its Response, and more than 1 additional page beyond the 9 permitted in its Sur-Reply. Imperium's disregard of the Court's rules is especially troubling in view of: (1) Imperium's strenuous opposition to Samsung's request for increased page limits (Dkt. No. 256 at 2-3); and (2) the shrill and accusatory tone of Imperium's submissions in which Imperium repeatedly accused Samsung of "serial violations of this Court's rules" (Imp. Sur-Reply at 6) and as violating and exhibiting "disdain" for the rules of this Court (Imp. Resp. at 13).

Samsung submits that Imperium's failure to double space (which gave it additional pages in its briefs) is further justification to grant Samsung leave to file its short response.[3] Indeed, Samsung notes that Courts in this District have gone so far as to strike briefs that are not fully double spaced. *See* Dkt. No. 424, *VirnetX, Inc. v. Microsoft Corp.*, No. 6:07–CV-80 (E.D. Tex. April 29, 2010). Samsung has not requested that the Court strike Imperium's briefing, but only that the Court allow Samsung to fully brief its position with respect to these very important issues.

---

[3] During the meet and confer, Imperium's counsel suggested that Samsung's request for leave was motivated by a desire to delay these proceedings. To the contrary, after learning of these factual inaccuracies, Samsung immediately raised them with Imperium and repeatedly requested a meet and confer so that these proceedings would not be delayed.

Accordingly, Samsung respectfully seeks leave to file the attached 2-page response to Imperium's "corrected" Sur-Reply.

Respectfully submitted,

Dated:  April 7, 2016                By:  */s/ Clyde M. Siebman*
                                      Jesse J. Jenner
Christopher J. Harnett
Steven Pepe
Kevin J. Post
Alexander E. Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*jesse.jenner@ropesgray.com*
*christopher.harnett@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*
*alexander.middleton@ropesgray.com*

Samuel L. Brenner
Scott S. Taylor
Courtney Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000
*samuel.brenner@ropesgray.com*
*scott.taylor@ropesgray.com*
*courtney.cox@ropesgray.com*

Rebecca R. Carrizosa
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4000
*rebecca.carrizosa@ropesgray.com*

Michael E. Jones
John F. Bufe
POTTER MINTON, PC

        110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311
*mikejones@potterminton.com*
*johnbufe@potterminton.com*

Clyde M. Siebman
SIEBMAN, BURG, PHILLIPS & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
(903) 870-0070
*clydesiebman@siebman.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 7, 2016.

By: */s/ Clyde M. Siebman*
Clyde M. Siebman

## CERTIFICATE OF CONFERENCE

On April 6, 2016, Samsung's counsel repeatedly requested that Imperium's counsel meet-and-confer regarding Samsung's proposed motion. Imperium's counsel did not agree to meet-and-confer until after it had rushed to file a "corrected" Sur-Reply that addressed only one of the factual inaccuracies in Imperium's Sur-Reply pointed out by Samsung. On April 7, 2016, Counsel for Defendants (Clyde Siebman and Samuel Brenner) conferred with Counsel for Plaintiff (William Sigler) regarding the relief requested in this motion through telephonic conference. Counsel for Plaintiff stated that Plaintiff opposes the relief sought in this motion.

By: */s/ Clyde M. Siebman*
Clyde M. Siebman