# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, AND SAMSUNG SEMICONDUCTOR, INC. <br><br> Defendants and Counterclaim Plaintiffs. | Case No. 4:14-cv-00371 (ALM) |

**DEFENDANT SAMSUNG'S RESPONSE TO IMPERIUM'S
"CORRECTED" SUR-REPLY**

Imperium's Sur-Replies (Dkt. Nos. 302, 312) include several factual assertions that are simply not true. Samsung brings these incorrect assertions to the Court's attention because they are highly relevant to the objective reasonableness of Samsung's patent defenses:

- **Samsung's '884 patent invalidity defense**: in its original Sur-Reply, Imperium asserted that "the '884 claim *recites both 'shutter gain' and 'integration time,*' indicating that these terms have different meanings." (Imp. Sur-Reply at 2.)[1] That is not true. In fact, the term "shutter gain" does not appear anywhere in the '884 patent, much less in the patent claim. When Samsung confronted Imperium with this misstatement, and sought a meet-and-confer on this motion, Imperium rushed to file a "correction" deleting the word "shutter"[2] leaving it to read that the '884 claim "recites both 'gain' and 'integration time.'" (Imp. Corrected Sur-Reply at 2.) Imperium's correction does not correct the inaccuracy or save its position: the '884 patent claim says "overall system gain," and *not* simply "gain" – and certainly not "shutter gain." In its attempt to correct its false statement, Imperium digs a deeper hole for itself. Indeed, Imperium's "correction" does nothing to change Dr. Neikirk's undisputed testimony that "integration time" and "shutter gain" are the same thing and confirms the reasonableness of Samsung's invalidity defense based on the anticipatory Johnson reference.

- **Samsung's '029 invalidity defense**: Imperium asserts that "*Samsung's reply argues for the first time* that invalidity arguments based on Shimada alone were reasonable." (Imp.

---

[1] All emphasis added unless otherwise indicated.

[2] When Samsung made numerous requests on April 6 for a meet-and-confer regarding all of the factual inaccuracies described in this motion, Samsung sent an email to Imperium's counsel describing this misstatement. Rather than agreeing to meet and confer, Imperium's counsel rushed to file its "corrected" brief without a meet and confer or leave of court. But Imperium "corrected" only this one of its several misstatements, which (as discussed above) fails to cure even this inaccurate statement about the '884 patent.

1

Sur-Reply at 1; Imp. Corrected Sur-Reply at 1.) That is also not true. In fact, Samsung's opening brief states: "[T]he PTAB recently instituted an IPR for all asserted claims *based on Shimada alone*. The PTAB's determination that Samsung has demonstrated *a reasonable likelihood* that these claims are *invalid* supports Samsung's argument that Imperium cannot satisfy the objective prong." (Samsung Br. at 10 (citation omitted).)

- **Samsung's '029 invalidity defense**: Imperium asserts that "*Samsung's expert conceded* that Shimada is the same as Sugahara." (Imp. Sur-Reply at 1; Imp. Corrected Sur-Reply at 1.) Not so. In fact, Mr. Parulski actually testified that Sugahara *does not* "include the disclosure" of Shimada. 2/4/16 AM (Parulski) Tr. at 134:13-21.

- **Samsung's '029 noninfringement defense**: With respect to the "generating a look-up table" limitation, Imperium asserts that "Mr. Parulski *did not disagree* that a look-up table is 'generated' when the camera is turned on." (Imp. Sur-Reply at 2; Imp. Corrected Sur-Reply at 2.) In fact, Mr. Parulski *did* disagree with this theory. *See, e.g.*, 2/4/16 AM (Parulski) Tr. at 70:8–18 ("[Mr. Parulski] A. So my understanding is that Dr. Wright's theory is that every time you turn the camera on in the United States . . . this meets the generating a look-up table limitation. *Q. You agree with Dr. Wright? A. No, I don't.*"); Samsung Reply at 6.

Stripping away, and correcting, Imperium's misstatements of the actual facts further demonstrates that Samsung's defenses at trial were objectively reasonable. At best for Imperium, this is a hotly contested case in which Samsung had a very reasonable basis to believe it did not infringe any valid Imperium patent claim.

                                                                  Respectfully submitted,

Dated: April 7, 2016                    By: */s/ Clyde M. Siebman*

                                                                 Jesse J. Jenner
                                                                 Christopher J. Harnett
                                                                Steven Pepe
                                                                Kevin J. Post
                                                                Alexander E. Middleton
                                                                ROPES & GRAY LLP
                                                                1211 Avenue of the Americas
                                                                New York, NY 10036
                                                                (212) 596-9000
                                                                *jesse.jenner@ropesgray.com*
                                                                *christopher.harnett@ropesgray.com*
                                                                *steven.pepe@ropesgray.com*
                                                                *kevin.post@ropesgray.com*
                                                                *alexander.middleton@ropesgray.com*

                                                                Samuel L. Brenner
                                                                Scott S. Taylor
                                                                Courtney Cox
                                                                ROPES & GRAY LLP
                                                                Prudential Tower
                                                                800 Boylston Street
                                                                Boston, MA 02199
                                                                (617) 951-7000
                                                                *samuel.brenner@ropesgray.com*
                                                                *scott.taylor@ropesgray.com*
                                                                *courtney.cox@ropesgray.com*

                                                                Rebecca R. Carrizosa
                                                                ROPES & GRAY LLP
                                                                1900 University Avenue, 6th Floor
                                                                East Palo Alto, CA 94303
                                                                (650) 617-4000
                                                                *rebecca.carrizosa@ropesgray.com*

                                                                Michael E. Jones
                                                                John F. Bufe
                                                                POTTER MINTON, PC
                                                                110 N. College, Suite 500
                                                                Tyler, Texas 75702
                                                                (903) 597-8311
                                                                *mikejones@potterminton.com*

*johnbufe@potterminton.com*

Clyde M. Siebman
SIEBMAN, BURG, PHILLIPS & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
(903) 870-0070
*clydesiebman@siebman.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on April 7, 2016.

By:   */s/ Clyde M. Siebman*
        Clyde M. Siebman