**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:14-cv-00371-ALM |
| SAMSUNG ELECTRONICS CO., LTD., et al., | § § § | |
| Defendants. | § § § | |

## IMPERIUM'S RESPONSE TO SAMSUNG'S MOTION FOR LEAVE TO FILE SUR-SURREPLY

Samsung's motion to file a sur-surreply seeks to argue willfulness points that Imperium initially raised in its opening brief, not its surreply, or that Samsung is raising for the first time after the close of the briefing schedule. For that reason alone, Samsung's motion is procedurally misplaced and should be denied. As to the substance of Samsung's five arguments, each lacks merit and does not justify the additional brief that Samsung urges.[1]

Samsung first argues that Imperium's surreply incorrectly stated "Samsung's expert conceded that Shimada is the same as Sugahara." But Imperium first advanced this point in its opening brief.[2] Indeed, Imperium's opening brief supported the point and its context by citing the trial testimony of Samsung's Mr. Parulski.[3] Samsung chose not to respond to this in its reply brief,

---

[1] Samsung incorrectly suggests that Imperium avoided a meet-and-confer on Samsung's motion. The parties' email exchanges, which Samsung chose not to attach to its motion, show that Imperium's counsel had to ask Samsung multiple times for the grounds for Samsung's present motion, and then conferred with Samsung's counsel within one day of Samsung first raising this issue. *See* Ex. 1, 4/6-7/2016 Sigler-Brenner email chain.

[2] *See* D.I. 280, Imperium's motion and opening brief at 2.

[3] *See* D.I. 280, Imperium's motion and opening brief at 2 ("Samsung's expert effectively conceded that Shimada and Sugahara are the same, saying the only difference is that Sugahara describes the 'look-up' table using text instead of a picture. Accordingly, Samsung's invalidity defense was objectively unreasonable.").

and the time for it to do so has procedurally passed.

Samsung secondly argues that, in Imperium's surreply, Imperium incorrectly stated that "Mr. Parulski did not disagree that a look-up table is 'generated' when the camera is turned on." But again, Imperium raised this point in its opening brief.[4] Samsung chose not to respond to this in its reply brief, and the time for it to do so has procedurally passed. Moreover, Imperium's opening brief already explained that Mr. Parulski did not dispute this point because he "argued that the '029 patent describes a calibration process used to 'generat[e]' the look-up table, which Samsung performs outside the U.S."[5] Samsung's motion nevertheless points to this same argument by Mr. Parulski and quote about the '029 patent and the calibration process as showing that Imperium's statement here is an "incorrect factual statement."[6]

Samsung thirdly argues that Imperium has incorrectly charged it with waiver, claiming Samsung did raise a willfulness defense in Samsung's opening brief based solely on the Shimada reference. But Samsung's opening brief does not present such an argument. Nor did Samsung do so on summary judgment or at trial. Indeed, even Samsung's citation to a two-sentence excerpt from its opening brief proves Imperium's point, as this Shimada-alone argument does not appear in the excerpt, either. Having chosen not to raise this defense in its opening or reply brief, the time for Samsung to do so has procedurally passed

Samsung fourthly asserts that Imperium's surreply incorrectly described the '884 patent as reciting both "integration time" and "shutter gain," arguing it instead describes integration time and "gain." But Imperium corrected this one-word typographical error shortly after filing its briefing. And Samsung does not otherwise dispute the accuracy of Imperium's analysis about the unreasonableness of Samsung's '884 invalidity defense.[7] Accordingly, Imperium's timely

---

[4] *Id.* at 3.

[5] *Id.*

[6] *See* D.I. 313, Samsung's motion at 2 (citing 2/4/16 a.m. trial transcript at 70:8-18); *see also* 2/4/16 a.m. trial transcript at 70:19-71:1 (continuing previously cited testimony).

[7] *See* D.I. 280, Imperium's brief at 4; D.I. 312, Imperium's corrected surreply at 2.

corrected single-word typographical error does not entitle Samsung to the belated procedural relief of a third brief.

Samsung fifthly argues that its sur-surreply should be permitted because Imperium's response and surreply "are approximately 1.75-spaced," allowing Imperium to exceed the page limit. This new contention is false: Imperium's opening and surreply briefs use 24-point spacing (twice the line height of a 12-point font, or true "double spacing" in Microsoft Word).[8] Further, Samsung never raised this issue with Imperium before filing its motion. It was thus procedurally improper for Samsung to do so in a motion.[9]

In sum, the time has passed for Samsung to raise the points it seeks to raise in its proposed sur-sureply.[10] And, regardless, those points are inapposite to case facts. Imperium thus respectfully requests that the Court deny Samsung's motion, find Samsung a willful infringer, and grant treble damages to Imperium for Samsung's willful misconduct.

---

[8] *E.g.,* http://typographyforlawyers.com/line-spacing.html.

[9] *See, e.g.,* Local Rule CV-7(h) (emphasizing that meet-and-confer discussion "requires a sincere effort" to "meaningfully assess the relative strengths of each position").

[10] Imperium notes that while Samsung has apparently had time to put together this additional briefing, it has still not met its pre-trial agreement to supplement its 2015-2016 sales data after trial.

Dated: April 25, 2016     Respectfully submitted,

/s/ *R. William Sigler*

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jeffrey M. Saltman (*pro hac vice*)
*jeffrey.saltman@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
Tel: (202) 362-3500

Silvia Jordan (*pro hac vice*)
*silvia.jordan@fischllp.com*
FISCH SIGLER LLP
505 Eighth Avenue
12th Floor
New York, NY 10018
Tel: (212) 235-0440

David M. Saunders (*pro hac vice*)
*david.saunders@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
Tel: (650) 362-8200

*Attorneys for Imperium IP Holdings
(Cayman), Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2016, the foregoing document was filed electronically with the Clerk of Court for the United States District Court for the Eastern District of Texas, Sherman Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

By: */s/ R. William Sigler*
R. William Sigler