# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

|  |  |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD., | ) |
|  | ) |
| Plaintiff and Counterclaim Defendant, | ) |
|  | ) Case No. 4:14-cv-00371 (ALM) |
| v. | ) |
|  | ) |
| SAMSUNG ELECTRONICS CO., LTD., | ) |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) |
| SAMSUNG TELECOMMUNICATIONS | ) |
| AMERICA, LLC, AND SAMSUNG | ) |
| SEMICONDUCTOR, INC. | ) |
|  | ) |
| Defendants and Counterclaim Plaintiffs. | ) |
|  | ) |

**DEFENDANT SAMSUNG'S REPLY IN SUPPORT OF SAMSUNG'S MOTION FOR LEAVE TO FILE A RESPONSE TO IMPERIUM'S "CORRECTED" SUR-REPLY**

On April 7, Samsung filed a motion for leave (Dkt. No. 313) to file a short, two-page response to Imperium's "corrected" sur-reply to bring the Court's attention to incorrect factual statements in Imperium's original Sur-Reply (Dkt. No. 302) and "Corrected" Sur-Reply (Dkt. No. 312).  In opposition to that Motion for Leave, Imperium continues to misstate those facts and presents other inaccurate statements regarding Samsung's arguments.  These are not mere disagreements concerning matters on which reasonable parties could differ.  To the contrary, Imperium's misstatements, addressed below, materially misstate the record.

**Samsung's '029 invalidity defense**:  Imperium in its Sur-Reply alleged that "***Samsung's reply argues for the first time*** that invalidity arguments based on Shimada alone were reasonable."  Dkt. No. 312 at 1 (emphasis added).  In its Motion for Leave (Dkt. No. 313 at 2), Samsung showed that Imperium's statement was factually incorrect -- Samsung explicitly made this same argument in its ***opening*** brief.  This is exactly what Samsung said in its opening brief:

> [T]he PTAB recently instituted an IPR for all asserted claims ***based on Shimada alone***.  The PTAB's determination that Samsung has demonstrated ***a reasonable likelihood*** that these claims are ***invalid*** supports Samsung's argument that Imperium cannot satisfy the objective prong.

*See* Samsung Opening Br. (Dkt. No. 277) at 10.  Imperium in its Response to Samsung's motion for leave either ignored this statement or misapprehended it, but it cannot honestly be disputed that Samsung has maintained this position throughout its briefing.  Regardless, Imperium again repeats its incorrect assertion in its Response.[1]  Imperium's repetition of this misstatement a

---

[1]   Imperium also states that Samsung did not make its argument "on summary judgment or at trial."  Imp. Resp. (Dkt. No. 324) at 2.  But whether an argument was advanced at trial is irrelevant to the objective prong of willfulness -- what matters is that Samsung's reasonable defenses were available during the case.  *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1302 (Fed. Cir. 2015) ("A defense may be objectively reasonable and yet properly not be presented to the jury; examples include legal arguments such as claim construction arguments, but there may be other defenses that are objectively reasonable yet not make the cut for consuming the precious time and attention of the jury.").

second time does not make it true.   In short, Samsung has demonstrated "a reasonable likelihood" that the asserted claims are invalid under Shimada *alone and has done so throughout the case and in its briefing*.

**Samsung's '029 invalidity defense**:   In its Motion for Leave (Dkt. No. 313 at 2), Samsung demonstrated that, despite Imperium's argument that "Samsung's expert conceded that Shimada is the same as Sugahara," in fact, Samsung's expert, Mr. Parulski, testified *exactly the opposite to the way Imperium now characterizes his testimony*:

> Q:     Can we call up, Mr. Miller, Paragraph 0007 of Shimada?  Actually, let's see, 0007, 0008, 0009 – in fact, let's just leave it right here.  Mr. Parulski, *does Sugahara '261 include the disclosure and the paragraphs in Shimada*?
>
> A.     *No*.[2]

*See* 2/4/2016 AM Tr. at 134:13-21.  In its Response, Imperium argues that it appropriately cited Mr. Parulski's testimony to support its position.  Dkt. No. 324 at 1.  But Imperium's citation (which does not support its argument) was incomplete, ending just before the lines quoted above. *See* Dkt. No. 280 at 2 n.9 (citing 2/4/2016 AM Tr. at 134:3-12, and not citing lines 13-21). Because Imperium presents an incomplete portion of Mr. Parulski's testimony on this question, the citation Imperium presented to the Court is at a minimum misleading.  As courts in this District have recognized, this sort of selective quotation used in support of a point directly contradicted by un-cited material is "a serious error."  *See, e.g.*, *SimpleAir, Inc. v. Google Inc.*, No. 2:11-cv-00416-JRG (D.I. 765), slip op. at 11 (E.D. Tex. Dec. 10, 2014) (attached as Ex. A).

**Samsung's '029 non-infringement defense**:  In its Motion (Dkt. No. 313 at 2), Samsung showed that Imperium's assertion that "Mr. Parulski *did not disagree* that a look-up table is

---

[2]     Imperium argues that it is procedurally improper for Samsung to identify Imperium's misrepresentation.  Imp. Resp. (Dkt. No. 324) at 1-2.  Samsung disagrees and is unaware of any authority standing for the proposition that a false statement in a reply brief cannot be challenged.

'generated" when the camera is turned on, was false.  Mr. Parulski, in fact, testified exactly the opposite of the way Imperium characterized his testimony -- he **_explicitly_** disagreed that a look-up table is generated when the camera is turned on:

> A. So my understanding is that Dr. Wright's theory is that every time you turn the camera on in the United States . . . this meets the generating a look-up table limitation.
>
> Q. **_You agree with Dr. Wright?_**
>
> A. **_No, I don't._**

*See, e.g.*, 2/4/16 AM (Parulski) Tr. at 70:8–18.  In its Response, Imperium argues that Samsung "chose not to respond to this in its reply brief."  Dkt. No. 324 at 2.  Not so.  Samsung both responded to this argument in its reply and cited to this portion of the reply in its present Motion for Leave.  *See* Samsung Reply (Dkt. No. 299) at 6 ("Mr. Parulski disagreed that a look-up table is 'generated' every time a camera is turned on.  *See, e.g.*, 2/4/16 AM (Parulski) Tr. at 70:8–18."); Dkt. No. 313 at 2.

**Samsung's '884 patent invalidity defense**:  The claims of the '884 patent require setting or adjusting the "integration time."   Dr. Neikirk testified at trial that the Johnson reference discloses all limitations -- including the "integration time" limitations -- and, accordingly, anticipates all of the asserted claims (except claim 6, which the jury found Samsung does not infringe).  2/4/16 PM (Neikirk) Tr. at 123, 146–60, 169–70.   As part of his analysis, Dr. Neikirk explained that Johnson refers to "integration time" as "shutter gain."  *See, e.g.*, 2/4/2016 PM (Neikirk) Tr. at 159:24 ("***Shutter gain*** is what Johnson called ***integration time***.") (emphasis added); *see also id*. at 149:17-19 ("So look at the dashed line and look in the upper right-hand corner where it says ***shutter gain***, and that's the term that Johnson uses for ***integration time*** in this case.") (emphasis added); 2/5/16 AM (Neikirk) Tr. 58:21-59:7.

At trial, Imperium did not identify a single limitation of the claims now at issue that is

missing in Johnson. Nevertheless, in its original sur-reply, Imperium argued for the first time that Johnson did not disclose the "integration time" limitations. To do so, Imperium argued that "the '884 claim recites both '***shutter*** gain' and 'integration time,' indicating that these terms have different meanings." Dkt. No. 302 at 2 (emphasis added). Samsung pointed out to Imperium that this statement was incorrect because the claims do not, in fact, recite "shutter gain." Imperium then rushed to file a "corrected" sur-reply in which it deleted the word "shutter," but otherwise made no other change. In its Motion for Leave (Dkt. No. 313 at 1), Samsung explained that Imperium's "correction" of "shutter gain" to "gain" has no actual impact on Dr. Neikirk's undisputed testimony that "shutter gain" and "integration time" are one and the same.

In its Response, Imperium did not address (much less dispute) that these terms are the same. Instead, Imperium argues that Samsung should not be permitted to file a response to Imperium's sur-reply because Imperium already fixed its misstatement in its "corrected" sur-reply. Dkt. No. 324 at 2–3. Imperium misses the point. Samsung should be permitted to file its response to Imperium's "corrected" sur-reply to explain to the Court how Imperium's "correction" has no impact whatsoever on whether Samsung's invalidity defenses were reasonable. As the record in this case makes clear, they were.

**Imperium's non-double-spaced briefing**: In its Motion for Leave (Dkt. No. 313 at 3), Samsung also demonstrated that Imperium's briefs are not double-spaced, as required by this District's local rules. In its Response, Imperium concedes that it used 24-point spacing instead of "double spacing," but argues that 24-point spacing is the same as "double spacing" under the local rules. This argument has been considered before and rejected. Indeed, courts in this District have struck briefs that appear to use 24-point spacing specifically for "not being fully

double spaced." *See, e.g.*, *Avago Techs. U.S., Inc. v. STM Microelecs., Inc.*, No. 6:10-cv-92 (D.I. 22), slip op. at 1 (E.D. Tex. May 21, 2010) (striking and granting leave to file within one day) (attached as Ex. B); *see also Lopez v. The GAP Inc.*, No. 1:11-cv-3185 (D.I. 42), order at 1 (S.D.N.Y. May 3, 2012) (attached as Ex. C).[3]  And courts in other jurisdictions have similarly ruled that 24-point spacing is not "standard practice" and "d[oes] not comply with the double-spacing" requirement.  *See, e.g.*, *BMG Rights Mgmt. (US) LLC v. Cox Enter., Inc.*, No. 1:14-cv-1611 (D.I. 335), slip op. at 1-2 (E.D. Va. Sept. 24, 2015) (attached as Ex. D); *In re Certain Sulfentrazone Compositions & Processes for Making Sulfentrazone*, Inv. No. 337-TA-914, USITC Order No. 14 at 1 (July 11, 2014) (attached as Ex. E); *In re Star Scientific, Inc. Sec. Litig.*, No. 3:13-cv-183 (D.I. 54), slip op. at 1-2 (E.D. Va. November 22, 2013) (striking brief with 24-point spacing and directing parties to use Microsoft Word double spacing) (attached as Ex. F).

As a remedy, courts have granted additional pages to the party that complied with the "double spacing" requirement or ordered revised briefing to ensure equitable treatment of the parties.  *See, e.g.*, *Sulfentrazone*, Inv. No. 337-TA-914, USITC Order No. 14 at 2; *Lopez*, No. 1:11-cv-3185 (D.I. 42), order at 1; *BMG Rights*, slip op. at 2.  Consistent with these decisions, Samsung respectfully asks that the Court accept Samsung's two-page response to Imperium's "corrected" Sur-Reply addressing Imperium's factual misstatements.

---

[3]     Using 24-point spacing allows 26-28 lines per page.  *See BMG Rights Mgmt. (US) LLC v. Cox Enter., Inc.*, No. 1:14-cv-1611 (D.I. 335), slip op. at 1-2 (E.D. Va. Sept. 24, 2015) (Ex. D). Samsung has reviewed the offending brief in *Avago* and has confirmed that a full page of text in that brief is 27 lines.  *See Avago*, No. 6:10-cv-92 (D.I. 17), The ST Parties' Motion To: [Dismiss and Transfer] at 2 (E.D. Tex. May 19, 2010) (attached as Ex. G).

Respectfully submitted,

Dated:  May 5, 2016

By:  */s/ Clyde M. Siebman*
Jesse J. Jenner
Christopher J. Harnett
Steven Pepe
Kevin J. Post
Alexander E. Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*jesse.jenner@ropesgray.com*
*christopher.harnett@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*
*alexander.middleton@ropesgray.com*

Samuel L. Brenner
Scott S. Taylor
Courtney Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000
*samuel.brenner@ropesgray.com*
*scott.taylor@ropesgray.com*
*courtney.cox@ropesgray.com*

Rebecca R. Carrizosa
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4000
*rebecca.carrizosa@ropesgray.com*

Michael E. Jones
John F. Bufe
POTTER MINTON, PC
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311
*mikejones@potterminton.com*
*johnbufe@potterminton.com*

6

Clyde M. Siebman
SIEBMAN, BURG, PHILLIPS & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
(903) 870-0070
*clydesiebman@siebman.com*

*Attorneys for Defendants Samsung Electronics Co.,*
*Ltd., Samsung Electronics America, Inc., and*
*Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3) on May 5, 2016.


By:   */s/ Clyde M. Siebman*
           Clyde M. Siebman