# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

IMPERIUM IP HOLDINGS (CAYMAN), LTD.,

      Plaintiff and Counterclaim Defendant,

      v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC, AND SAMSUNG
SEMICONDUCTOR, INC.

      Defendants and Counterclaim Plaintiffs.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:14-cv-00371 (ALM)

**DEFENDANT SAMSUNG'S RULE 60(b) MOTION FOR RECONSIDERATION OF
<u>ENHANCED DAMAGES</u>**

Pursuant to Rule 60(b), Fed. R. Civ. P., Samsung moves for relief from the order awarding enhanced damages (Dkt. No. 329) and the subsequent entry of judgment (Dkt. No. 330).  In its order awarding enhanced damages, the Court did not consider the objective reasonableness of Samsung's positions.  *See* Dkt. No. 329.  However, as the Federal Circuit recently confirmed, "[a]fter *Halo* [*Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923 (2016)]," the objective reasonableness of Samsung's positions **remains** a "relevant factor" courts should consider in assessing enhanced damages.  *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358, 1363 (Fed. Cir. 2016); *see also Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992), *abrogated on other grounds* (recognizing that "[c]loseness of the case" is a factor "in deciding on the extent of enhancement").  New evidence, which became available on December 1, 2016, now further confirms the reasonableness of Samsung's positions: specifically, the Patent Trial and Appeal Board ("Board") of the United States Patent and Trademark Office ("USPTO") found that **all** of the asserted claims of U.S. Patent No. 7,092,029 (the "'029 patent") **are invalid**.[1]

Because this decision confirms that Samsung's positions were objectively reasonable and that the case was close, Samsung respectfully requests that this Court vacate the order enhancing damages and reconsider its enhancement determination in light of this new evidence.  Samsung also respectfully requests oral argument on its motion.

## I.    THIS COURT SHOULD RESCIND ITS AWARD OF ENHANCED DAMAGES

In its Order, the Court granted Imperium treble damages for willful infringement.  Dkt. No. 329 at 13–14.  As the Supreme Court has explained, treble damages are only appropriate in

---

[1]    *Samsung Elecs. Co. v. Imperium (IP) Holdings*, No. IPR2015-01232, Paper 51, Final Written Decision (P.T.A.B. Dec. 1, 2016) (attached as Exhibit A).  The Board also invalidated additional claims of the '029 patent that are not at issue in this case.

the most egregious cases.  *See Halo Elecs.*, 136 S. Ct. at 1932.  In determining whether to enhance or treble damages, the Court must consider all relevant circumstances.  *See WesternGeco*, 837 F.3d at 1363.  As the Federal Circuit has made clear, even "[a]fter *Halo*," these circumstances include the objective reasonableness of the defendant's position (what was formerly the "objective prong" of willfulness).  *Id.*

It is well settled that the "objective reasonableness of a defense" does ***not*** require "that the infringer had the defense in mind before litigation."  *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1301 (Fed. Cir. 2015) (collecting cases).  Nor is the inquiry "confine[d]" to defenses "raised at trial."  *Id.*  Rather, "[a] defense may be objectively reasonable and yet properly not be presented to the jury."  *Id.* at 1302 (explaining that "whether an infringer faced an objectively high risk of liability" is "determined by the record developed" throughout the litigation, not merely what was presented at trial).

In its December 1, 2016 Final Written Decision for *inter partes* review of the '029 patent, the Board concluded that claims 1, 6, and 7 of the '029 patent—the same claims asserted here against Samsung—are rendered obvious by a single piece of prior art, Shimada (Japanese App. Publ. H11-119288) (DX-202).[2]  (At trial, Samsung's expert testified that claims 1, 6, and 7 were obvious in view of the combination of Shimada and Sugimoto (DX-0203).)  The Board's reasoning and conclusions with respect to these claims is evidence of the objective reasonableness of Samsung's invalidity position at trial, and is thus a "relevant factor" mitigating against enhanced damages for the '029 patent.  *See WesternGeco*, 837 F.3d at 1363; *see also, e.g.*, *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 45 F.Supp.3d 881, 920–21 (W.D. Wis. Aug. 28, 2014) (recognizing the relevance of IPR proceedings to the objective reasonableness of a defendant's

---

[2]    The Board also determined that claims 14 and 16 of the '029 patent (which Imperium initially asserted, but dropped before trial) are also invalid as obvious over Shimada.

invalidity position); *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 579 (E.D. Tex. 2007) (Clark, J.) (finding defendant's invalidity position "hardly objectively unreasonable" when the USPTO required changes to the asserted patent during reexamination).

### A. The Board's Decision Confirms that Samsung's Invalidity Position Was Objectively Reasonable

In its decision, the Board rejected all of Imperium's arguments that the claims are not obvious, including two arguments Imperium has advanced in this case. First, the Board rejected Imperium's argument that Shimada did not disclose storing a "preparatory image strobe duration and preparatory power value" in its look-up table. Second, the Board found that secondary considerations of nonobviousness do not override any showing of obviousness. *See, e.g.*, Dkt. No. 341 at 22–24; Ex. A at 25–27, 40.

With respect to the "preparatory image strobe duration and preparatory power value" limitation, the Board concluded that Shimada's Table 1 (the same table that Samsung pointed to at trial) made it obvious to include such values in a lookup table. *See* Ex. A at 25–27. The Board stated that, in particular, the "K value" used throughout Shimada "is or is equivalent to a preparatory power value, *as recited in the challenged claims*" and that "a person of ordinary skill in the art would have had reason to incorporate the preparatory power value K and the preparatory flash duration . . . from Shimada's Figure 5, into a single table." *Id.* at 32 (emphasis in original); *see also id.* at 21.

In addressing secondary considerations of nonobviousness, the Board considered the testimony of Dr. Cameron Wright (the same expert that Imperium used at trial), and concluded that "Patent Owner's evidence of secondary considerations is weak and does not outweigh Petitioner's strong evidence of obviousness in this case." *Id.* at 40. The Board also concluded that there was "no persuasive evidence of any nexus between the alleged success of its licensing

program and the merits of the '029 patent"—a required factor for evidence of the licensing program to have any relevance. *Id.*; *see also ClassCo, Inc. v. Apple, Inc.*, 838 F.3d 1214, 1220 (Fed. Cir. 2016) (citing *In re Huai-Hung Kao*, 639 F.3d 1057, 1068 (Fed. Cir. 2011)). Further, the Board observed that Dr. Wright's opinions "do not appear to be based on **any actual knowledge** regarding licensing negotiations," noting that Dr. Wright testified "that **he is not an expert in**, and has no personal experience with, patent licensing." Ex. A at 39−40 (emphasis added).

In addition to the arguments Imperium has made here, the Board concluded that both the "weighting" or "weighting table" limitations of claims 1, 6, 7, and 14, as well as the "machine readable instructions" limitation of claim 7—the only other limitations challenged by Imperium—were satisfied or rendered obvious by Shimada.[3] *See, e.g.*, *id.* at 10, 23, 32–36.

The Board's straightforward reasoning on each of these points confirms the reasonableness of Samsung's position.

**B.    The Objective Reasonableness of Samsung's Positions at Trial Mitigates Against Enhanced Damages**

After this Court's award of enhanced damages (Dkt. No. 329), the Federal Circuit clarified that, although the objective reasonableness of an invalidity defense no longer precludes a finding of *willfulness*, objective reasonableness remains "one of the relevant factors" to consider when determining enhanced damages. *WesternGeco*, 837 F.3d at 1363. Because the Court did not have the benefit of the *WesternGeco* decision when it awarded enhanced

---

[3]    At trial, Samsung relied on Sugimoto (DX-0203) (which Samsung's expert used in combination with Shimada) to satisfy these limitations. This position too was objectively reasonable. Indeed, during prosecution, the USPTO in fact determined that Sugimoto expressly disclosed these limitations. The Board's decision here highlights that even without Sugimoto in combination, the '029 claims are still obvious.

damages—and thus did not address objective reasonableness—Samsung requests that the Court reconsider its enhanced damages award.

As explained above, the Board's decision invalidating all asserted claims of the '029 patent further demonstrates that Samsung's invalidity position was objectively reasonable, a fact that weighs against the award of enhanced damages. Moreover, the Board's determination that the asserted claims of the '029 patent are indeed invalid is probative of the "closeness of the case," another factor evaluated by the courts when evaluating enhanced damages. *See Creative Internet Advert. Corp. v. Yahoo! Inc.*, 689 F. Supp. 2d 858, 866 (E.D. Tex. 2010); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 633 F. Supp. 2d 361, 390 (E.D. Tex. 2009). These new considerations, in conjunction with other mitigating factors (*see, e.g.,* Dkt. No. 277 at 15–19), demonstrate that treble damages with respect to the '029 patent are not appropriate. *See, e.g.*, *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) (affirming decision "not to enhance" despite willfulness verdict where "issues were 'sufficiently close' and the defenses not frivolous").

In its enhancement decision, the Court did not discuss objective reasonableness at all. *See* Dkt. No. 329. In light of the clarification of *WesternGeco*, the Court in reconsidering its order should address the reasonableness of Samsung's invalidity and non-infringement positions, with respect to all patents. Of the three patents Imperium asserted in this case, two (comprising the preponderance of the case) have now been found invalid by the jury and/or the PTAB; moreover, as discussed in Samsung's JMOL papers and the briefing on enhanced damages, Samsung's defenses for all three patents are robust and objectively reasonable. *See, e.g.*, Dkt. No. 277 at 9–14, 17; Dkt. No. 299 at 4–7, 9; Dkt. No. 337 at 3–38; Dkt. No. 343 at 2–10. This case is not "egregious" as required for an award of enhanced damages under *Halo*, 136 S. Ct. at

1932, let alone "the most egregious" as this Court has recognized is required for treble damages, *Core Wireless Licensing S.a.r.l.*, v. *LG Elecs., Inc.*, No. 2:14-cv-912-JRG, Final Judgment at 1-2 (E.D. Tex. Nov. 1, 2016) (Gilstrap, J.) (attached as Exhibit B) (holding that "the degree of enhancement should be proportional" and awarding damages at the "lower end" of the spectrum).

## II.   RELIEF UNDER RULE 60(b) IS WARRANTED

Samsung's motion for reconsideration is proper under Fed. R. Civ. P. 60(b)(2) or (6). Rule 60(b)(2) provides that a court may relieve a party from final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Here, as required by the rule:  (1) Samsung "exercised due diligence in obtaining" the relevant evidence; and (2) "the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).  Specifically, Samsung exercised diligence in bringing the Board's IPR decision demonstrating objective reasonableness to this Court's attention shortly after that decision was issued.  Further, as explained above, if the Board's decision and the Federal Circuit's legal clarification in *WesternGeco* had been known to this Court at the time it determined enhanced damages, it would have produced a different result in the enhanced damages award.[4]

---

[4]     While the newly discovered evidence referred to by Rule 60(b)(2) must be in existence at the time of trial in order to satisfy the Rule, *see, e.g.*, *Chilson v. Metro. Transit Auth.*, 796 F.2d 69, 70 (5th Cir. 1986), the facts here mirror those in *Chilson* itself, in which the Fifth Circuit held that plaintiff was not barred from seeking relief under Rule 60(b)(2) after discovering defendant's audit, which was created after trial.  Although the Board's decision issued subsequent to this Court's Order on enhanced damages, the objective reasonableness of Samsung's invalidity position—which is evidence relevant to whether enhanced damages are appropriate—existed at the time of trial, as Samsung explained in its pre-trial motions.  *See, e.g.*, Dkt. No. 212 at 9–10.

Alternatively, relief is also warranted under Rule 60(b)(6), which permits relief from a judgment based on "any other reason that justifies relief." *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002). "The broad language of clause (6) gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (internal quotations omitted). As the Fifth Circuit has explained, relief under Rule 60(b)(6) is warranted "if extraordinary circumstances are present." *Id.* (internal quotations omitted). Such is the case here: not only did the Federal Circuit clarify the applicable law in light of the Supreme Court's recent and significant change of the law of willfulness in *Halo* shortly after the Court rendered its enhanced damages award, *see, e.g.*, *WesternGeco*, 837 F.3d at 1363, but the Board subsequently found all asserted claims of the '029 patent *invalid*. *Cf. Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 610 (5th Cir. 1963) (finding the "equitable principles encompassed within 60(b)(6) justif[ied] further inquiry" where patent found invalid in parallel proceedings).[5] This Court has previously exercised its power under Rule 60(b)(6) when, as here, intervening authority gives cause for reconsidering the equity of a prior judgment. *See, e.g.*, *Cassidian Commc'ns, Inc. v. Microdata GIS, Inc.*, No. 2:12-CV-162-JRG, 2015 WL 1848533, at *4 (E.D. Tex. Apr. 20, 2015) (granting Rule 60(b)(6) motion relieving plaintiff from judgment of invalidity for improper inventorship after the USPTO issued

---

[5]    Alternatively, relief may be available under Rule 60(b)(5). *See Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 610 (5th Cir. 1963) (recognizing that, where a non-final parallel proceeding has invalidated the asserted patents, relief from even compensatory judgments "may be available" under Rule 60(b)(5) if "no judgment has yet been paid."); *see also* Fed. R. Civ. P. 60(b)(5) (permitting relief where "applying [the judgment or order] prospectively is no longer equitable"); *but see Versata Software, Inc. v. SAP America, Inc.*, No. 2:07-cv-153, 2014 WL 1600327, at *1–2 (E.D. Tex. Apr. 21, 2014). To the extent *Bros. Inc.* remains good law with respect to Rule 60(b)(5), such relief is particularly appropriate here: executing the maximum *punishment* permitted by statute—"in practical effect . . . the prospective application of the judgment"—would be manifestly unjust given the Board's recognition that Samsung's position was not merely reasonable, but correct. *See Bros. Inc.*, 320 F.2d at 610.

a Certificate of Correction).  Reconsideration of the enhanced damages award here is similarly warranted in order to prevent injustice to Samsung.

## III.    CONCLUSION

For the reasons stated above, Samsung respectfully asks that the Court grant its motion for reconsideration of enhanced damages.

Respectfully submitted,

Dated:  December 13, 2016              By:  */s/ Clyde M. Siebman*_____

Jesse J. Jenner
Christopher J. Harnett
Steven Pepe
Kevin J. Post
Alexander E. Middleton
Matthew R. Shapiro
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*jesse.jenner@ropesgray.com*
*christopher.harnett@ropesgray.com*
*steven.pepe@ropesgray.com*
*kevin.post@ropesgray.com*
*alexander.middleton@ropesgray.com*
*matthew.shapiro@ropesgray.com*

Samuel L. Brenner
Scott S. Taylor
Courtney M. Cox
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000
*samuel.brenner@ropesgray.com*
*scott.taylor@ropesgray.com*
*courtney.cox@ropesgray.com*

Rebecca R. Carrizosa
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
(650) 617-4000
*rebecca.carrizosa@ropesgray.com*

Michael E. Jones
John F. Bufe
POTTER MINTON, PC
110 N. College, Suite 500
Tyler, Texas 75702
(903) 597-8311
*mikejones@potterminton.com*
*johnbufe@potterminton.com*

Clyde M. Siebman
SIEBMAN, BURG, PHILLIPS & SMITH LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
(903) 870-0070
*clydesiebman@siebman.com*

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2016, a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

By:   */s/ Clyde M. Siebman*
      Clyde M. Siebman