# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG SEMICONDUCTOR, INC. | §<br>§<br>§ Civil Action No. 4:14-CV-00371<br>§ Judge Mazzant<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Renewed Motion for Judgment as a Matter of Law on the Validity of U.S. Patent No. 6,836,290 (Dkt. #336). After reviewing the relevant pleadings, the Court denies Plaintiff's motion.

## BACKGROUND

On June 9, 2014, Plaintiff filed the instant action against Defendants, alleging infringement of United States Patent Nos. 6,271,884 (the "'884 Patent), 7,092,029 (the "'029 Patent"), and 6,836,290 (the "'290 Patent"). On February 8, 2016, the jury returned a verdict in favor of Plaintiff. Particularly, the jury found the following: (1) Defendants infringed Claims 1, 5, 14, and 17 of the '884 Patent; (2) Defendants infringed Claims 1, 6, and 7 of the '029 Patent; (3) Defendants willfully infringed the patents-in-suit; and (4) Claim 10 of the '290 Patent was invalid for obviousness (Dkt. #253). The jury awarded $4,840,772 in damages for infringement of the '884 Patent and $2,129,608.50 in damages for infringement of the '029 Patent (Dkt. #253). On August 24, 2016, the Court awarded enhanced damages for willful infringement and entered final judgment (Dkt. #329; Dkt. #330).

On September 21, 2016, Plaintiff filed its motion for judgment as a matter of law (Dkt. #336). On October 11, 2016, Defendants filed a response (Dkt. #339). On October 21, 2016, Plaintiff filed a reply (Dkt. #342). On October 31, 2016, Defendants filed a sur-reply (Dkt. #345).

**LEGAL STANDARD**

Upon a party's renewed motion for judgment as a matter of law following a jury verdict, the Court should properly ask whether "the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." Fed. R. Civ. P. 50(b); *see also Am. Home Assurance Co. v. United Space All.*, 378 F.3d 482, 487 (5th Cir. 2004). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Grp., Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008). "A JMOL may only be granted when, 'viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1261 (Fed. Cir. 2013) (quoting *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004)).

Under Fifth Circuit law, a court should be "especially deferential" to a jury's verdict and must not reverse the jury's findings unless they are not supported by substantial evidence. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). "Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891 (5th Cir. 2000). A motion for judgment as a matter of law must be

denied "unless the facts and inferences point so strongly and overwhelming in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Baisden*, 693 F.3d at 498 (citation omitted). However, "[t]here must be more than a mere scintilla of evidence in the record to prevent judgment as a matter of law in favor of the movant." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 606 (5th Cir. 2007).

In evaluating a motion for judgment as a matter of law, a court must "draw all reasonable inferences in the light most favorable to the verdict and cannot substitute other inferences that [the court] might regard as more reasonable." *E.E.O.C. v. Boh Bros. Constr. Co.*, 731 F.3d 444, 451 (5th Cir. 2013) (citation omitted). However, "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Id.* at 151 (citation omitted).

## ANALYSIS

Plaintiff moves for judgment as a matter of law based on the jury's determination that Claim 10 of the '290 Patent was invalid as obvious in combination with other prior art. Plaintiff's motion challenges the legal sufficiency of the evidence supporting the jury's verdict. Plaintiff argues that Defendants offered no evidence to support any of their reasons to combine U.S. Patent No. 6,452,632 ("Umeda") with U.S. Patent No. 5,929,655 ("Roe") or Japanese Patent Publication No. 1997-6592 ("Toshiba") to reach the particular combination of elements mentioned in Claim 10. Specifically, Plaintiff makes the following arguments: (1) Defendants produced no evidence that combining Roe or Toshiba with Umeda would have reduced pin count

3

or cost; (2) Defendants offered no evidence that combining Roe or Toshiba with Umeda would increase performance or versatility; and (3) Defendants offered no evidence that Roe or Toshiba would have increased the performance and versatility of Umeda by enabling support for well-known standards. Thus, Plaintiff asserts that judgment as a matter of law is justified and Claim 10 is valid and not obvious. In response, Defendants contend that they presented clear and convincing evidence that Claim 10 was obvious in view of Umeda in combination with Roe or Toshiba.

There is a presumption that a patent is valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). Defendants bear the burden of proving invalidity by clear and convincing evidence, and the burden never shifts to Plaintiff, the patentee, to prove validity. A patent is invalid for obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C § 103. Obviousness is a legal determination based upon underlying factual findings. *Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333, 1336 (Fed. Cir. 2013). The factual findings are based upon several factors, including "(1) the scope and content of the prior art, (2) the difference between the prior art and the claimed invention, (3) the level of ordinary skill in the field of the invention, and (4) any relevant objective considerations." *Id.* (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17–18 (1966)). Although the Court must determine the ultimate legal question of obviousness, the Court must presume the jury resolved all underlying factual findings in favor of the verdict and accept the jury's findings if supported by substantial evidence. *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1356–57 (Fed. Cir. 2012).

Here, substantial evidence supports the jury's finding of obviousness. Claim 10 of the '290 Patent recites:

> 10. A CMOS imaging apparatus, comprising:
> a *CMOS image sensor*, the sensor having a *data interface circuit* comprising:
> > a first single-ended interface connected to a first signal output line;
> > a second single-ended interface connected to a second signal output line; and
> > a differential interface having a normal signal output connected to the first output line and a complementary signal output connected to the second signal output line;
> > wherein an output of the data interface circuit is selectable between a single-ended interface output and a differential interface output; and
> > an *image processor* connected to the CMOS image sensor to receive the signals output by the data interface circuit.

'290 Patent at 5:45–6:6 (emphasis added). The claimed invention has three primary components: (1) a "CMOS image sensor"; (2) a "data interface circuit" within the CMOS image sensor that sends output signals from the sensor; and (3) an "image processor" that receives signals from the data interface circuit.

Both parties presented expert testimony regarding the obviousness of Claim 10. Defendants' invalidity expert, Dr. Jacob Baker, testified regarding the obviousness of Claim 10. Dr. Baker contended that a person of ordinary skill in the art would combine the disclosure in Umeda with the interface disclosed in Roe or Toshiba. Umeda discloses a solid-state image sensor that includes (1) an image sensor, such as a CMOS type image sensor; (2) an interface section within the image sensor that transmits signals; and (3) a section that receives signals from the interface section. Umeda at Fig. 6. Umeda does not claim a particular type of interface section to use with the invention.

At trial, Dr. Baker described what Umeda seeks in an appropriate interface section:

Q. (By Mr. Pepe) Now, Dr. Baker, what does this slide show?
A. This slide shows what Umeda desires with an interface.
Q. And what are those characteristics?

> A. Well, it wants a small number of pins so that we can reduce the size and lower the cost, but at the same time, you want to have high performance and high versatility and be able to use well-known standards, like the PC card and like IEEE 1394, the FireWire I mentioned a moment ago.

(Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 11:21–12:3 (referring to the Umeda patent at 1:61–67)). Dr. Baker testified that Roe and Toshiba provide all of the characteristics desired by Umeda—minimal pins, high versatility and performance, and support for well-known standards. Dr. Baker then presented evidence and testimony regarding how Roe and Toshiba possess Umeda's desired characteristics. He mentioned that Roe, Umeda, and Toshiba are all in the same technical field (Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 35:10–14). Roe discloses a dual-purpose input/output ("I/O") integrated circuit that can support either single-ended I/O, differential I/O, or both, and Toshiba discloses an integrated circuit that allows use of both a single-ended interface and a differential interface. Roe at 3:38–43; Toshiba at p. 16:15–19. Dr. Baker explained that Roe and Toshiba achieve the desired Umeda characteristics by sharing single-ended and differential interface pins (Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 25:23–26.6 (describing the Roe interface); Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 16:21–17:21 (describing the Toshiba interface)). He further explained that reducing the number of pins decreases size and lowers cost while also creating a flexible interface that uses single-ended and differential interfaces (Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 34:5–8). In addition, Dr. Baker testified that because Roe and Toshiba share single-ended and differential interface pins, these references offer support for well-known standards (Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 34:14–17; Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 11:13–19 (indicating Figure 14 of Umeda gives examples of well-known standards, such as a PC card, which uses a single-ended or differential interface, and the IEEE 1394, which uses a differential interface or the like (citing Umeda at Fig. 14))). Lastly, Dr. Baker stated that Toshiba's interface could be used in a broad range of applications, which

Dr. Baker acknowledged could include Umeda's video system (Dkt. #271, Feb. 4, 2016 P.M. Trial Tr. at 15:13–18 (discussing Toshiba at p. 49:15–18)).

Plaintiff's expert, Dr. Cameron Wright testified to rebut Dr. Baker's testimony. He claimed that Dr. Baker combined two dissimilar patents to "come up with something close to the interface patent" (Dkt. #322, Feb. 5, 2016 P.M. Trial Tr. at 114:2–3). Other than argument, Dr. Wright offered no other specific testimony to rebut Dr. Baker's reasons for why a person of ordinary skill would not have combined Umeda with Roe or Toshiba to create Claim 10.

The jury weighed the competing testimony and the credibility of the experts. Ultimately, the jury agreed with Dr. Baker's testimony and found Claim 10 was invalid. After reviewing the record and considering the parties' arguments, the Court finds substantial evidence in the record to support the jury's factual finding of invalidity. Dr. Baker's testimony included not only specific citations to each of the prior art references but also an explanation for why a person of ordinary skill in the art would use the interface of Roe or Toshiba in the system disclosed by Umeda. "Where there is substantial evidence for a reasonable jury finding, it is not [the Court's] function to second guess or reevaluate the weight given to that evidence." *MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1168 (Fed. Cir. 2015). The Court will not substitute its judgment for that of the jury. The Court also finds that a reasonable jury could have determined that Defendants established by clear and convincing evidence that Claim 10 would have been obvious to one of ordinary skill in the art at the time of the invention.

Therefore, the Court will not disturb the jury's verdict.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law on the Validity of U.S. Patent No. 6,836,290 (Dkt. #336) is hereby **DENIED**.

**SIGNED this 27th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE