# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD.<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG SEMICONDUCTOR, INC. | § § § § § § § § § § § § § Civil Action No. 4:14-CV-00371<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Amend the Judgment and for Pre-Judgment and Post-Judgment Interest (Dkt. #335). After reviewing the relevant pleadings, the Court grants in part and denies in part Plaintiff's motion.

### BACKGROUND

On June 9, 2014, Plaintiff filed the instant action against Defendants, alleging infringement of United States Patent Nos. 6,271,884 (the "'884 Patent), 7,092,029 (the "'029 Patent"), and 6,836,290 (the "'290 Patent"). On February 8, 2016, the jury returned a verdict in favor of Plaintiff. Particularly, the jury found the following: (1) Defendants infringed Claims 1, 5, 14, and 17 of the '884 Patent; (2) Defendants infringed Claims 1, 6, and 7 of the '029 Patent; (3) Defendants willfully infringed the patents-in-suit; and (4) Claim 10 of the '290 Patent was invalid for obviousness (Dkt. #253). The jury awarded $4,840,772 in damages for infringement of the '884 Patent and $2,129,608.50 in damages for infringement of the '029 Patent (Dkt. #253). On August 24, 2016, the Court awarded enhanced damages for willful infringement and entered final judgment (Dkt. #329; Dkt. #330).

On September 21, 2016, Plaintiff filed its motion to amend (Dkt. #335). On October 11, 2016, Defendants filed a response (Dkt. #340). On October 24, 2016, Plaintiff filed a reply (Dkt. #344). On November 3, 2016, Defendants filed a sur-reply (Dkt. #347).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Depending on when a party files such a motion, the Court may construe it under Rule 59(e) as a motion to alter or amend a judgment or under Rule 60(b) as a motion for relief from a final judgment. *Id.*; *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). If a party files a motion within than twenty-eight days from the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n.19 (5th Cir. 1998). Here, Plaintiff filed its motion within twenty-eight days of the Court entering final judgment. The Court will construe Plaintiff's motion as a motion to amend the judgment under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citations omitted). Under Rule 59(e),

2

amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) where there has been a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

**ANALYSIS**

*Amendment of the Judgment*

Plaintiff seeks under Federal Rule of Civil Procedure 59(e) to amend the judgment to reflect Defendants' sales through trial.

The jury awarded $6,970,380.50 to Plaintiff for damages incurred through the date of the verdict—$4,840,772 for infringement of the '884 Patent and $2,129,608.50 for infringement of '029 Patent. These damages figures relate to half of the amounts that Plaintiff's damages expert put forth at trial. *See* Dkt. #318, Feb. 3, 2016 P.M. Trial Tr. at 35:8–13 (calculating damages for infringement of the '884 Patent as $9,681,544 and $4,259,217 for the '029 Patent). Plaintiff claims—and Defendants do not contest—that the jury implicitly found that Defendants owed Plaintiff a royalty of four cents and two cents per accused product for the '884 and '029 Patents, respectively. *See* Dkt. #318, Feb. 3, 2016 P.M. Trial Tr. at 32:19–23 (showing Plaintiff's expert calculated a royalty rate of eight cents for the '884 Patent (anti-flicker) and a royalty rate of four cents for the '029 Patent (preflash)). Following the trial, Defendants produced sales data for the accused products through the first quarter of 2016. Plaintiff's expert applied the jury's four-cent

3

and two-cent rates to Defendants' updated sales data and adjusted the data to accrue only through the date of the verdict. The updated damages figure results in a total of $6,412,399.64 in damages for infringement. Enhancing this updated damages figure results in a judgment totaling $19,237,198.92. While maintaining the positions set forth in their Rule 50 motion, Defendants do not dispute the updated damages figure or the new judgment amount.

To correct the error in the damages award, the Court therefore amends the judgment to reflect the updated damages figure and the award of enhanced damages. As such, Plaintiff is entitled to $6,412,399.64 as damages for infringement of the '884 Patent and the '029 Patent. When such damages are enhanced, Plaintiff is entitled to $19,237,198.92 as a final judgment. The Court adopts and incorporates its prior opinions setting forth why enhanced damages are proper (Dkt. #329; Dkt. #361).

*Imposition of an Ongoing Royalty*

Plaintiff also seeks an ongoing royalty against Defendants for infringing sales that have occurred and continue to occur after the jury rendered its verdict. Defendants respond that Plaintiff fails to prove the need for an ongoing royalty. Specifically, Defendants contend that Plaintiff has not proved that any new products introduced by Defendants are colorable variations of infringing products. Defendants further contend that Plaintiff has not shown that an ongoing royalty is necessary to effectuate a remedy.

Under 35 U.S.C. § 284, a successful patentee shall be awarded damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." The Federal Circuit has interpreted this provision to permit a court to award "'an ongoing royalty for patent infringement in lieu of an injunction' barring the infringing conduct." *Prism Techs. LLC*

*v. Sprint Spectrum L.P.*, No. 2016-1456, 2017 WL 877221, at *12 (Fed. Cir. Mar. 6, 2017) (quoting *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007)). However, a Court should not grant an ongoing royalty "as a matter of course whenever a permanent injunction is not imposed." *Paice LLC*, 504 F.3d at 1314–15.

Since Plaintiff seeks an ongoing royalty in lieu of an injunction, the Court exercises its discretion to determine whether an ongoing royalty is appropriate. Here, the Court finds an ongoing royalty should be imposed. The jury instructions were clear in providing Plaintiff with a reasonable royalty as relief from past and present infringement only. The Court instructed the jury, "[D]amages must be in an amount adequate to compensate Imperium for the infringement. The purpose of a damage award is to put Imperium in about the same financial position it would have been in if the infringement had not happened." (Dkt. #250 at p. 21). In line with the jury instructions, questions two, twelve, sixteen, and twenty-two of the verdict form indicate that the jury would award damages to "fairly and reasonabl[y] compensate Imperium for Samsung's infringement" (Dkt. #253 at pp. 2, 5–6, 9). Nothing in the jury instructions or the verdict form specified that the jury's award was to compensate Plaintiff for ongoing or future infringement. In addition, both parties' damages experts calculated damages as extending only through the date of trial. *See* Dkt. #274, Feb. 5, 2016 Trial Tr. at 30:12–13 (indicating Defendants' expert testified that his calculations were "only through the time of trial"); Dkt. #274, Feb. 5, 2016 Trial Tr. at 160:20–21 (showing Plaintiff's expert calculated damages through the date of trial). After reviewing Defendants' sales regarding the accused products through the first quarter of 2016, the Court is convinced that there is evidence of ongoing infringement. *See, e.g.*, Dkt. #344, Exhibit 1. Thus, an ongoing royalty is appropriate to address harm to Plaintiff that occurred after the date of trial.

5

*Prejudgment Interest*

Plaintiff claims it is entitled to an award of prejudgment interest in an amount that sufficiently compensates it for Defendants' infringement. Plaintiff suggests the Court should calculate prejudgment interest at the average prime rate during the infringement period beginning in the first quarter of 2007.[1] Plaintiff also asserts that prejudgment interest should be compounded quarterly.

Defendants argue that the Court should not impose prejudgment interest at all, considering Plaintiff's delay in proceeding with its claim for infringement. Defendants mention sworn testimony from Plaintiff's executive officers, as well as internal documents, confirm that Plaintiff substantially delayed bringing suit. Defendants point to testimony that shows Plaintiff identified Defendants as a target for litigation before 2008, which contradicts Plaintiff's assertion that it became aware of Defendants' potential infringement in 2011 (Dkt. #340 at p. 2). In the event the Court determines an award of prejudgment interest is proper, Defendants contend the Court should apply the U.S. Treasury Bill rate, compounded annually.

The Supreme Court has held that prejudgment interest "should be ordinarily awarded" unless there is some justification for withholding such an award. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). The *Devex* Court explained:

> In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment.

---

[1] According to Plaintiff, "Between the date of first infringement and the entry of judgment date, the average prime rate was 3.9%." (Dkt. #335 at p. 5).

*Id.* at 655–56; *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (acknowledging the award of prejudgment interest should be from the date of infringement to the date of final judgment, "since only such award will satisfy 'Congress' overriding purpose [in section 284] of affording patent owners complete compensation'" (quoting *Devex*, 461 U.S. at 655)).

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rio Labs.*, 807 F.2d at 969. However, when exercising that discretion, the Court recognizes the purpose of prejudgment interest, which is to compensate the patent owner for infringement. Prejudgment interest applies to actual damages and not punitive or enhanced damages. *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 923 F.2d 1576, 1580 (Fed. Cir. 1991).

The Court determines that Plaintiff has not unreasonably delayed filing suit against Defendants such that prejudgment interest should be withheld. Plaintiff did not have reason to know that Defendants were infringing before 2008. Plaintiff commenced litigation regarding Defendants' patent infringement on June 9, 2014. There is evidence in the record that Plaintiff took measures to avoid litigation with Defendants before filing suit. *See, e.g.*, Dkt. #335, Exhibit 6 at pp. 1–9 (revealing from 2011 to 2013, Plaintiff and Defendants engaged in discussions related to a license or purchase of the patents-in-suit). Contrary to Defendants' arguments, the record does not indicate that Plaintiff or ESS knew of Defendants' infringement before 2008. For example, Mr. Bob Blair, CEO for ESS and Plaintiff, testified that "long before 2008, [Defendants] were selling lots of digital imaging products[] [and] products with digital images in them" (Dkt. #344, Exhibit 5 at 56:7–9). Blair continued, "[I]n 2008, we started . . . looking at who might be the people we should go talk to . . . license the portfolio. Samsung of course

would be on the list." (Dkt. #344, Exhibit 5 at 56:9–11). This deposition testimony shows that Blair did not know specifically if Defendants were infringing in 2008, only that Defendants might need a license because it sold digital imaging products. *See* Dkt. #344, Exhibit 5 at 54:5–12 (showing Blair was questioned about whether ESS thought Defendants were infringing its patents from 2003 to 2006 and he responded that ESS "never discussed anything like that or thought about it. We were trying to sell products, not litigate patents.").

Next, the Court must calculate the rate of prejudgment interest. The first question requires the Court to determine when prejudgment interest begins to accrue. Plaintiff contends that such date should be the first quarter of 2007 (Dkt. #335 at p. 5). Defendants do not offer a firm date but asserts that Plaintiff cannot begin to recover until June 9, 2008 (Dkt. #340 at p. 8). Section 286 states, "No recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." 35 U.S.C. § 286. Here, prejudgment interest cannot accrue before June 9, 2008, which is six years before Plaintiff filed its complaint. The Court also instructed the jury that the earliest the damages period could begin was June 9, 2008 (Dkt. #250 at p. 22). Since prejudgment interest can apply only to the actual damages portion of the judgment, Plaintiff cannot receive prejudgment interest dating back to 2007. *Beatrice Foods*, 923 F.2d at 1580. The Court will therefore award prejudgment interest on the actual damages awarded to Plaintiff, covering June 9, 2008, to the date of final judgment.

Common practice in the Eastern District of Texas is to apply a prejudgment interest rate that compounds the prime rate quarterly. *See Georgetown Rail Equip. Co. v. Holland L.P.*, No. 613-cv-366, 2016 WL 3346084, at *10 (E.D. Tex. June 16, 2016) (awarding prejudgment interest at the prime rate compounded quarterly); *Fractus, S.A. v. Samsung Elecs. Co.*, 876 F.

Supp. 2d 802, 856 (E.D. Tex. 2012) (same); *Clear with Computs., LLC v. Hyundai Motor Am., Inc.*, No. 6:09-cv-479, 2012 WL 8144915, at *8 (E.D. Tex. Jan. 9, 2012) (same); *Glob. Ground Automation v. Groundrez, LLC*, No. 6:08-cv-374, 2011 WL 13098293, at *6 (E.D. Tex. June 29, 2011) (same); *Tycho Healthcare Grp. v. Applied Med. Res. Corp.*, No. 9:09-cv-176, 2010 WL 11469881, at *5 (E.D. Tex. May 17, 2010) (same); *see also VirnetX, Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 844 (E.D. Tex. 2013) (listing cases where the Court awarded prejudgment interest at the prime rate compounded quarterly). After carefully considering the parties' positions and the jury's award, the Court decides to follow common practice of this district. The Court awards Plaintiff prejudgment interest on the updated damages award of $6,412,399.64. The prejudgment interest on this amount should be compounded quarterly at the prime rate. Interest should accrue from June 9, 2008, to the date of final judgment.

*Post-Judgment Interest*

Plaintiff asserts that it is entitled to post-judgment interest under 28 U.S.C. § 1961, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The Court agrees. Accordingly, the Court awards post-judgment interest at the statutory rate from the date of the Court's final judgment until the date of payment. Post-judgment interest covers the entire judgment amount, enhanced damages, and prejudgment interest, as well as any attorneys' fees awarded. Because Plaintiff has not sought attorneys' fees or costs, Defendants have reserved the right to oppose any such motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Amend the Judgment and for Pre-Judgment and Post-Judgment Interest (Dkt. #335) is **GRANTED IN PART** and **DENIED IN PART**.

Since the Court awarded an ongoing royalty, the Court further **ORDERS** the parties to negotiate a royalty rate. The parties shall have fifteen days from the entry of this order to agree on an ongoing royalty rate and the products covered by that rate. If the parties require additional time, they may so move the Court. If the parties do not reach an agreement, the Court will set a briefing schedule and determine an appropriate ongoing royalty rate.

**SIGNED this 27th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE