# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG § TELECOMMUNICATIONS AMERICA, § LLC, and SAMSUNG SEMICONDUCTOR, § INC. § | Civil Action No. 4:14-CV-00371 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Rule 60(b) Motion for Reconsideration of Enhanced Damages (Dkt. #348). After reviewing the relevant pleadings, the Court denies Defendants' motion.

## BACKGROUND

On June 9, 2014, Plaintiff filed the instant action against Defendants, alleging infringement of United States Patent Nos. 6,271,884 (the "'884 Patent), 7,092,029 (the "'029 Patent"), and 6,836,290 (the "'290 Patent"). On February 8, 2016, the jury returned a verdict in favor of Plaintiff. Particularly, the jury found the following: (1) Defendants infringed Claims 1, 5, 14, and 17 of the '884 Patent; (2) Defendants infringed Claims 1, 6, and 7 of the '029 Patent; (3) Defendants willfully infringed the patents-in-suit; and (4) Claim 10 of the '290 Patent was invalid for obviousness (Dkt. #253). The jury awarded $4,840,772 in damages for infringement of the '884 Patent and $2,129,608.50 in damages for infringement of the '029 Patent (Dkt. #253). On August 24, 2016, the Court awarded enhanced damages for willful infringement and entered final judgment (Dkt. #329; Dkt. #330).

On December 13, 2016, Defendants filed their motion for reconsideration regarding the Court's August 24, 2016 Memorandum Opinion and Order (Dkt. #348). On January 6, 2017, Plaintiff filed a response (Dkt. #351). On January 17, 2017, Defendants filed a reply (Dkt. #352). On January 24, 2017, Plaintiff filed a sur-reply (Dkt. #353).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Depending on when a party files such a motion, the Court may construe it under Rule 59(e) as a motion to alter or amend a judgment or under Rule 60(b) as a motion for relief from a final judgment. *Id.*; *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."). If a party files a motion within than twenty-eight days from the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Hamilton Rothschilds v. Williams Rothschilds*, 147 F.3d 367, 371 n.19 (5th Cir. 1998). Here, Defendants' filed their motion for reconsideration more than twenty-eight day after the Court entered final judgment. Thus, the Court will consider the motion under Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a court's final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)–(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from final judgment for "any other reason justifying relief from the operation of

the judgment." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

**ANALYSIS**

The Federal Circuit has explained that "[w]hen reviewing non-patent issues," including some rulings under Rule 60(b), its "general practice is to apply the law of the regional circuit." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002). Federal Circuit law applies, however, "when a district court's ruling under Rule 60(b) turns on substantive issues unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013). This provides for "consistent and uniform application by district courts when handling patent cases." *Id.* at 1293. Defendants' argument for Rule 60(b) relief hinges on the interpretation of Supreme Court and Federal Circuit law to determine the appropriateness of enhanced damages to punish an infringer for egregious, deliberate, or flagrant patent infringement. The Court will therefore apply Federal Circuit law to the issue of enhanced damages in this patent infringement case.

Defendants seek relief under Rule 60(b)(2) and Rule 60(b)(6) from the order awarding enhanced damages to Plaintiff and the Court's subsequent entry of judgment. Defendants contend the Court did not consider the objective reasonableness of their invalidity position when awarding enhanced damages.[1] To support this argument, Defendants point to a December 1,

---

[1] It is well-settled, however, that Rule 60(b)(6) requires exceptional or extraordinary circumstances. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (noting relief under Rule 60(b)(6) requires a movant to show

3

2016 Patent Trial and Appeal Board ("Board") decision that found all of the asserted claims of the '029 Patent invalid. Defendants argue the Board's decision and its reasoning with respect to the asserted claims should be a factor to mitigate enhanced damages for the '029 Patent.

To succeed on their motion under Rule 60(b)(2), Defendants must set forth newly discovered evidence and demonstrate "(1) that it exercised due diligence in obtaining the information, and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)). Evidence that is "'merely cumulative or impeaching and would not have changed the result'" does not suffice. *Id.*

Defendants have not shown that the Board's decision constitutes newly discovered evidence and not just new evidence. This distinction is significant. "'Newly discovered evidence must have been in existence at the time of the trial and not discovered until after trial.'" *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 158 (5th Cir. 2004) (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102–03 (5th Cir. 1992)). New evidence makes up everything else. On August 24, 2016, the Court issued its enhanced damages opinion and entered judgment against Defendants, and the Board issued its decision on December 1, 2016. Since the Board's decision was not in existence at the time of the judgment, it is new evidence and cannot form a basis for relief under Rule 60(b)(2).[2]

---

"extraordinary circumstances"). The Supreme Court stated, "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). The Court is not convinced that the Board's decision qualifies as extraordinary circumstances and thus Rule 60(b)(6) relief is not appropriate.

[2] Defendants argue the facts in this case mirror *Chilson v. Metropolitan Transit Authority*, 796 F.2d 69, 70 (5th Cir. 1986). In *Chilson*, Plaintiff sought Rule 60(b)(2) relief after the jury's verdict, claiming as newly discovered evidence an internal audit reflecting overpayments. *Id.* at 70. The Fifth Circuit reversed the decision of the district court and held the newly discovered evidence was not the internal audit but rather the overpayment as revealed by the audit, which had already occurred. *Chilson* does not apply to the facts at hand. *Chilson* involved a fact (the

Even if the Board's decision constituted newly discovered evidence, Defendants have not demonstrated such evidence was "material and controlling and clearly would have produced a different result if presented before the original judgment." *Thermacor Process, L.P.*, 567 F.3d at 744. When damages for patent infringement are found, "the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. The Supreme Court in *Halo Electronics, Inc. v. Pulse Electronics, Inc.* rejected the prevailing test for enhanced damages and explained that under § 284, "[d]istrict courts enjoy discretion in deciding whether to award enhanced damages, and in what amount." 136 S. Ct. 1923, 1932 (2016). The paramount determination bearing on a court's discretion is the egregiousness of the defendant's conduct. *Id.* The *Halo* Court described such conduct as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or . . . characteristic of a pirate." *Id.* "[N]one of this is to say that enhanced damages must follow a finding of egregious conduct." *Id.* at 1933. Rather, enhanced damages are appropriate after a district court "take[s] into account the particular circumstances of each case" and determines the misconduct goes beyond typical infringement. *Id.* at 1933–34.

Trial in this case commenced on February 1, 2016, and continued until February 8, 2016, when the jury rendered a verdict that found Defendants willfully infringed the patents-in-suit. Despite the jury's finding of willfulness, the Court exercised its discretion to decide whether to award enhanced damages and in what amount such damages should be awarded. *Halo*, 136 S. Ct. at 1932. In exercising that discretion, the Court's August 24, 2016 opinion considered factors set out in *Read Corp. v. Portec Inc.*, 970 F.2d 816 (Fed. Cir. 1992). However, the Court noted, "While the *Read* factors remain helpful to the Court's execution of its discretion, an

---

overpayment) that allegedly occurred before trial but the tendered evidence of the fact (the audit) came into existence only after the judgment. This case involves nothing more than tendered evidence of a fact (the Board decision) that comes after the Court's order. Therefore, *Chilson* is distinguishable.

analysis focused on 'egregious infringement behavior' is the touchstone for determining an award of enhanced damages rather than a more rigid[] mechanical assessment." (Dkt. #329 at p. 11). Accordingly, the Court examined the egregiousness of Defendants' conduct.

The Court first reviewed testimony regarding allegations of Defendants' copying. Mr. Melfi testified that Defendants sought information on how ESS made its camera and how to duplicate ESS' camera testing lab. Mr. Bang and Mr. Lee testified that Defendants did not follow Plaintiff's patents after 2011 or monitor Plaintiff's previous litigation regarding the patents-in-suit. But evidence produced at trial contradicted Mr. Bang and Mr. Lee's claims and revealed that Defendants "did track and attempt to obtain . . . Plaintiff's patents for years before this lawsuit" (Dkt. #329 at p. 12). The Court also stated that Defendants offered no evidence at trial to show they independently developed and/or acquired the technology at issue in this case. Next, the Court assessed the material misrepresentations made by Defendants under oath. During discovery, Defendants misrepresented their knowledge of Plaintiff's patents in a sworn response to an interrogatory. At trial, Defendants also misrepresented facts bearing on infringement and willfulness, which resulted in the sanctions. Finally, the Court indicated that Defendants failed to produce relevant discovery documents until the fifth day of trial. After examining these instances of Defendants' conduct at the time of the accused infringement, the Court found Defendants' conduct to be sufficiently egregious to warrant enhanced damages.

Defendants claim if the Court had the Board's decision and the Federal Circuit's legal clarification in *WesternGeco L.L.C. v. ION Geophysical Corp.*, 837 F.3d 1358 (Fed. Cir. 2016), then it would have reached a different enhanced damages award (Dkt. #348 at p. 6). *WesternGeco* noted that while "objective reckless" conduct is no longer the standard for willful infringement, the "objective reasonableness" of an infringer's positions is still a relevant factor

that a court must consider among the totality of circumstances in deciding whether to enhance damages. *WesternGeco*, 837 F.3d at 1364.

The Court disagrees with this argument on two points. First, the Supreme Court in *Halo* granted courts considerable discretion when deciding whether to enhance damages and in what amount. The egregiousness of a defendant's conduct and the totality of the circumstances guide the Court in this discretion. *Halo*, 136 S. Ct. at 1932. *Halo* did not require a court to examine the objective reasonableness of an infringer's positions in awarding enhanced damages. In fact, the Supreme Court maintained the opposite: "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933; *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340 (Fed. Cir. 2016) ("[A]n infringer's subjective bad faith alone may support an award of enhanced damages." (citing *Halo*, 136 S. Ct. at 1933)); *WesternGeco*, 837 F.3d at 1362 ("Rather, *Halo* emphasized that subjective willfulness alone . . . can support an award of enhanced damages."). Thus, the Court was not required to assess the objective reasonableness of Defendants' positions.

Second, the Court actually examined the objective reasonableness of Defendants' positions when considering the totality of the circumstances. The Court consulted the *Read* factors as helpful guideposts for this evaluation. The *Read* factors are as follows: (1) "whether the infringer deliberately copied the ideas or design of another"; (2) "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed"; (3) "the infringer's behavior as a party to the litigation"; (4) "[d]efendant's size and financial condition"; (5) "[c]loseness of the case"; (6) "[d]uration of defendant's misconduct"; (7) "[r]emedial action taken by the defendant"; (8)

7

"[d]efendant's motivation for harm"; and (9) "[w]hether defendant attempted to conceal its misconduct." *Read*, 970 F.2d at 827–28. The fifth *Read* factor, "closeness of the case," which overlaps considerably with the second *Read* factor, includes an examination of objective reasonableness. While not expressly discussing objective reasonableness, the Court reviewed the nine *Read* factors, along with Defendants' egregious conduct, and awarded enhanced damages.

Because Defendants have not shown that the Board's decision would have changed the Court's decision regarding the award of enhanced damages, they are not entitled to relief from the Court's enhanced damages award or the judgment based on Rule 60(b)(2).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Rule 60(b) Motion for Reconsideration of Enhanced Damages (Dkt. #348) is hereby **DENIED**.

**SIGNED this 27th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE