FILED: **7/18/17**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IMPERIUM IP HOLDINGS (CAYMAN), LTD.,**
*Plaintiff-Cross-Appellant*

v.

**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, SAMSUNG SEMICONDUCTOR, INC.,**
*Defendants-Appellants*

---

2017-2107, -2133

---

Appeals from the United States District Court for the Eastern District of Texas in No. 4:14-cv-00371-ALM, Judge Amos L. Mazzant, III.

---

**ON MOTION**

---

Before BRYSON, *Circuit Judge*.

**O R D E R**

Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") move to dismiss these appeals for lack of jurisdiction or in the alternative, to deactivate the

2 IMPERIUM IP HOLDINGS (CAYMAN) v. SAMSUNG ELECTRONICS CO., LTD.

appeals. Imperium IP Holdings (Cayman), Ltd. opposes the motion.

Samsung argues that certain proceedings before the district court concerning Imperium's request for an ongoing royalty rate preclude this court from exercising jurisdiction over this case. The court, however, is not inclined to grant a motion to dismiss on these papers. As Samsung acknowledges, at least one decision of this court, *Cave Consulting Grp., LLC v. OptumInsight, Inc.*, Nos. 17-1060, -1093 (Fed. Cir. Mar. 31, 2017), has recognized that the existence of certain outstanding issues concerning an ongoing royalty does not preclude jurisdiction over a case as "final except for an accounting" under 28 U.S.C. § 1292(c)(2), and Samsung's motion offers little substance from which this court might conclude that the reasoning of that case does not compel the same result here and fails to provide the sealed trial papers upon which it relies.

Given that the parties have already submitted their briefs on the ongoing royalty issues below and that the district court will presumably decide those issues shortly, the court agrees that it makes sense to hold proceedings in these appeals in abeyance until the pending matters below are resolved. Any appeal after the completion of those proceedings will be consolidated with these appeals. These appeals will remain companion cases with Imperium's appeals from final decisions of the Patent Trial and Appeal Board concerning the same patents.

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the extent that proceedings in these appeals are stayed. The parties are directed to promptly inform this court of the district court's decision in the ongoing royalty rate matter and to advise how they believe these appeals should then proceed.

IMPERIUM IP HOLDINGS (CAYMAN) v. SAMSUNG ELECTRONICS CO., LTD.   3

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s24