# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. § § § v. § § SAMSUNG ELECTRONICS CO., LTD., § SAMSUNG ELECTRONICS AMERICA, § INC., SAMSUNG § TELECOMMUNICATIONS AMERICA, § LLC, and SAMSUNG SEMICONDUCTOR, § INC. § | Civil Action No. 4:14-CV-371 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Imperium IP Holdings (Cayman), Ltd.'s ("Imperium") Motion for Taxation of Costs (Dkt. #369). After reviewing the relevant pleadings, the Court grants Imperium's motion.

## BACKGROUND

On June 9, 2014, Imperium filed the instant action against Defendants, alleging infringement of United States Patent Nos. 6,271,884 (the "'884 Patent), 7,092,029 (the "'029 Patent"), and 6,836,290 (the "'290 Patent"). On February 8, 2016, the jury returned a verdict finding the following: (1) Defendants infringed Claims 1, 5, 14, and 17 of the '884 Patent; (2) Defendants infringed Claims 1, 6, and 7 of the '029 Patent; (3) Defendants willfully infringed the patents-in-suit; and (4) Claim 10 of the '290 Patent was invalid for obviousness (Dkt. #253). The jury awarded $4,840,772 in damages for infringement of the '884 Patent and $2,129,608.50 in damages for infringement of the '029 Patent (Dkt. #253). On August 24, 2016, the Court awarded enhanced damages for willful infringement and entered final judgment (Dkt. #329; Dkt. #330).

On May 19, 2017, Imperium filed the present motion for taxation of costs (Dkt. #369). On June 2, 2017, Defendants filed a response (Dkt. #377). On June 9, 2017, Imperium filed a reply (Dkt. #384). On June 13, 2017, Defendants filed a sur-reply (Dkt. #391).

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure states in relevant part that, "costs— other than attorney's fees—should be allowed to the prevailing party" unless the Court provides otherwise. Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012). This discretion is bridled by 28 U.S.C. § 1920, which limits the types of costs a court can tax against an unsuccessful party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 permits only the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A district court may decline to award costs listed in the statute but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42. "Although the prevailing party is entitled to its costs, the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent, and the prevailing party should not burden the Court with costs that are clearly not recoverable under the law." *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 804 (E.D. Tex. 2012).

## ANALYSIS

Imperium seeks to recover taxable costs under Rule 54(d) of the Federal Rules of Civil Procedure. Defendants assert that Imperium is not the prevailing party and thus should not recover any taxable costs. The Court in a previous motion resolved that Imperium is the prevailing party in this litigation. Thus, Imperium is entitled to all taxable costs allowable under Rule 54(d)(1) and 28 U.S.C. § 1920.

The parties dispute three areas of taxable costs recoverable by Imperium. Specifically, the parties dispute the following: (1) whether such costs should be reduced in light of the Patent Trial and Appeal Board's ("PTAB") decision to invalidate the '029 Patent and in light of the jury's verdict invalidating the '290 Patent; (2) whether Imperium can recover per-diem costs for certain trial witnesses who traveled from out-of-town; and (3) whether Imperium can recover the costs to convert and Bates-stamp documents for production, as required by the Court's E-Discovery order. The Court will consider each of these arguments in separately.

### A. Whether Imperium's Costs Should Be Reduced

Imperium asserts it is entitled to its taxable costs without reduction. Imperium contends its costs were reasonably necessary for this litigation at the time they were incurred.

Defendants respond by stating Imperium cannot recover costs related to the '290 and '029 Patents. Defendants point to two statutes to advance this position. Defendants state that 35 U.S.C. § 288 precludes the recovery of costs—even in the presence of an infringement verdict—for patents with invalid claims that the patentee did not disclaim before filing suit. Defendants further state that 28 U.S.C. § 1928 similarly precludes the recovery of costs. Defendants encourage the Court to exercise its discretion and apportion Imperium's costs to reflect only the extent Imperium prevailed in this action.

The Court is unpersuaded by Defendants' citations to 35 U.S.C. § 288 and to 28 U.S.C. § 1928. Section 288 expressly states:

> Whenever a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office before the commencement of the suit.

35 U.S.C. § 288. The Federal Circuit has stated that § 288 does not apply when claims in a patent are declared invalid during the pendency of the lawsuit. *See Bradford Co. v. Jefferson Smurfit Corp.*, No. 2000-1511, 2001 WL 35738792, at *7 (Fed. Cir. Oct. 31, 2001) (upholding the district court's award of costs and holding that for the patent claim to be considered invalid, "there must have been a prior determination of invalidity before the patent infringement for which costs are now sought"). Likewise, none of the facts in this case involves any issue or conduct contemplated by § 1928. As such, it does not apply. *See* 28 U.S.C. § 1928 ("Whenever a judgment is rendered for the plaintiff in any patent infringement action involving a part of a patent and it appears that the patentee, in his specifications, claimed to be, but was not, the original and first inventor or discoverer of any material or substantial part of the thing patented, no costs shall be included in such judgment, unless the proper disclaimer has been filed in the United States Patent and Trademark Office prior to the commencement of the action.").

The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial or reduction, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). Defendants have not identified a compelling basis to reduce an award of taxable costs. Therefore, the Court finds Imperium should receive its taxable costs under Rule 54(d) without reduction.

B. Whether Imperium Can Recover Per-Diem Costs for Certain Trial Witnesses Who Traveled from Out-of-Town

Defendants have declined to address this category of disputed taxable costs in their briefing, indicating it is no longer in dispute between the parties. Accordingly, the Court awards Imperium these costs pursuant to Rule 54(d)(3), which allows fees and disbursement for witnesses.

C. Whether Imperium Can Recover the Costs to Convert and Bates-Stamp Documents for Production

Imperium contends it is entitled to costs associated with converting its files to TIFF format with extracted text (i.e., OCR'd) and labeling each page with a unique production number (i.e., a Bates number). According to Imperium, such costs are considered "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Because the Court's E-Discovery Order required that documents be in TIFF format and be Bates-stamped, Imperium argues that these costs are taxable (Dkt. #72 at p. 2). Defendants maintain that § 1920 forecloses the recovery of such costs.

Despite the Court's E-Discovery Order requiring produced documents to be in TIFF format and Bates-stamped, that fact alone would not entitle Imperium to these costs. Instead, the Court must determine whether converting documents to TIFF format and Bates-stamping them constitute "making copies" under § 1920(4). The Court first considers file conversion to be a form of copying and thus may be included under § 1920(4). *See DSS Tech. Mgmt. Inc. v. Taiwan Semiconductor Mfg. Co.*, No. 2:14-CV-00199, 2016 WL 5942316, at *8 (E.D. Tex. Oct. 13, 2016) (indicating the "costs of making copies" under § 1920(4) "may include the cost of converting a document to a format (such as TIFF or PDF) required by an E-Discovery Order");

*Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 807 (E.D. Tex. 2012) ("Generally, file conversion is copying a file of one type to a file of another type."). Accordingly, costs related to converting documents to TIFF format, as required by an E-Discovery Order, are recoverable because the documents were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, Bates-stamping documents are not recoverable since "stamping documents with unique numbering cannot be considered 'making copies,' regardless of the E-Discovery Order requirements." *DSS Tech.*, 2016 WL 5942316, at *8. Imperium's reliance on *Macrosolve, Inc. v. Antenna Software Inc.* to support the recovery of Bates-stamped documents is misplaced. The Court does not read *Macrosolve* to allow costs associated with Bates-stamping documents. To the extent *Macrosolve* holds otherwise, the Court disagrees that Bates-stamping is allowable under § 1920(4). Therefore, converting documents to TIFF format is taxable and Bates-stamping documents are not.

## CONCLUSION

It is therefore **ORDERED** that Imperium IP Holdings (Cayman), Ltd.'s Motion for Taxation of Costs (Dkt. #369) is **GRANTED IN PART** and **DENIED IN PART**. Imperium may recover its unopposed taxable costs, but Imperium cannot recover any costs related to Bates-stamping documents. Imperium is therefore **ORDERED** to remove the unrecoverable costs and resubmit to the clerk within seven days of this Order a Bill of Costs reflecting the costs awarded by this Order.

**SIGNED this 13th day of September, 2017.**

---
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE