# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IMPERIUM IP HOLDINGS (CAYMAN), LTD. | § § § | |
| | § | Civil Action No. 4:14-CV-00371 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, and SAMSUNG SEMICONDUCTOR, INC. | § § § § § § § § | |

## MEMORANUDM OPINION AND ORDER

Pending before the Court is Imperium IP Holdings (Cayman), Ltd.'s ("Imperium") Motion for § 285 Attorneys' Fees (Dkt. #363). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

On June 9, 2014, Imperium filed the instant action against Defendants, alleging infringement of United States Patent Nos. 6,271,884 (the "'884 Patent), 7,092,029 (the "'029 Patent"), and 6,836,290 (the "'290 Patent"). On February 8, 2016, the jury returned a verdict finding the following: (1) Defendants infringed Claims 1, 5, 14, and 17 of the '884 Patent; (2) Defendants infringed Claims 1, 6, and 7 of the '029 Patent; (3) Defendants willfully infringed the patents-in-suit; and (4) Claim 10 of the '290 Patent was invalid for obviousness (Dkt. #253).

The jury awarded $4,840,772 in damages for infringement of the '884 Patent and $2,129,608.50 in damages for infringement of the '029 Patent (Dkt. #253). The jury's award represents an implied royalty rate of four cents per product for the '884 Patent and two cents per

product for the '029 Patent. On August 24, 2016, the Court awarded enhanced damages for willful infringement and entered final judgment (Dkt. #329; Dkt. #330).

On September 13, 2017, the Court granted in part and denied in part Imperium's Motion for § 285 Attorneys' Fees and Non-Taxable Costs (Dkt. #401). The Court awarded Imperium $581,681.44 in non-taxable costs or expenses. However, Imperium did not provide the Court with enough information to determine the reasonableness of Imperium's fair estimate of attorneys' fees. Particularly, Imperium did not provide the Court with the number of hours Imperium's attorneys spent on this case, necessary to calculate the lodestar. Therefore, the Court ordered Imperium to submit documentation indicating the hours and billing rates for all legal assistants, associates, and partners who worked on this case.

In response to the Court's Order, on September 20, 2017, Imperium filed the Declaration of Alan M. Fisch and submitted to the Court hard copies of the detailed billing records for *in camera* review (Dkt. #406). On October 10, 2017, the parties filed a Joint Motion to Withdraw and Resubmit Fees Submission and For Extension of Time to Respond (Dkt. #409), which the Court granted the following day (Dkt. #410).

On October 20, 2017, Imperium filed a Notice of Submission of its Redacted Billing Records in Support of its Motion for Attorneys' Fees (Dkt. #414). On October 27, 2017, Defendants filed their response (Dkt. #416). On November 3, 2017, Imperium filed its reply (Dkt. #417).

## LEGAL STANDARD

The district court has discretion in determining a reasonable amount for attorneys' fees and litigation expenses, "and, because of its superior understanding of the litigation, frequent appellate review is to be avoided." *Lubrizol Corp. v. Exxon Corp.,* 957 F.2d 1302, 1308 n.14 (5th Cir.1992)

(citing *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). "[T]he awarding of attorney fees pursuant to 35 U.S.C. § 285 is unique to patent law and therefore subject to Federal Circuit law." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001). The Federal Circuit has approved of use of the lodestar method in calculating an award of § 285 attorneys' fees. *Mathis v. Spears*, 857 F.2d 749, 755 (Fed. Cir. 1988) (citing *Hensley,* 461 U.S. at 437). Therefore, the Court will apply the two-step lodestar method.

The Court first calculates the "lodestar" by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* The hours remaining are those reasonably expended. *Id.* There is a strong presumption of the reasonableness of the lodestar

amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

After calculating the lodestar, the Court then considers whether the circumstances of the particular case warrant an upward or downward lodestar adjustment. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In making any lodestar adjustment, the Court looks to twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson,* 488 F.2d at 717–19).

After considering the twelve *Johnson* factors, the court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "'[T]he most critical factor' in determining the reasonableness of an attorney's fee award 'is the degree of success obtained.'" *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Virginia McC*, 909 F. Supp. at 1032 (quoting *Hensley,* 461 U.S. at 436).

"Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The United States Supreme Court has barred any use of the sixth factor as a basis for enhancement of attorneys' fees. *See Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors – complexity of the issues, results obtained, and preclusion of other employment – are fully reflected and subsumed in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *La. Power & Light Co.*, 50 F.3d at 329.

## ANALYSIS

### A. Lodestar

#### 1. Hours Expended

Imperium seeks $7,110,290.77[1] in attorneys' fees for 13,178.6 hours expended. The hours expended are divided as follows:

| Total Hours | Billed | Cut | Total |
|---|---|---|---|
| Alan Fisch | 591.4 | 40.1 | 551.3 |

---

[1] Imperium originally requested $7,123,115.77 (Dkt. #406). However, in its reply (Dkt. #417), Imperium asserts that it corrected an entry that resulted in a reduction in the fees by $12,825.00.

| | | | |
|---|---|---|---|
| R. William Sigler | 936.9 | 69.9 | 867.0 |
| John T. Battaglia | 515.1 | 94.1 | 421.0 |
| Jeffrey Saltman | 1,582.4 | 39.3 | 1,543.1 |
| Silvia Jordan | 2,218.3 | 46.5 | 2,171.8 |
| Desmond Jui | 3,166.4 | 652.6 | 2,513.8 |
| Sruli Yellin | 817.9 | 75.2 | 742.7 |
| Richard Zhang | 651.6 | 61.6 | 590.0 |
| David Saunders | 2,264.4 | 167.7 | 2,069.7 (2,096.7 – 27.0)[2] |
| Peter Scoolidge | 257.7 | 1.5 | 256.2 |
| Jennifer Robinson | 102.7 | 102.7 | 0.0 |
| Patrick Lee | 643.7 | 10.7 | 633.0 |
| Michelle Chatelain | 157.0 | 0.0 | 157.0 |
| Matthew Hesser | 547.7 | 78.0 | 469.7 |
| Maggie Dombrowsky | 263.0 | 97.4 | 165.6 |
| Alex DeGiulio | 26.9 | 0.2 | 26.7 |
| | 14,743.1 | 1,537.5 | 13,178.6 (13,205.6 – 27.0) |

Defendants request that the Court limit the fees to no more than $3,799,784.81. Defendants assert that the evidence does not support the amount of hours Imperium presented because: (1) Imperium failed to exclude unsuccessful claims and unrelated defendants; (2) Imperium did not provide evidence of billing judgment, including failing to exclude clerical work, and (4) Imperium statements include block billing. The Court will address each argument in turn.

### i.     Apportionment

Imperium has "the burden of proving the reasonableness of the number of hours expended on [its] prevailing claim." *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990) (citing *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987)). "[W]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded." *Hensley*, 461 U.S. at 440. The Court will address each of Defendants' apportionment arguments separately.

---

[2] The corrected entry was for David Saunders who listed 30.0 instead of 3.0 hours, which resulted in a reduction in the fees by $12,825.00 ($475 x 27.0 hours).

Defendants argue that a 33% fee reduction is warranted because Imperium only succeeded on the '029 and '884 Patents, which was a small fraction of their claims. (Dkt. #416 at pp. 2–3). Defendants assert that "[n]ot only did Imperium not write off any time for work related to the '290 patent, it included entries directed *solely* to the '290 patent." (Dkt. #416 at p. 2). Thus, because the '290 Patent was one of the three, "a fee reduction of 33% is warranted on the basis of the failure to bill in such a way that time attributable to '290 patent could be removed from its fee request." (Dkt. #416 at p. 2).

Defendants also assert that "[a]bout a year after serving its initial infringement contentions, Imperium dropped five of the seventeen patent claims initially asserted against [Defendants], and then dropped three more on the eve of trial." (Dkt. #416 at p. 3). Further, Imperium settled with separate defendants, Samsung Techwin Co. and Sansung-Opto. Defendants claim, however, that "Imperium only removed entries where Samsung Techwin and Samsung-Opto Electronics were *expressly* identified, and did *not* remove any of the thousand-plus pre-suit investigation hours not attributable to any specific entity." (Dkt. #416 at p. 3). Thus, Defendants claim Imperium failed to adequately document how it divided this time between Defendants.

Imperium claims that it "raised wholly related claims, all stemming from [Defendants'] copying of ESS's technology and infringement of its intellectual property, and won substantial relief." (Dkt. #417 at p. 2). Imperium asserts that its requested amount follows the Supreme Court's *Hensley* decision, which set forth the general rule that a plaintiff "who has won substantial relief" should recover reasonable attorney's fees for "related" but unsuccessful claims that "involve a common core of facts or [are] based on related legal theories." *Hensley*, 461 U.S. at 435.

Work done by attorneys on unsuccessful claims cannot be considered to have been expended for the result achieved. *Hensley*, 461 U.S. at 435. As the Supreme Court explained:

"The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* In determining which hours to include and exclude from the lodestar, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37. A party "cannot have prevailed on issues they did not pursue." *Walker*, 99 F. 3d at 769.

In the present case, Imperium's counsels' work on "unsuccessful claims was intimately related to the work done on successful claims." *Microtune (Texas), L.P. v. Broadcom Corp.*, No. 4:01CV23, 2004 WL 716697, at *6 (E.D. Tex. Mar. 18, 2004), *vacated,* No. 4:01CV23, 2004 WL 2358101 (E.D. Tex. Aug. 30, 2004). Most of Imperium's counsels' time was "devoted to the litigation as a whole, making it impossible to divide the work done on each individual claim." *Id.* (citing *Chem. Manuf. Assoc. v. E.P.A.,* 885 F.2d 1276, 1282 (5th Cir.1989) (finding a lawsuit based on a common core of facts or related legal theories cannot be viewed as a series of discrete claims for the purposes of determining reasonable attorneys' fees)). The number of witnesses called at trial did not increase as a result of the unsuccessful claims. Further, all of Imperium's claims were so closely related that allocating the amount of time spent litigating each individual claim would have been impossible. A claim-by-claim reduction is inappropriate.

Furthermore, the Court already found that Imperium is the "prevailing party" in this case and also that "there was ample evidence at trial of Defendants' willful infringement that warranted the Court's enhancement of damages." (Dkt. #401). The Court entered its Final Judgment in this case on August 24, 2016, that Imperium shall recover from Defendants the enhancement of damages by three times the jury verdict of $6,970,380.50, which would result in a total amount of

$20,911,141.50.  The Court is of the opinion that no reduction in Imperium's attorneys' fee award based on apportionment is warranted because hours are inextricably intertwined.

### ii.    Billing Judgment

Defendants claim that Imperium failed to exercise billing judgment, and therefore, there should be a reduction of the award by twenty percent, intended to substitute for the exercise of billing judgment.  The party seeking fees has "the burden of showing . . . that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F. 3d 492, 502 (5th Cir. 2013) (citing *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F. 3d 795, 799 (5th Cir. 2006)).  Billing judgment is defined as "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F. 3d at 799.

Defendants maintain that certain Imperium senior attorneys did work that should have been done by support staff or junior attorneys billing at a lower rate.  Defendants point to one example, that "Imperium's senior trial lawyers—Alan Fisch, Bill Sigler, and John Battaglia—billed out at rates ranging from $750 to $1050/hour, for 'conduct[ing] research' in conjunction with motion briefing," claiming that is a "task clearly inappropriate for their level of seniority." (Dkt. #416 at p. 4).  Additionally, Defendants claim Imperium failed to write off any time involved in the ramping up of new associates in 2015 after the case was well underway.

 "The Court recognizes that good attorneys litigate in their own manner and does not require an attorney to practice in a certain way." *McClain v. Lufkin Indus., Inc.*, No. CIV. A. 9:97-CV-063, 2009 WL 921436, at *5 (E.D. Tex. Apr. 2, 2009), *aff'd in part, vacated in part, remanded*, 649 F.3d 374 (5th Cir. 2011).  While Imperium's counsel "engaged in tasks often associated with attorneys more junior than [themselves], it is possible that they completed those tasks more quickly, and with less need for subsequent review and revision by another attorney." *Id.* (citing

*League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Independent School Dist.*, 119 F.3d 1228, 1233, n.3 (5th Cir. 1997)). Therefore, the Court will not reduce the calculation of the reasonable number of hours because Imperium's counsel did not utilize a junior attorney for research or spent time "ramping up" new associates.

Defendants argue that "Imperium excluded from its fee demand 'certain' clerical work; yet it failed to exclude **all** clerical work such as the printing and filing of documents, as is required." (Dkt. #416 at p. 5). "Clerical work . . . should be compensated at a different rate from legal work." *Walker*, 99 F.3d at 770. *See Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985) ("A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate . . . ."); *Johnson*, 488 F.2d at 717 ("It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers . . . ."). The Court agrees that the filing of legal documents, the calendaring of events, and communications regarding scheduling issues, are all clerical in nature. *See Lewallen v. City of Beaumont*, No. CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *6 (E.D. Tex. July 20, 2009), *aff'd*, 394 Fed. Appx. 38 (5th Cir. 2010) (citation omitted) (finding that basic communications and case organization are "largely clerical or housekeeping matters and not legal work").

Exhibit F attached to Defendants' response lists seventy-five billing entries Defendants allege to be all clerical and should be excluded. The alleged clerical work consists almost entirely of work performed by current and former Fisch Sigler legal assistants, Matthew Hesser and Maggie Dombrowsky, who all billed at a lower standard hourly rate of $200 (Dkt. #416, Exhibit F). However, "[p]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them. Instead, paralegal fees can be recovered only to the extent that the paralegal

performs work traditionally done by an attorney." *Lewallen*, 2009 WL 2175637, at *6 (internal quotations and citations omitted). Some examples of such work are from entries on October 8, 2015, when legal assistant Matthew Hesser billed 0.50 hours to "File[d] Docket No. 141 Sealed Reply in Support of Motion for Summary Judgment of No Equitable Estoppel" and billed 1.75 hours to "Correspond[] with Clerk of Court in ED Texas, Sherman Division to unlock Jury Trial transcripts for Imperium v. Samsung trial prep and downloading unlocked trial transcripts" (Dkt. #416 Exhibit F, Entry Nos. 3623, 3625). On October 9, 2015, he also billed 1.50 hours to "Compile and Print deposition binder for Neirkirk deposition" (Dkt. #416, Exhibit F, Entry No. 3628).

The Court finds that such work included on Exhibit F is "largely clerical or housekeeping matters and not legal work." *Speaks v. Kruse,* No. 04–1952, 2006 WL 3388480, at *19–20 (E.D. La. Nov. 20, 2006). Fees will not be awarded for such work. Only four billing entries listed on Exhibit F are from attorneys, and the Court finds the designations of specific billed tasks were legal tasks rather than clerical. (Dkt. #416, Exhibit F, Entry Nos. 1504, 1579, 2462, 3378). Therefore, the Court will subtract the amount billed for clerical work from each legal assistant listed in Exhibit F when calculating the reasonable attorneys' fees. The fees should be reduced by $29,595.00 ($33,965.00 - $1,852.50 - $2,090.00 - $237.50 - $190.00).

Finally, Defendants argue that "many entries are so vague it is nearly impossible to determine whether the billed time was unproductive, excessive, or redundant." (Dkt. #416 at p 4). The Court disagrees in part. Upon a review of Alan Fisch's affidavit, he details certain time that was written off as unproductive, excessive, or redundant. The time he excluded includes travel time, as well as certain administrative time devoted solely to the firm's management of case files, documents, and the like. Imperium also excludes "local counsel fees incurred in the action that [Defendants] filed against Imperium in mid-November 2015 in the United States District Court

11

for the District of Delaware and attorneys' fees for co-counsel in [Defendants'] *inter partes*

reviews of the patents-in-suit at the United States Patent & Trademark Office." (Dkt. #406 at ¶ 5).

Imperium also

> cut and excluded time recorded by my firm's attorneys and legal assistants devoted
> to (a) preparing for and defending the related Delaware action, (b) related work on
> Samsung's *inter partes* reviews and the associated appeals of certain of the Patent
> Office's decisions in those proceedings, (c) related work on the *ex parte* re-
> examination of the '884 patent, and (d) litigating Imperium's related claims against
> Samsung Techwin.

(Dkt. #406 at ¶ 5). In total, Imperium removed 1,537.5 hours of time and $788,170.83 for these

categories. The bills submitted by Imperium identify the reductions and adjustments made to each

bill, and are sufficient to show the adjustments were based on work that was unproductive,

excessive, or redundant. As such, the adjustments, on their own, show that Imperium exercised

billing judgment. Accordingly, the Court declines to further reduce the number of hours billed by

Imperium based on billing judgment.

### iii.    Block Billing

Defendants also challenge the billing statements because the statements include block

billing, which Defendants assert is insufficient to support Imperium's claim for attorneys' fees.

Imperium responds that block billing does not automatically result in a reduction "where, as here,

[the entries] are adequate to determine the reasonableness of the time billed." (Dkt. #417 at p. 5).

Block billing is the practice of including "the total daily time spent working on a case,

rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat'l*

*Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quoting

*Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)). The underlying concern with

block billing is that the information provided will be so general that it will not be sufficient

documentation to determine if the number of hours billed by counsel is reasonable. *See Permian*

*Power Tong, Inc. v. Diamondback E&P, LLC*, No. 12-16-92-CV, 2017 WL 2588158, at *14 (Tex. App.—Tyler May 31, 2017) *judgment set aside on other grounds, opinion not vacated sub nom.*, 2017 WL 2824311 (Tex. App.—Tyler June 30, 2017); *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 864 (S.D. Tex. 2011). "If the applicant's documentation of the hours claimed is vague or incomplete, the district court may reduce or eliminate those hours." *League of United Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) (quotations and citations omitted).

Upon review of the bills submitted to the Court, the Court finds that Imperium did not engage in block billing. Imperium itemized tasks and itemized time on a per-task basis. Here, the entries did not "lump together tasks in such a way that it is impossible to tell whether, for any particular task, the number of hours spent and claimed were reasonable." *Fralick*, 2011 WL 487754, at *5.

## B. Hourly Rate

Imperium asserts that the reasonable hourly rates for its counsel are as follows:

| **Hourly Rates** | **2013** | **2014** | **2015** | **2016** | **2017** |
|---|---|---|---|---|---|
| Alan Fisch | $900 | $950 | $1,000 | $1,050 | $1,100 |
| R. William Sigler | $680 | $713 | $750 | $790 | $830 |
| John T. Battaglia | $680 | $713 | $750 | $790 | $830 |
| Jeffrey Saltman | - | - | $590 | $620 | $650 |
| Silvia Jordan | $530 | $561 | $590 | $620 | $650 |
| Desmond Jui | $430 | $450 | $475 | $500 | $525 |
| Sruli Yellin | - | - | $475 | $500 | $525 |
| Richard Zhang | - | - | $330 | $350 | $370 |
| David Saunders | $430 | $450 | $475 | $500 | $525 |
| Peter Scoolidge | - | - | $475 | - | - |
| Jennifer Robinson | - | $450 | $475 | - | - |
| Patrick Lee | $430 | $450 | - | - | - |
| Michelle Chatelain | - | $315 | $330 | - | - |
| Matthew Hesser | - | - | $200 | $210 | $220 |
| Maggie Dombrowsky | - | $190 | $200 | - | - |
| Alex DeGiulio | - | $190 | $200 | - | - |

(Dkt. #406). Defendants do not contest the reasonableness of these rates. "Because the rates are not contested, they are considered *prima facie* reasonable." *Black Heritage Soc. v. City of Houston*, No. CIVA H-07-0052, 2008 WL 2769790, at *7 (S.D. Tex. July 11, 2008) (citing *Islamic Center of Miss., Inc. v. City of Starkville, Miss.,* 876 F.2d 465, 469 (5th Cir.1989)).

## C. The *Johnson* Factors

Many of the lodestar factors are usually "subsumed within the initial calculation of reasonably expended hours at a reasonable hourly rate." *Hensley v.. Eckerhart,* 461 U.S. 424, 435 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

"After determining the lodestar amount, the district court may adjust the lodestar up or down in accordance with the relevant Johnson factors not already included in the lodestar." *Shipes*, 987 F.2d at 320. The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount." *Id.* If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id.*

Here, the Court has already accounted for the apportionment of the successful claims, block billing and billing judgment as part of the lodestar amount and the parties do not argue that any of the other *Johnson* factors require the lonestar award should be adjusted in either direction. Still,

14

the Court has considered them on its own and all of the *Johnson* factors are presumably reflected in the lodestar amount. There are no exceptional circumstances permitting the Court to adjust the amount. As such, the Court will not further reduce the award based on the *Johnson* factors.

## D. Calculation

Imperium seeks $7,110,290.77 in attorneys' fees for 13,178.6 hours. In accordance with this order, Imperium's attorneys' fee award calculates as follows:

| | |
|---|---:|
| Imperium's Initial Request: $7,110,290.77 | $7,110,290.77 |
| Clerical Reduction: ($29,595.00) | ($29,595.00) |
| **Total Attorneys' Fee Award:** | **$7,080,695.77** |

## CONCLUSION

It is therefore **ORDERED** that Imperium's Motion for Attorneys' Fees (Dkt. #363) is hereby **GRANTED**. Plaintiff is awarded $7,080,695.77 in attorneys' fees.

**SIGNED this 3rd day of April, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE